# EXHIBIT

# 2

**IN THE CIRUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

2016CH13203
CALENDAR/ROOM 08
TIME 00:00
Class Action

ANITA PARKER, on behalf of herself and all others similarly situated,

Plaintiff,

v.

J. CREW GROUP, INC., J. CREW L.L.C., and DOES 1 through 100, inclusive,

Defendants.

Case No. ________________

2016 OCT -6 PM 12:49
CIRCUIT COURT OF COOK COUNTY, ILLINOIS CHANCERY DIV. CLERK

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff, by her counsel of record, brings this action on her own behalf and on behalf of all others similarly situated, and alleges the following upon personal knowledge, or where there is not personal knowledge, upon information and belief:

## NATURE OF THE ACTION

1. Plaintiff on behalf of herself and all others similarly situated brings this action against J. Crew Group, Inc., J. Crew L.L.C., and DOES 1 through 100 (all named and DOE defendants collectively referred to as "Defendants") based on Defendants' violations of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. §§ 1681 *et seq.*

2. FACTA provides in relevant part that "**no person** that accepts credit cards or debit cards for the transaction of business **shall print more than the last 5 digits of the card number . . . upon any receipt provided to the cardholder** at the point of the sale or transaction" 15 U.S.C. § 1681c(g) (emphases added).

3. The law gave merchants who accept credit and or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Although Defendants had up to three years to comply, Defendants willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit and debit card fraud by printing more than the last 5 digits of the card number on receipts provided to credit card and debit card cardholders transacting business with Defendants. More specifically, Defendants printed the first 6 digits and the last 4 digits of the card number on the credit card and debit card receipts. This conduct is in direct violation of FACTA.

4. Nor is Defendants' willful violation of FACTA a trifling matter. In the statement provided during his signing of FACTA in 2003, the President underscored the importance of the legislation in combating rampant identity theft:

> This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

5. Courts have likewise emphasized the purpose of FACTA. For example, the Ninth Circuit recently emphasized that "[i]n fashioning FACTA, Congress aimed to 'restrict the amount of information available to identity thieves.'" *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 718 (9th Cir. 2010) (quoting 149 Cong. Rec. 26,891 (2003) (statement of Sen. Shelby)).

6. Similarly, the Seventh Circuit recently explained that "[i]dentity theft is a serious problem, and FACTA is a serious congressional effort to combat it." *Redman v. Radioshack Corp.*, 768 F.3d 622, 639 (7th Cir. 2014).

7. In sum, Defendants have violated FACTA, and have thereby placed the security of Plaintiff and similarly situated Class members at risk. As a result of Defendants' unlawful practice of violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud, Plaintiff seeks, on behalf of herself and the Class, statutory damages, punitive damages, costs and attorney fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 *et seq.*

## PARTIES

8. Plaintiff Anita Parker is and at all times relevant hereto was a resident of Cook County, Illinois.

9. Defendant J. Crew Group, Inc. (d/b/a J. Crew) is a corporation organized and existing under the laws of the State of Delaware.

10. Defendant J. Crew L.L.C. (d/b/a J. Crew) is a limited liability company organized and existing under the laws of the State of Illinois.

11. Defendants own, manage, maintain, and/or operate physical retail store locations throughout the United States and within Cook County, Illinois, offering various goods and services for sale to the public.

12. At all times mentioned in this Complaint, Defendants and each of them were the agents, employees, joint venturer, and or partners of each other and were acting within the course and scope of such agency, employment, joint venturer and or partnership relationship and or each of the Defendants ratified and or authorized the conduct of each of the other Defendants.

13. Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

Plaintiff is informed and believes that each of the DOE defendants was in some manner legally responsible for the wrongful and unlawful conduct and harm alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations.

## JURISDICTION AND VENUE

14. This Court has personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209(a) – (b) because defendant J. Crew L.L.C. is incorporated, headquartered in and has its principal place of business in this State, all Defendants have physical retail stores and conduct business in this State, and the conduct giving rise to Plaintiff's cause of action occurred in this State.

15. Venue is proper pursuant to 735 ILCS 5/2-101 because Defendants conduct business in Cook County, Plaintiff resides in Cook County, and Plaintiff's cause of action arose in Cook County.

## CLASS ACTION ALLEGATIONS

16. **Class Definition:** Plaintiff brings this class action on behalf of herself and all other persons similarly situated pursuant to 735 ILCS 5/2-801.

17. The Class which Plaintiff seeks to represent is defined as:

> All consumers to whom Defendants, after January 9, 2013, provided an electronically printed receipt at the point of a sale or transaction at any of Defendants' physical store locations, on which receipt Defendants printed more than the last 5 digits of the consumer's credit card or debit card (the "Class").[1]

[1] Plaintiff reserves the right to amend or otherwise modify the Class definition and/or add sub-classes.

18. Excluded from the Class are Defendants and their directors, officers and employees. Also excluded from the Class are any justice, judge, or magistrate judge assigned to this action or who presides over any proceeding concerning this action, and any such justice's, judge's, or magistrate judge's spouse, or a person within the third degree of relationship to any of them, or the spouse of such a person.

19. **Numerosity:** The Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of their claims through this class action will benefit both the parties and this Court.

20. Plaintiff is informed and believes and thereon alleges that there are, at a minimum, thousands (*i.e.*, two thousand or more) of members that comprise the Class.

21. The exact size of the Class and identities of individual members thereof are ascertainable through Defendants' records, including but not limited to Defendants' sales and transaction records.

22. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in Class actions, such as by published notice, e-mail notice, website notice, first-Class mail, or combinations thereof, or by other methods suitable to this Class and deemed necessary and or appropriate by the Court.

23. **Typicality:** Plaintiff's claims are typical of the claims of the entire Class. The claims of Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

24. Plaintiff and members of the Class were each customers of Defendants, each having made a purchase or transacted other business with Defendants after January 9, 2013,

using a credit card or debit card. At the point of such sale or transaction with Plaintiff and members of the Class, Defendants provided to Plaintiff and each member of the Class a receipt in violation of 15 U.S.C. §1681c(g) (*i.e.*, a receipt on which is printed more than the last 5 digits of the credit card or debit card).

25. **Common Questions of Fact and Law:** There are a well-defined community of interest and common questions of fact and law affecting the members of the Class.

26. The questions of fact and law common to the Class predominate over questions which may affect individual members and include the following:

(a) Whether Defendants' conduct of providing Plaintiff and the Class with sales or transaction receipts whereon Defendant printed more than the last 5 digits of the card violated the FACTA, 15 U.S.C. §§ 1681 *et seq.*;

(b) Whether Defendant's conduct was willful; and

(c) Whether Plaintiff and the Class are entitled to statutory damages, punitive damages, costs, and or attorney fees for Defendant's acts and conduct.

27. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class which Plaintiff seeks to represent. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of Class action litigation.

28. **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be and if awarded to the Class are likely to be substantial, the actual damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual

litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them.

## CAUSES OF ACTION

## COUNT ONE

**For Violation of 15 U.S.C. §§ 1681 *et seq.***

**(On Behalf of Plaintiff and the Class as against all Defendants including DOES 1 through 100)**

29. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

30. Plaintiff asserts this claim on behalf of herself and the Class against Defendants and each of them.

31. Title 15 U.S.C. § 1681c(g)(1) provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."

32. By its express terms, 15 U.S.C. § 1681c(g)(1) applies to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions" after December 3, 2006. 15 U.S.C. § 1681c(g)(3).

33. Defendants transact business in the United States and accept credit cards and debit cards in the course of transacting business with persons such as Plaintiff and members of the Class. In transacting such business, Defendants use cash registers and or other machines or devices that electronically print receipts for credit card and debit card transactions.

34. After January 9, 2013, Defendants, at the point of a sale or transaction with Plaintiff Anita Parker, provided Plaintiff Anita Parker with one or more electronically printed receipts on each of which Defendants printed more than the last 5 digits of her credit card number. More specifically, Defendants printed the first 6 digits and the last 4 digits of Plaintiff Anita Parker's credit card number on her customer receipt(s), including on her customer receipt which she received on or about October 17, 2014.

35. After January 9, 2013, Defendants, at the point of a sale or transaction with members of the Class, provided each member of the Class with one or more electronically printed receipts on each of which Defendants printed, for each respective Class member, more than the last 5 digits of their credit card or debit card number.

36. As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit and or debit cards up to December 4, 2006 to comply with its requirements.

37. Defendants knew of and were well informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates.

38. For example, but without limitation, several years ago, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash register and other devices for the processing of credit or debit card payments, companies that sell software to operate payment card devices, companies that maintain and repair hardware or software used to process payment card transactions, and other entities informed Defendants about FACTA, including its specific requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates, and Defendants' need to comply with same.

39. Other entities, including but not limited to Defendants' merchant bank (also known as the acquiring bank or acquirer) which processes credit and debit card payments for transactions occurring at Defendants' stores, likewise informed Defendants about FACTA, including its specific requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates, and Defendants' need to comply with same.

40. In addition, many companies such as VISA and MasterCard devised and implemented policies well before the operative date of FACTA's requirements, wherein such policies VISA, MasterCard and others required Defendants (and informed Defendants of the requirements) to truncate credit and debit card numbers and prevent the printing of expiration dates on receipts. In addition, these companies also publically announced some of these requirements. For example, on March 6, 2003, VISA USA's CEO, Carl Pascarella, held a press conference on Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy, and publically announced Visa USA's new truncation policy to protect consumers from identity theft. At the March 2003 press conference, Mr. Pascarella explained, as follows:

> Today, I am proud to announce an additional measure to combat identity theft and protect consumers. **Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether.** This is an added security measure for consumers that doesn't require any action by the cardholder. We are proud to be the first payments brand to announce such a move to protect cardholders' identities by restricting access to their account information on receipts.
>
> **The first phase of this new policy goes into effect July 1, 2003 for all new terminals.** I would like to add, however, that even before this policy goes into effect, **many merchants have already voluntarily begun truncating receipts, thanks to groundwork that we began together several years ago**.
>
> Receipt truncation is good news for consumers, and bad news for identity thieves. Identity thieves thrive on discarded receipts and documents containing consumers' information such as payment account numbers, addresses, Social

> Security numbers, and more. Visa's new policy will protect consumers by limiting the information these thieves can access.

(emphasis added).

41. Moreover, the Government, through the Federal Trade Commission ("FTC"), provided notice of FACTA's requirements to businesses on no less than three separate occasions in 2007, reminding them of the requirement to truncate credit and debit card information on receipts. Defendants were informed of and knew about these notices from the FTC. In one such notice, entitled "FTC Business Alert" "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts," and dated May 2007, the FTC reminded businesses, among other things, of the following:

> What's on the credit and debit card receipts you give your customers? The Federal Trade Commission (FTC), the nation's consumer protection agency, says it's time for companies to check their receipts and make sure they're complying with a law that's been in effect for all businesses since December 1, 2006.
>
> According to the federal Fair and Accurate Credit Transaction Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten — or truncate — the account information. **You may include no more than the last five digits of the card number,** and you must delete the card's expiration date. For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:
>
> ACCT:***********12345
> EXP:****
>
> Why is it important for businesses to make sure they're complying with this law? Credit card numbers on sales receipts are a "golden ticket" for fraudsters and identity thieves. Savvy businesses appreciate the importance of protecting their customers — and themselves — from credit card crime.

(emphasis added).

42. Defendants also knew that their electronic receipt printing equipment (inclusive of software and other codes) were configured and/or otherwise outdated such that they would print

and were printing credit and debit card receipts that displayed more than the last 5 digits of the card's number printed on each customer's receipt in violation of FACTA. Despite this knowledge, Defendants decided to forego and otherwise avoid the expense, time, and other resources required to properly and timely configure and timely update their electronic receipt printing equipment (inclusive of software and other codes) such that they would not print information (such as more than the last 5 digits of the card) prohibited by FACTA. Thus, Defendants' violations of FACTA were not accidental oversights, but were a means of avoiding the additional expense, time, and other resources required to properly and timely configure and otherwise timely update their electronic receipt printing equipment.

43. As set forth above, Defendants put their own interests ahead of and instead of their customers' rights under FACTA.

44. Thus, despite knowing and being repeatedly informed about FACTA and the importance of truncating credit and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had over three years to comply with FACTA's requirements, Defendants knowingly willfully, intentionally, and recklessly violated FACTA's requirements by, *inter alia*, printing more than the last 5 digits of the card number upon the receipts provided to the credit card and debit card cardholders with whom they transact business.

45. Defendants' business peers and competitors brought their credit and debit card receipt printing processes in compliance with FACTA's requirements by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and or the expiration date upon the receipts provided to the cardholders. Defendants could have readily done the same.

46. Instead, Defendants knowingly, willfully, intentionally, and recklessly disregarded FACTA's requirements and used cash registers and or other machines or devices that printed receipts in violation of FACTA.

47. Defendants knowingly, willfully, intentionally, and recklessly violated FACTA in conscious disregard of the rights of Plaintiff and the Class.

48. Defendants have also harmed Plaintiff and the Class by exposing them to at least an increased risk of identity theft and credit and or debit card fraud.

49. As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff and each member of the Class in the statutory damage amount of "not less than $100 and not more than $1,000" for each violation. 15 U.S.C. § 1681n.

**PRAYER FOR RELIEF**

50. WHEREFORE, Plaintiff prays for judgment and relief against Defendants as follows:

A. An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing counsel of record for Plaintiff as counsel for the Class;

B. An award to Plaintiff and the Class of statutory damages pursuant to 15 U.S.C. § 1681n for Defendants' willful violations (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

C. An award to Plaintiff and the Class of punitive damages pursuant to 15 U.S.C. § 1681n (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

D. Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n;

E. Payment of reasonable attorney's fees pursuant to, *inter alia*, 15 U.S.C. § 1681n; and

F. For such other and further relief as the Court may deem proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 6, 2016

Respectfully submitted,

Anita Parker, individually and on behalf of all others similarly situated,

By:____________________
One of Plaintiff's Attorneys

Robert A. Clifford
rac@cliffordlaw.com
Shannon M. McNulty
smm@cliffordlaw.com
CLIFFORD LAW OFFICES PC
120 North LaSalle Street, 31st Floor
Chicago, IL 60602
Telephone: 312.899.9090
Attorney No. 32640

Chant Yedalian (to apply *pro hac vice*)
chant@chant.mobi
CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Ave.
Glendale, CA 91202
Telephone: 877.574.7100

Brian Herrington (to apply *pro hac vice*)
brian@herringtonlawpa.com
HERRINGTON LAW, PA
1520 N. State St.
Jackson, MS 39202
Telephone: 601.208.0013

2120 - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication

SUMMONS SUMMONS (7-90) CCG-I

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| ANITA PARKER, on behalf of herself and all others similarly situated, | ) | 2016CH13203<br>CALENDAR/ROOM 08<br>TIME 00:00<br>Class Action |
| Plaintiffs, | ) | No. |
| v. | ) | **PLEASE SERVE:** |
| J. CREW GROUP, INC., J. CREW, LLC., and DOES 1-100, Inclusive, | ) | SEE ATTACHED SERVICE LIST |
| Defendants. | ) | |

## SUMMONS

**To each defendant:**

**YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room * 802 , Chicago, Illinois 60602, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

**To the officer:**

**This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.**

**WITNESS** DOROTHY BROWN OCT 06 2016 ,2016

**DOROTHY BROWN, Clerk of Court**

**Date of service:** ____________________,2016

| | |
|---|---|
| Name | CLIFFORD LAW OFFICES, P.C. |
| Attorney | for Plaintiffs |
| Address | 120 North LaSalle Street, Suite 3100 |
| City | Chicago, Illinois 60602 |
| Telephone | 312/899-9090 |
| Atty. No. | 32640 |

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Law Division Room 801
County Division Room 801

*Chancery-Divorce Division Room 802
Probate Division Room 1202

**SERVICE LIST**

J. Crew, LLC
R/A Joseph Maitland
3919 Foxglove Drive
Zion, Illinois 60009

J. Crew Group, Inc.
770 Broadway
New York, NY 10003