**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ANITA PARKER, individually and on behalf
of all others similarly situated,

                            Plaintiffs,

      v.

J. CREW GROUP, INC., J. CREW, LLC., and
DOES 1 through 100, inclusive,

                          Defendants.

No.: 16-cv-10775

Honorable Samuel Der-Yeghiayan

---

**<u>MOTION TO REMAND CASE TO STATE COURT</u>**

       Plaintiff, ANITA PARKER, will and hereby does move the Court, pursuant to 28 U.S.C. § 1447(c), for an order remanding this case to state court (Circuit Court of Cook County, Illinois, Chancery Division).

       This Motion rests on the following grounds:

     •      This case was originally filed in Illinois state court on October 6, 2016.

     •      The state court Complaint alleges that J. Crew Group, Inc. ("J. Crew") and other Defendants violated the Fair and Accurate Credit Transactions Act ("FACTA") because the first 6 and last 4 digits of credit and debit card numbers were not properly truncated and were instead displayed on customer receipts.  Complaint ¶¶ 2-3, 34-35.

     •      On November 21, 2016, J. Crew removed this case to this Court conclusory claiming federal question as the purported basis for the Court's subject matter jurisdiction.

     •      Removal statutes are strictly construed and there is a "strong presumption" that a cause is outside of a federal court's subject-matter jurisdiction.

     •      As the party that removed this case to federal court, J. Crew bears the burden of overcoming that "strong presumption" and proving that this Court has federal subject-matter

jurisdiction.

• However, rather than trying to prove jurisdiction, J. Crew has done the opposite: In *Kamal v. J. Crew Group, Inc.*, No. 2:15-cv-00190-WJM-MF (D. N.J.), which is another FACTA case alleging the identical type of FACTA violations in this case, J. Crew filed a motion to dismiss asserting that the federal court did not have federal subject matter jurisdiction because a plaintiff that asserts FACTA claims and seeks statutory damages only, i.e., does not allege actual damages, does not satisfy federal Article III standing requirements.[1] J. Crew successfully obtained dismissal of the *Kamal* FACTA lawsuit when the federal court adopted J. Crew's arguments and granted J. Crew's motion to dismiss finding that the plaintiff did not establish Article III standing.[2]

• J. Crew is thus talking out of both sides of its mouth.  In *Kamal*, J. Crew argued for and obtained a dismissal based on the argument that a FACTA plaintiff who only claims statutory damages does not satisfy Article III and therefore federal subject matter jurisdiction does not exist.   In stark contrast to *Kamal*, when Plaintiff's case was filed in state court (which does not have Article III standing requirements), J. Crew removed the case to this Court claiming that there is federal subject matter jurisdiction.  Which is it?  J. Crew cannot have it both ways and should be estopped from asserting that federal subject matter jurisdiction exists where it previously and successfully argued that it does not exist.

• Even if J. Crew were not estopped from trying to assert federal subject matter jurisdiction, because J. Crew is the removing party asserting this Court's jurisdiction, J. Crew has the burden of overcoming the "strong presumption" that a cause is outside of a federal court's subject-matter jurisdiction and proving that this Court has federal subject-matter jurisdiction.  J. Crew has not overcome the "strong presumption" against jurisdiction.  Indeed, J. Crew's notice of removal quotes 15 U.S.C. § 1331, and, in conclusory fashion, states, "[T]his Court has

---

[1] Exhibits 2 and 3: J. Crew's motion and reply brief, respectively, in the *Kamal* case against J. Crew.

[2] Exhibit 1: The court's opinion granting J. Crew's 12(b)(1) motion to dismiss based on the lack of federal subject matter jurisdiction in the *Kamal* case against J. Crew.

original jurisdiction." (Dkt. No. 1, at ¶7.)

•       Thus, because J. Crew has not established jurisdiction, this case must be remanded to state court where it originated.

This Motion is based upon this Notice of Motion and Motion, the Request For Judicial Notice (including Exhibits 1-3 attached thereto), the papers and pleadings on file in this action, and upon such other and further evidence as the Court may adduce at the time of the hearing.

Dated:  December 5, 2016                           Respectfully Submitted,


                                                  Chant Yedalian (*Pro hac vice*)
                                                  chant@chant.mobi
                                                  CHANT & COMPANY
                                                  A Professional Law Corporation
                                                  1010 N. Central Ave.
                                                  Glendale, CA 91202
                                                  Telephone: 877.574.7100

                                                  Robert A. Clifford
                                                  rac@cliffordlaw.com
                                                  Shannon M. McNulty
                                                  smm@cliffordlaw.com
                                                  CLIFFORD LAW OFFICES PC
                                                  120 North LaSalle Street, 31st Floor
                                                  Chicago, IL 60602
                                                  Telephone: 312.899.9090


                                                  Brian Herrington
                                                  (*Pro hac vice* motion pending)
                                                  brian@herringtonlawpa.com
                                                  HERRINGTON LAW, PA
                                                  1520 N. State St.
                                                  Jackson, MS 39202
                                                  Telephone: 601.208.0013

                                                  *Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Shannon M. McNulty, an attorney, hereby certify that on December 5, 2016, I served the above and foregoing, by causing a true and accurate copy of such papers to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Shannon M. McNulty

Robert A. Clifford

RAC@cliffordlaw.com

Shannon M. McNulty

SMM@cliffordlaw.com

CLIFFORD LAW OFFICES

120 N. LaSalle Street, Suite 3100

Chicago, IL 60602

312.899.9090