**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANITA PARKER, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | No.: 16-cv-10775 |
| J. CREW GROUP, INC., J. CREW, LLC., and DOES 1 through 100, inclusive, | Honorable Samuel Der-Yeghiayan |
| Defendants. | |

**MOTION TO REMAND CASE TO STATE COURT
MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

As is stated in this Court's Joint Jurisdictional Status Report- Removal Order:

> The "first duty in every case" in federal district court for a judge is to "independently" determine whether or not the court has subject matter jurisdiction. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692-94 (7th Cir. 2003)(criticizing judge for accepting jurisdictional allegations at "face value" and remanding case for dismissal for lack of jurisdiction after a jury trial was held by court).[1]

Moreover, removal statutes are strictly construed and there is a "strong presumption" that a cause is outside of a federal court's subject-matter jurisdiction. As the party that removed this case to federal court, defendant J. Crew Group, Inc. ("J. Crew") bears the burden of overcoming that "strong presumption" and proving that this Court has federal subject-matter jurisdiction.

However, rather than trying to prove jurisdiction, J. Crew has already done the opposite: In *Kamal v. J. Crew Group, Inc.*, No. 2:15-cv-00190-WJM-MF (D. N.J.), a FACTA case alleging the identical type of FACTA violations in this case, J. Crew filed a motion to dismiss

---

[1] The Court's Order is available at http://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/Der-Yeghiayan/pdf/JJSROrigFedCrt.pdf (last accessed Nov. 30, 2016)

wherein J. Crew asserted that the federal court did not have federal subject matter jurisdiction over FACTA claims because a plaintiff that asserts FACTA claims and only seeks statutory damages does not satisfy federal Article III standing requirements.[2]  J. Crew successfully obtained dismissal of the *Kamal* FACTA lawsuit wherein the federal court adopted J. Crew's arguments and granted J. Crew's motion to dismiss on the grounds that Article III is not satisfied and the federal court lacks subject matter jurisdiction over the FACTA claims.[3]

J. Crew is thus talking out of both sides of its mouth.  Where the *Kamal* action was originally filed in federal court, J. Crew successfully moved for and obtained a dismissal based on the ground that the FACTA claim does not satisfy Article III and therefore the federal court does not have federal subject matter jurisdiction.  In stark contrast, when this case was filed in state court (which unlike federal court does not have Article III standing requirements) J. Crew removed the case to this Court claiming that there is federal subject matter jurisdiction.  Which is it?  J. Crew cannot have it both ways and should be estopped from asserting that federal subject matter jurisdiction exists where it previously and successfully argued that it does not exists.

Moreover, even if J. Crew were not estopped from trying to assert federal subject matter jurisdiction, because J. Crew is the party that removed this case to federal court and seeks this Court's jurisdiction, J. Crew has the burden of overcoming the "strong presumption" that a cause is outside of a federal court's subject-matter jurisdiction and proving that this Court has federal subject-matter jurisdiction.  J. Crew has not overcome the "strong presumption" against jurisdiction.  Indeed, J. Crew has done absolutely nothing at all to prove, or try prove, that this Court has subject matter jurisdiction.

Thus, because J. Crew has not established jurisdiction, this case must be remanded to state court where it originated.

---

[2] Exhibits 2 and 3: J. Crew's motion and reply brief, respectively, in the *Kamal* case against J. Crew.

[3] Exhibit 1: The court's opinion granting J. Crew's 12(b)(1) motion to dismiss based on the lack of federal subject matter jurisdiction in the *Kamal* case against J. Crew.

## II.     THIS CASE ORIGINATED IN ILLINOIS STATE COURT AND ASSERTS A SINGLE FACTA CAUSE OF ACTION

This case was filed in Illinois state court (Circuit Court of Cook County Illinois, Chancery Division).  The state court complaint alleges a single cause of action based on the violation of FACTA.  More specifically, the Complaint alleges FACTA violations because the first 6 and last 4 digits of credit and debit card numbers were not properly truncated and were instead displayed on customer receipts.  Complaint ¶¶ 2-3, 34-35.

## III.    THE DIFFERENCE BETWEEN STATUTORY STANDING (WHETHER THERE IS A CAUSE OF ACTION) AND ARTICLE III STANDING (WHETHER A CAUSE OF ACTION MAY PROCEED IN *FEDERAL* COURT)

The issues of statutory standing (whether there is a cause of action) and Article III standing (whether a cause of action may proceed in *federal* court) are separate issues.  *E.g., CGM, LLC v. BellSouth Telecommunications, Inc.*, 664 F.3d 46, 52 (4th Cir. 2011) (explaining statutory standing and how it is distinct and different from Article III standing).

It is indisputable that there is a FACTA cause of action and that cause of action may be pursued in state court.

> "In fashioning FACTA, Congress aimed to 'restrict the amount of information available to identity thieves.'  149 Cong. Rec. 26,891 (2003) (statement of Sen. Shelby).  Allowing consumers to recover statutory damages furthers this purpose by deterring businesses from willfully making consumer financial data available, ***even where no actual harm results***."  *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 718 (9th Cir. 2010) (emphasis added).

Whether the cause of action for statutory damages would also satisfy federal Article III standing requirements if pursued in federal court is an entirely separate question.

Plaintiff brought this case in Illinois state court.  Unlike federal court which is required to comply with Article III standing requirements imposed by the federal Constitution, **federal Article III standing requirements are not required in state court.**  "[T]he constraints of Article III do not apply to state courts and accordingly the state courts are not bound by the

limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

Thus, Plaintiff was perfectly content with proceeding in state court and did not have to address any Article III requirement in state court.**4**

It is defendant J. Crew that removed the case from state court and seeks federal jurisdiction. As such, J. Crew bears the burden of proving Article III standing requirements, including the requirement that J. Crew must establish that the FACTA violation alleged asserts an injury that is "both concrete and particularized."

As explained above and further below, J. Crew has not met its burden and therefore the Court must remand this case to state court where it originated. *Bruns v. National Credit Union Admin.*, 122 F.3d 1251, 1257-158 (9th Cir. 1997) (Explaining that "[s]ection 1447(c) is mandatory, not discretionary" and that "where subject matter jurisdiction is lacking, district court must remand to state court even if futile.").

IV.   **THE DOCTRINE OF JUDICIAL ESTOPPEL PRECLUDES J. CREW FROM ASSERTING FEDERAL SUBJECT MATTER JURISDICTION**

"It is well established that the doctrine of judicial estoppel acts 'to protect the integrity of the judicial process ... by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *Jarrard v. CDI Telecommunications, Inc.*, 408 F.3d 905, 914 (7th Cir. 2005) (quoting *New Hampshire v. Maine,* 532 U.S. 742, 749–50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). Judicial estoppel protects "the courts from being manipulated by

---

**4** For example, in *Nicklaw v. CitiMortgage, Inc.*, --- F.3d ---, 2016 WL 5845682 at *3. (11th Cir. Oct. 6, 2016), the Eleventh Circuit recently explained that the fact that a plaintiff did not satisfy Article III requirements in federal court does not preclude a plaintiff from pursuing that cause of action in state court. However, since that plaintiff in *Nicklaw* chose to proceed in federal court, he had to also satisfy Article III standing requirements in federal court. *Ibid.* The point is also illustrated by *Davis Neurology v. Doctordirectory.com, LLC.*, 2016 U.S. Dist. LEXIS 84391 at *2 (E.D. Ark. June 29, 2016). There, the plaintiff originally filed a TCPA case in state court and the defendant removed to federal court but the district court remanded to state court for lack of jurisdiction where defendant did not establish its burden of proving Article III standing requirements. *Ibid.*

chameleonic litigants who seek to prevail, twice, on opposite theories." *Levinson v. United States,* 969 F.2d 260, 264 (7th Cir. 1992) (citing *Scarano v. Central R.R. Co.,* 203 F.2d 510, 513 (3d Cir.1953) (judicial estoppel prevents parties from playing "fast and loose with the courts")). As the Sixth Circuit Court of Appeals put it, judicial estoppel precludes "a party from abusing the judicial process through cynical gamesmanship." *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005) Lewis, 141 D. App'x 420 at 424 (quoting *Browning v. Levy,* 283 F.3d 761, 776 (6th Cir.2002) (quotation omitted)). Judicial estoppel is a rule against "playing fast and loose with the courts," "blowing hot and cold as the occasion demands," or "hav[ing] [one's] cake and eat[ing] it too." *Ibid.* (quoting *Reynolds v. Comm'r,* 861 F.2d 469, 472 (6th Cir. 1988) (citations omitted) (alteration in original)).

Discussing judicial estoppel, this Court stated, "Although there is no 'formula for determining the applicability of judicial estoppel,' factors that are generally considered are: (1) whether 'a party's later position' is 'clearly inconsistent with its earlier position,' (2) 'whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled,' and (3) 'whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *Knight v. Bank of Am., N.A.*, No. 11 C 1815, 2011 WL 5008528, at *4 (N.D. Ill. Oct. 18, 2011), aff'd sub nom. *In re Knight-Celotex, LLC*, 695 F.3d 714 (7th Cir. 2012) (quoting *New Hampshire v. Maine,* 532 U.S. 742, 750-751 (2001)).

A.   **J. Crew's Current Position Is Clearly Inconsistent With Its Earlier Position**

In *Kamal*, J. Crew moved to dismiss the plaintiff's complaint on the basis that the plaintiff could not establish Article III standing. Specifically, J. Crew argued, "Because the

5

Plaintiff Ahmed Kamal has not suffered a 'concrete' 'injury in fact' necessary to confer constitutional standing to sue, this Court lacks subject-matter jurisdiction." *Kamal*, No. 2:15-cv-00190-WJM-MF (D. N.J.) (Ex. 2 at 12.) Thus, given virtually identical facts to the present case, J. Crew's earlier position was crystal clear that a FACTA plaintiff alleging only statutory damages cannot establish Article III standing.

Here, Plaintiff filed a FACTA case in state court alleging only statutory damages. Despite its earlier position that such a complaint cannot establish Article III standing, J. Crew removed Plaintiff's complaint stating, "[T]his Court has original jurisdiction." (Dkt. No. 1, at ¶7.) J. Crew cannot seriously argue that its earlier position is not inconsistent with its later position.

### B. J. Crew Successfully Persuaded Another Court to Accept its Earlier Position

J. Crew successfully persuaded the federal court in *Kamal* to accept its position. Granting J. Crew's motion to dismiss, the court held, "Without an 'injury in fact,' Plaintiff lacks standing to sue under Article III." *Kamal*, No. 2:15-cv-00190-WJM-MF (Oct. 20, 2016 D. N.J.). J. Crew would have this Court entertain jurisdiction over Plaintiff's case so that the Court can rule on J. Crew's forthcoming motion to dismiss. J. Crew argues for exactly that which this Court stated a party cannot do: establish "'judicial acceptance of an inconsistent position in a later proceeding [and] create the perception that either the first or the second court was misled.'" *Knight*, 2011 WL 5008528, at *4 (N.D. Ill. Oct. 18, 2011), aff'd sub nom. *In re Knight-Celotex, LLC*, 695 F.3d 714 (7th Cir. 2012) (quoting *New Hampshire v. Maine,* 532 U.S. 742, 750-51 (2001)).

### C. If Not Estopped, J. Crew Will Derive An Unfair Advantage Or Impose An Unfair Detriment On Plaintiff

J. Crew will derive an unfair advantage if not estopped from asserting federal jurisdiction in this case. First, Plaintiff is the master of her complaint. She chose to file her case in Illinois

6

state court. By removing her case to federal court – on a knowingly specious basis no less – J. Crew has robbed Plaintiff of her choice of where to have her case adjudicated.

Second, Plaintiff filed suit in Illinois state court, which does not require Article III standing. By removing Plaintiff's case to federal court, J. Crew has placed the issue of Article III standing front and center. Plaintiff will now have to expend resources briefing the issue whether on a motion to dismiss or at the Court's urging. Simply put, the issue of whether Article III standing exists or not is a hurdle placed before Plaintiff that would not exist had J. Crew not cynically removed this case.[5]

In addition to and separate from judicial estoppel, the fact that a party attempts to takes contrarian positions on jurisdiction issues is itself a basis for ordering remand. Thus, for example, in one recent case a federal district court *sua sponte* ordered remand of a federal statutory cause of action to state court where a party attempted to take contrarian positions:

> "Doctor Directory finds itself in a contrarian position: by forcing this case into federal court through removal, it asserts jurisdiction exists; however, by arguing Davis Neurology lacks standing after *Spokeo v. Robins*, 136 S.Ct. 1540 (2016), it asserts that jurisdiction is lacking. Although *Spokeo* expanded the discussion, courts have observed that the Supreme Court did not answer the ultimate question. See, e.g., *Errington v. Time Warner Cable, Inc.*, Case No. 2:15-CV-02196, 2016 U.S. Dist. LEXIS 66317, at *7-8 (C.D. Cal. 2016). If there is any doubt, however, remand is appropriate. See *In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993) ('The district court was required to resolve all doubts about federal jurisdiction in favor of remand.'). Indeed, now that Doctor Directory essentially concedes there is a lack of standing — and thus a lack of jurisdiction — the correct remedy is not judgment, but rather remand back to state court. Wallace v. ConAgra Foods, Inc.,747 F.3d 1025, 1033 (8th Cir. 2014)."
> *Davis Neurology v. Doctordirectory.com, LLC.*, 2016 U.S. Dist. LEXIS 84391 at *2 (E.D. Ark. June 29, 2016).

---

[5] J. Crew bears the burden of establishing federal jurisdiction given that it removed the case to federal court. Plaintiff is not stating one way or the other whether Article III can be established. Plaintiff merely argues that this inquiry would be unnecessary in Illinois state court where Plaintiff filed her case.

## V.     DEFENDANT HAS NOT MET ITS BURDEN OF PROVING THAT THIS COURT HAS JURISDICTION

"Nothing is to be more jealously guarded by a court than its jurisdiction." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988) overruled on other grounds by *Partington v. Gedan*, 923 F.2d 686, 688 (9th Cir. 1991).

Moreover, there exists a "strong presumption" that a cause is outside of a federal court's jurisdiction and the burden of overcoming the presumption and establishing jurisdiction is with the party who removes a case to federal court. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction" and "[i]t is to be presumed that a cause lies outside this limited jurisdiction [] and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal courts must "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Stated another way, "[t]he district court [i]s required to resolve all doubts about federal jurisdiction in favor of remand." *In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).

Article III standing is not waivable, and courts must resolve *sua sponte* any issue of constitutional standing. *United States v. Hays*, 515 U.S. 737, 742 (1995) ("The question of standing is not subject to waiver" and "federal courts are under an independent obligation to examine their own jurisdiction"); *City of L.A. v. Cnty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009) ("jurisdictional [issues] cannot be waived by any party, and there is no question that a court can, and indeed must, resolve any doubts about this constitutional issue *sua sponte*.").

Indeed, as stated in this Court's Joint Jurisdictional Status Report- Removal Order:

8

> "The 'first duty in every case' in federal district court for a judge is to 'independently' determine whether or not the court has subject matter jurisdiction. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692-94 (7th Cir. 2003)(criticizing judge for accepting jurisdictional allegations at 'face value' and remanding case for dismissal for lack of jurisdiction after a jury trial was held by court)."

Moreover, even if J. Crew were not estopped from trying to assert federal subject matter jurisdiction, because J. Crew is the party that removed this case to federal court and seeks this Court's jurisdiction, J. Crew has the burden of overcoming the "strong presumption" that a cause is outside of a federal court's subject-matter jurisdiction and proving that this Court has federal subject-matter jurisdiction. J. Crew has not overcome the "strong presumption" against jurisdiction. Indeed, J. Crew has done absolutely nothing at all to prove, or try prove, that this Court has subject matter jurisdiction.

Thus, because J. Crew has not established jurisdiction, this case must be remanded to state court where it originated.

## VI. J. CREW'S CONCLUSORY ASSERTION OF FEDERAL QUESTION JURISDICTION DOES NOT SATISFY ITS BURDEN

Like this case, *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1545, 1548 (2016), also involved alleged violations of a federal statute. The federal statute at issue in *Spokeo* was the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). 136 S.Ct. at 1544. FACTA is an amendment to and part of the FCRA. *Bateman*, 623 F.3d at 717.

The FCRA expressly provides federal and state courts with "concurrent" jurisdiction.[6]

Yet, in *Spokeo*, despite that a federal statutory violation was involved, the Supreme Court held that the injury-in-fact requirement necessary for federal subject-matter jurisdiction requires an injury that is "both concrete and particularized." 136 S.Ct. at 1549.

---

[6] "An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction." 15 U.S.C. § 1681p. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1264 (11th Cir. 1998) ("the sole purpose of the language at issue here is to allow state courts concurrent jurisdiction for actions brought under the FCRA").

9

Stated another way, the Supreme Court explained that "Article III standing requires a concrete injury even in the context of a [federal] statutory violation." 136 S.Ct. at 1549.

Thus, J. Crew cannot meet its burden of proving that federal subject matter exists by conclusorily asserting that a federal statute is involved. Indeed, the point is further illustrated by the fact that J. Crew successfully argued *Spokeo* and obtained dismissal based upon the lack of subject matter jurisdiction in the *Kamal* FACTA case against it. Exhibit 1.

## VII.    CONCLUSION

For all of the foregoing reasons, this case must be remanded to Illinois state court where it originated.

It also bears repeating that if subject matter-jurisdiction is not established, it is *mandatory* for a district court to remand the case to state court where it originated. *Bruns v. National Credit Union Admin.*, 122 F.3d 1251, 1257-158 (9th Cir. 1997) (Explaining that "[s]ection 1447(c) is mandatory, not discretionary" and that "where subject matter jurisdiction is lacking, district court must remand to state court even if futile.").

Moreover, "if court lacks jurisdiction it is powerless to reach the merits." *Fleck & Assocs. v. City of Phoenix*, 471 F.3d 1100, 1106-1107 and n. 4 (9th Cir. 2006) (holding that district court "erred by reaching the merits," and explaining that "no matter how important the issue, a court lacking jurisdiction is powerless to reach the merits under Article III of the Constitution"); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692-694 (7th Cir. 2003)(criticizing judge for accepting jurisdictional allegations at 'face value' and remanding case for dismissal for lack of jurisdiction after a jury trial was held by court, and stating that "A court lacks discretion to consider the merits of a case over which it is without jurisdiction").

Dated:  December 5, 2016	Respectfully Submitted,

    Chant Yedalian (*Pro hac vice*)
    chant@chant.mobi
    CHANT & COMPANY
    A Professional Law Corporation
    1010 N. Central Ave.
    Glendale, CA 91202
    Phone: 877.574.7100
    Fax: 877.574.9411

    Robert A. Clifford
    rac@cliffordlaw.com
    Shannon M. McNulty
    smm@cliffordlaw.com
    CLIFFORD LAW OFFICES PC
    120 North LaSalle Street, 31st Floor
    Chicago, IL 60602
    Telephone: 312.899.9090

    Brian Herrington
    (*Pro hac vice* motion pending)
    brian@herringtonlawpa.com
    HERRINGTON LAW, PA
    1520 N. State St.
    Jackson, MS 39202
    Telephone: 601.208.0013

    *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I, Shannon M. McNulty, an attorney, hereby certify that on December 5, 2016, I served the above and foregoing, by causing a true and accurate copy of such papers to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

      /s/ Shannon M. McNulty
      Robert A. Clifford
      RAC@cliffordlaw.com
      Shannon M. McNulty
      SMM@cliffordlaw.com
      CLIFFORD LAW OFFICES
      120 N. LaSalle Street, Suite 3100
      Chicago, IL 60602
      312.899.9090