**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANITA PARKER, on behalf of herself and all others similarly situated <br><br> Plaintiff, <br><br> v. <br><br> J. CREW GROUP, INC., J. CREW L.L.C. and DOES 1 through 100, inclusive <br><br> Defendants. | : Case No.: 1:16-cv-10775 <br> : <br> : Honorable Samuel Der-Yeghiayan <br> : <br> : <br> : <br> : <br> : ORAL ARGUMENT REQUESTED <br> : <br> : <br> : <br> : |

**BRIEF IN SUPPORT OF MOTION BY DEFENDANT J. CREW GROUP, INC. TO:**

**(1) TRANSFER PURSUANT TO 28 U.S.C. § 1404(a); OR
(2) DISMISS PURSUANT TO THE FIRST-FILED DOCTRINE**

Raj N. Shah
Allyson E. Poulos
**DLA PIPER LLP (US)**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601
Tel.:    (312) 368.4000
Fax:    (312) 236.7516
raj.shah@dlapiper.com
allyson.poulos@dlapiper.com

Keara M. Gordon (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
45th Floor
New York, New York 10020-1104
Tel.:    (212) 335.4500
Fax.:    (212) 335.4501
keara.gordon@dlapiper.com

-and-

Andrew O. Bunn (admitted *pro hac vice*)
Steven R. Marino (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway
Suite 120
Short Hills, New Jersey 07078-2704
Tel.:    (973) 520.2550
Fax.:    (973) 520.2551
andrew.bunn@dlapiper.com
steven.marino@dlapiper.com

*Attorneys for Defendant*
*J. Crew Group, Inc.*

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ................................................................ 1

II.    STATEMENT OF FACTS ...................................................................... 3

III.    PROCEDURAL BACKGROUND............................................................. 4

IV.    FACTA BACKGROUND ...................................................................... 4

V.    ARGUMENT ...................................................................................... 6

    A.    THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1404(a) BECAUSE A "VIRTUALLY IDENTICAL" ACTION IS PENDING IN THAT DISTRICT................................................................................ 6

        i.    It is Appropriate to Address First the Transfer Request. ........................... 6

        ii.    Both the Private and Public Factors to Warrant a Transfer Are Met......... 7

            1.    The Private Interest Factors (Prong Two) Weigh in Favor of Transfer.................................................................... 8

            2.    The Public Interest Factors (Prong Three) Weigh in Favor of Transfer................................................................... 10

    B.    IN THE ALTERNATIVE, THIS ACTION SHOULD BE DISMISSED UNDER THE FIRST-FILED DOCTRINE BECAUSE IT IS "VIRTUALLY IDENTICAL" TO THE *KAMAL* ACTION. ............................. 15

        i.    It is Appropriate to Address Second Dismissal Under the First-Filed Doctrine. ............................................................... 15

        ii.    This Action is Duplicative of the *Kamal* Action. ................................... 15

            1.    The Parties Do Not "Significantly Differ."................................. 17

            2.    The Claims and Available Relief Do Not "Significantly Differ." .......................................................................... 18

            3.    There are No "Special Circumstances" to Prevent Application of the First-Filed Doctrine....................................... 18

VI.    CONCLUSION................................................................................. 20

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aland v. Kempthorne*,
  No. 07-CV-4358, 2007 WL 4365340 (N.D. Ill. Dec. 11, 2007)...............................................15

*Alchmeist Jet Air, LLC v. Century Jets Aviation, LLC*,
  No. 08 C 5386, 2009 WL 1657570 (N.D. Ill. June 12, 2009) ..........................................16, 19

*Altman v. White House Black Mkt., Inc.*,
  No. 15-2451, 2016 WL 3946780 (N.D. Ga. July 13, 2016) .....................................................13

*Aramark Mgmt. Servs. Ltd. P'Ship v. Martha's Vineyard Hosp., Inc.*,
  03 CV 1642, 2003 WL 21476091 (N.D. Ill. June 23, 2003) .....................................................9

*Askin v. Quaker Oats Co.*,
  No. 11 CV 111, 2012 WL 517491 (N.D. Ill. Feb. 15, 2012)....................................................17

*Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co.*,
  34 F. Supp.2d 1092 (N.D. Ill. Feb. 9, 1999), *appeal dismissed*, 203 F.3d 442 (7th Cir.
  2000) ..........................................................................................................................................19

*Chicago Heights Steel v. Rapid Eng'g, Inc.*,
  No. 94 C. 3579, 1995 WL 27398 (N.D. Ill. Jan. 23, 1995) .........................................16, 18, 19

*Cloe v. City of Indianapolis*,
  712 F.3d 1171 (7th Cir. 2013), *overruled on other grounds by Ortiz v. Werner
  Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016)...............................................................................9

*Coffey v. Van Doren Iron Works*,
  796 F.2d 217 (7th Cir. 1986) .....................................................................................................7

*Craik v. Boeing Co.*,
  37 F. Supp. 3d 954 (N.D. Ill. 2013) ...........................................................................................7

*Creighton v Metlife, Inc.*,
  15 C 4121, 2015 WL 5081600 (N.D. Ill. Aug. 27, 2015) (Der-Yeghiayan, J.)......................11

*divine/Whittman-Hart, Inc. v King*,
  02 C 2486, 2002 WL 1611585 (N.D. Ill. July 22, 2002), *report and recommendation
  adopted*, 02 C 2486, 2002 WL 33963329 (N.D. Ill. Sept. 18, 2002)......................................10

*Doubletree Partners, L.P. v. Land Am. Am. Title Co.*,
  No. 3-08-1547, 2008 WL 5119599 (N.D. Tex. Dec. 3, 2008)....................................................7

*800-Flowers, Inc. v. Intercontinental Florist, Inc.,*
    860 F. Supp. 128 (S.D.N.Y. 1994) ......................................................................16

*F&G Scrolling Mouse, L.L.C. v. Microsoft, Inc.,*
    56 F. Supp. 2d 1005 (N.D. Ill. 1999) ..................................................................10

*Flaum v. Doctor's Assocs., Inc. d/b/a/ Subway,*
    __ F. Supp.3d __, 2016 WL 7015823 (S.D. Fla. Aug. 29, 2016) ...........................13

*Flava Works, Inc. v. A4A Reseau, Inc.,*
    15 C 610, 2015 WL 1926280 (N.D. Ill. Apr. 28, 2015) (Der-Yeghiayan, J.).........14

*FTI Consulting, Inc. v. Merit Mgm't Group, LP*,
    No. 11-7670, 2014 WL 3858365 (N.D. Ill. Aug. 5, 2014) .....................................7

*Gavin v. AT&T Corp.*,
    No. 01 C 27221, 2004 WL 2260632 (N.D. Ill. Sept. 30, 2014)................................3

*Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*,
    621 F. Supp. 780 (N.D. Ill. 1985) ........................................................................9

*Georouses v. NaTec Res., Inc.*,
    963 F. Supp. 728 (N.D. Ill. 1997) ........................................................................9

*Guarisma v. Microsoft Corp.*,
    __ F. Supp. 3d __, 2016 WL 4017196 (S.D. Fla. July 26, 2016) ...........................13

*Gueorguiev v. Max Rave, LLC,*
    *526 F. Supp. 2d 853* (N.D. Ill. 2007) ..................................................................9

*Heller Fin., Inc. v. Midwhey Powder Co.*
    883 F.2d 1286, 1293 (7th Cir. 1989) ..................................................................15

*Humphrey v. United Healthcare Servs., Inc.*,
    No. 14 C 1157, 2014 WL 3511498 (N.D. Ill. July 16, 2014) ............................9, 17

*Huntsman Corp. v. Int'l Risk Ins. Co.*,
    No. 1:08-CV-029, 2008 WL 1836384 (E.D.Tex. Apr. 22, 2008)........................1, 7

*In re LimitNone, LLC*,
    551 F.3d 572 (7th Cir. 2008) ............................................................................2, 7

*Jabo's Pharmacy, Inc. v. Cephalon, Inc.*,
    No. 2:09-289, 2010 WL 3851966 (E.D. Tenn. Sept. 27, 2010)................................7

*Jacobson v. Peter Piper, Inc.*,
    No. 4:16-cv-00596-JAS LCK (TUC) .....................................................................5

*Jaramillo v. DineEquity, Inc.*,
    664 F. Supp. 2d 908 (N.D. Ill. 2009) ...................................................................14

*Kamal v. J. Crew Group, Inc., et al.*,
    No. 15-0190, 2016 WL 6133827 (D.N.J. Oct. 20, 2016) ........................................13

*Kim v Sara Lee Bakery Group, Inc.*,
    412 F. Supp. 2d 929 (N.D. Ill. 2006) ...................................................................19

*Marietta Drapery & Window Covering Co., Inc. v. N. River Ins. Co.*,
    486 F. Supp. 2d 1366 (N.D. Ga. 2007) ..............................................................2, 15

*McReynolds v. Merrill Lynch & Co., Inc.*,
    694 F.3d 873 (7th Cir. 2012) ............................................................................16, 17

*Meyers v. Oneida Tribe of Indians of Wisconsin*,
    836 F.3d 818 (7th Cir. 2016) ...............................................................................13

*Mogg v. Jacobs*,
    15-CV-1142-JPG-DGW, 2016 WL 4396889 (S.D. Ill. Aug. 18, 2016) ..................12

*Moore v. Morgan Stanley & Co., Inc.*,
    No. 07 C 5606, 2007 WL 4354987 (N.D. Ill. Dec. 6, 2007) .................................16

*Mussat v. Power Lines, LLC*,
    No. 13-cv-7853, 2014 WL 3610991 (N.D. Ill. July 21, 2014) ...............................6

*Noble v. Nevada Checker CAB Corp.*,
    No. 2:15-cv-02322, 2016 WL 4432685 (D. Nev. Aug. 19, 2016)...........................13

*Ortiz v. Werner Enters., Inc.*,
    834 F.3d 760 (7th Cir. 2016) .................................................................................9

*Prof'l LED Lighting, Ltd. v. Aadyn Tech., LLC*,
    No. 14-2440, 2014 WL 6613012 (N.D. Ill. Nov. 21, 2014) ....................................7

*Research Automaton, Inc. v. Schrader-Bridgeport Int'l, Inc.*,
    626 F.3d 973 (7th Cir. 2010) ............................................................................7, 10

*Ridge Gold Standard Liquors v. Joseph E. Seagram*,
    572 F. Supp. 1210 (N.D. Ill. 1983) ....................................................................2, 16

*Rosen v. Spirit Airlines*,
    152 F. Supp. 3d 1055 (N.D. Ill. 2015) ....................................................9, 11, 13, 14

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999)............................................................................................7, 15

*Serlin v. Arthur Andersen & Co.*,
    3 F.3d 221 (7th Cir. 1993) ........................................................................................ passim

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp. Co.*,
    549 U.S. 422 (2007)....................................................................................................6, 15

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016)..........................................................................................6, 12, 13

*Stelmachers v. Verifone Systems, Inc.*,
    No. 5:14-cv-04912, 2016 WL 6835084 (N.D. Cal. Nov. 21, 2016) .......................................13

*Thompson v. Rally House of Kansas City, Inc.*,
    No. 15-00886 (W.D. Mo. Oct. 6, 2016)...............................................................................13

*United Airlines, Inc. v. Mesa Airlines, Inc.*,
    8 F. Supp. 2d 796 (N.D. Ill. 1998) ..................................................................................8, 10

*United States ex rel. Bukh v. Guidmann, Inc.*,
    No. 11 C 3701, 2014 WL 1647148 (N.D. Ill. April 24, 2014) ..................................................10

*Valenzuela v. Sol Group Mkt. Co.*,
    No 2:14-cv-09478-R-VBK, 2015 WL 653086 (C.D. Cal. Jan. 30, 2015) ..................................8

*Ward v. Soo Line R.R. Co.*,
    15 C 5931, 2015 WL 6164974 (N.D. Ill. Oct. 20, 2015) (Der-Yeghiayan, J.) .......................13

*Wood v. J Choo USA, Inc.*,
    __ F. Supp. 3d __, 2016 WL 4249953 (S.D. Fla. Aug. 11, 2016) .........................................13

*Wyler-Wittenberg v MetLife Home Loans, Inc.*,
    899 F. Supp. 2d 235 (E.D.N.Y. 2012) ...............................................................................18

*Zaklit v Glob. Linguist Sols., LLC*,
    Case No. CV 13-08654 MMM, 2014 WL 12521725 (C.D. Cal. Mar. 24, 2014)....................8

**STATUTES**

15 U.S.C. § 1681c(g)(1) ...........................................................................................................5

15 U.S.C. § 1681n(a)(1)(A) ......................................................................................................5

15 U.S.C. § 1681n(a)(3) ...........................................................................................................5

15 U.S.C. § 1681n(c) ...............................................................................................................5

15 U.S.C. § 1681o(a)(1) ...........................................................................................................5

15 U.S.C. § 1681o(a)(2)...........................................................................................................5

15 U.S.C. § 1681o(b) ....................................................................................................5

28 U.S.C. § 1391(b)(1) .................................................................................................8

28 U.S.C. § 1391(b)(2) .................................................................................................8

28 U.S.C. § 1391(c)(2)..................................................................................................8

28 U.S.C. 1404(a) ............................................................................................... passim

Fair Credit Reporting Act of 1970 ("FCRA"), 15 U.S.C. § 1681, *et seq.* ...................................4, 5

**OTHER AUTHORITIES**

Fed R. Civ. P. 45(c)(1)...............................................................................................10

Fed. R. Evid. 201 .........................................................................................................6

Rule 12(b)(6)................................................................................................................1

## I.   PRELIMINARY STATEMENT

Plaintiff Anita Parker has represented to this Court that her putative class action is "virtually identical" to another putative class action currently pending against Defendant J. Crew Group, Inc. ("J. Crew") in the United States District Court for the District of New Jersey in January 2015, *Kamal v. J. Crew Group, Inc., et al.*, No. 15-0190 (the "*Kamal* Action" or the "*Kamal* Court"). (*See* Dkt. No. 23-1, Mot. to Remand at 6). Both actions assert the same alleged technical violation of the Fair and Accurate Credit Transaction Act ("FACTA") and an unspecified "risk" of identity theft or fraud resulting from that alleged violation. Further, both seek to certify nationwide classes and to recover duplicative statutory damages based on the same alleged conduct by J. Crew. In fact, Ms. Parker herself is a member of the putative class proposed in the *Kamal* Action, and the plaintiff in the *Kamal* Action has already been representing Ms. Parker's interests (including by defeating a Rule 12(b)(6) motion to dismiss) for more than a year.

It is therefore no surprise that J. Crew seeks to promote judicial economy and avoid unnecessary expense and the risk of inconsistent judgements from defending against "virtually identical" claims in two different forums at the same time. Accordingly, J. Crew removed this action to this Court so that it could request, at the outset, a transfer to the District of New Jersey pursuant to 28 U.S.C. § 1404(a) for subsequent consolidation with the *Kamal* Action. J. Crew meets both the private and public factors necessary to warrant the transfer, and this Court should order a transfer before reaching *any* other threshold issues. Indeed, this Court is not required to first address the pending Motion to Remand. *See, e.g., Huntsman Corp. v. Int'l Risk Ins. Co.*, No. 1:08-CV-029, 2008 WL 1836384 at *3 (E.D. Tex. Apr. 22, 2008) ("[F]ederal courts need not decide a motion to remand a removed case before ruling on a motion to transfer to another district.") (internal quotation marks omitted). Nor is this Court required to first determine if it

has subject matter jurisdiction. *See, e.g.*, *In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008) ("[T]he district court was not required to determine its own subject-matter jurisdiction before ordering the case transferred."). Thus, disposing of this matter in its entirety by ordering a transfer is the logical and proper resolution.

In the event this Court does not order a transfer, (which it should), the Complaint should be dismissed based on the first-filed doctrine. Simply put, Ms. Parker initiated this indistinguishable class action *19 months* after the filing of the *Kamal* Action. It is well-established that a "federal suit may be dismissed 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (alteration in original) (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)). Moreover, as with J. Crew's request for a transfer, this Court has the authority to dismiss under the first-filed doctrine prior to reaching other threshold questions, such as subject matter jurisdiction. *See, e.g., Marietta Drapery & Window Covering Co., Inc. v. N. River Ins. Co.*, 486 F. Supp. 2d 1366, 1368, n.2 (N.D. Ga. 2007) ("Because a dismissal under the first filed rule is not a determination on the merits, the Court need not establish that it has subject matter jurisdiction over this action before proceeding to consider whether the first filed rule should be applied in this case.") (internal citation omitted).

In the event the case is transferred, Judge William Martini can and undoubtedly will make a determination on the question of subject-matter jurisdiction, which has been and continues to be litigated in the *Kamal* action. Judge Martini dismissed the First Amended Complaint there based on the Supreme Court's decision in *Spokeo v. Robins*, but he gave Kamal leave to replead, which Kamal has recently done in a Second Amended Complaint.

Given the identity of parties and claims in the two actions, and given Judge Martini's investment of time and effort in the adjudication of the *Spokeo* issue in the *Kamal* action, it makes sense, and serves judicial economy, to defer that question here.

## II.   STATEMENT OF FACTS[1]

J. Crew is "an internationally recognized and multi-brand apparel and accessories retailer" that "offer[s] complete assortments of women's, men's and children's apparel and accessories."[2]   According to the Complaint, Ms. Parker, a citizen of Illinois (Compl., ¶ 8), was a patron at one of J. Crew's stores in Illinois "on or about October 17, 2014" (*id.* at ¶ 34).   Ms. Parker alleges that, at the point of sale, J. Crew provided her "with one or more electronically printed receipts" that contained "the first 6 digits and the last 4 digits of [her] credit card number."   (*Id.*; *see also id.* at ¶ 3).

The Complaint attempts to state a single count for a violation of FACTA.   Ms. Parker alleges, without factual support, that J. Crew willfully violated FACTA because it allegedly "knew of and [was] well informed about the law, including specifically FACTA's requirements

---

[1]        "J. Crew L.L.C." is also named as a defendant in the Complaint.   The Complaint does not distinguish between the conduct of J. Crew Group, Inc. and J. Crew L.L.C., but instead lumps together all of the allegations against both entities collectively as "Defendants."

J. Crew L.L.C., however, is not affiliated in any way, shape, or form with the apparel and accessories retailer known for short as "J. Crew."   (*See* Dkt. No. 1-1 (Declaration of Maria F. Di Lorenzo in Support of Notice of Removal, ¶ 3)).   Instead, upon information and belief, J. Crew L.L.C. is a building cleaning company.   (*See id.* at ¶ 5).

For purposes of this motion only, J. Crew assumes the allegations of the Complaint to be true, but it reserves the right to dispute such allegations should this case proceed past this motion.

[2]        J. Crew Group, Inc., Annual Report for the Fiscal Year January 30, 2016 ("Form 10-K"), at 3, https://www.sec.gov/Archives/edgar/data/1051251/000156459016014982/jcg-10k_20160130.htm, excerpts of which are attached as Ex. A to the December 9, 2016 Declaration of Raj Shah ("Shah Decl.").   This Court may consider documents filed with the Securities and Exchange Commission on a motion to dismiss.   *See Gavin v. AT&T Corp.*, No. 01 C 2721, 2004 WL 2260632, at *1 (N.D. Ill. Sept. 30, 2014).

concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates." (*Id.* at ¶ 37). Ms. Parker does not allege that she suffered any actual damages—identity theft or monetary harm—as a result of the appearance of the additional digits or her name on her receipt. Instead, she alleges that J. Crew has "exposed" her and the putative class "to at least an increased risk of identity theft and credit and or debit card fraud." (*Id.* at ¶ 48; *see also id.* at ¶ 7). Ms. Parker seeks to recover, among other things, statutory damages of "'not less than $100 and not more than $1,000' for each violation." (*Id.* at ¶ 49) (quoting 15 U.S.C. § 1681n).

## III.    PROCEDURAL BACKGROUND

Ms. Parker initiated this action by filing the Complaint in the Circuit Court of Cook County, Chancery Division, on October 6, 2016. J. Crew removed timely this action to this Court on November 21, 2016. (*See* ECF No. 1).

On December 5, 2016, Ms. Parker filed a Motion to Remand Case to State Court (the "Motion to Remand"). (ECF No. 23). The basis of the Motion to Remand is that whereas subject matter jurisdiction is implicated in this Court, "Ms. Parker was perfectly content with proceeding in state court and did have not to address any Article III requirements in state court." (ECF No. 23-1 at 4).

## IV.    FACTA BACKGROUND

The Fair Credit Reporting Act of 1970 ("FCRA"), 15 U.S.C. § 1681, *et seq.*, was amended in 2003 to include FACTA. The purpose of FACTA was "to prevent criminals from obtaining access to consumers' private financial and credit information in order to reduce identity theft and credit card fraud." Pub. L. No. 110-241, § 2(a)(1). To achieve that purpose, the operative provision of FACTA states as follows:

> [N]o person that accepts credit cards or debit cards for the
> transaction of business shall print more than the last 5 digits of the
> card number or the expiration date upon any receipt provided to
> the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1).

Liability under FACTA is based on a two-tiered system depending on whether the
alleged violation was negligent or willful.  If the violation was negligent, only "actual damages
sustained by the consumer as a result of the failure" are recoverable. 15 U.S.C. § 1681o(a)(1).
If the conduct instead was willful, "actual damages sustained by the consumer as a result of the
failure *or* [statutory] damages of not less than $100 and not more than $1,000" are recoverable.
15 U.S.C. § 1681n(a)(1)(A) (emphasis added).  Actual damages are recoverable irrespective of
the nature of the violation, but statutory damages are recoverable only where the defendant
commits a willful violation.  Here, Ms. Parker has not alleged any actual damages, so, to recover
statutory damages, she must establish that J. Crew's alleged violation was willful.[3]

FACTA provides for the recovery of attorney's fees and costs upon a "successful action
to enforce liability" under either a negligent or willful violation. 15 U.S.C. § 1681n(a)(3); 15
U.S.C. § 1681o(a)(2). FACTA provides, in the alternative, that if the pleading alleging a
negligent or willful violation was "unsuccessful" and "filed in bad faith or for the purpose of
harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to
the work expended in responding to the pleading." 15 U.S.C. §§ 1681n(c), 1681o(b).

J. Crew reserves its right to seek attorneys' fees and costs.  Ms. Parker's out-of-state
counsel is a serial FACTA filer.  On September 8, 2016, counsel filed a putative FACTA class
action in the District of Arizona, styled *Jacobson v. Peter Piper, Inc.*, No. 4:16-cv-00596-JAS

---

[3]       J. Crew is not challenging those allegations at this time; it expressly reserves the right to
do so later.

LCK (TUC).  (*See* Shah Decl., Ex. B).  Less than one month later, on October 6, 2016, counsel filed the Complaint in this action.  Both complaints contain exactly 49 paragraphs prior to the "Prayer for Relief," as the structure of the two complaints and associated underlying allegations mirror one another.  In fact, the only material change is that counsel updated the names of the parties before filing the Complaint here.  (A comparison of the two complaints is attached as Ex. C to the Shah Decl.).  Initiation of this duplicative litigation in state court potentially to evade recent *Spokeo* rulings, the use of a form pleading, and inclusion of J. Crew L.L.C. (see *infra* n. 1) raises questions about the nature of the investigation, if any, conducted by counsel prior to signing and filing the Complaint.[4]

## V.    ARGUMENT

For the reasons stated below, this Court should:  (i) transfer the action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a) or (ii) dismiss the Complaint based on the first-filed doctrine.

### A.  THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1404(a) BECAUSE A "VIRTUALLY IDENTICAL" ACTION IS PENDING IN THAT DISTRICT.

#### i.    It is Appropriate to Address First the Transfer Request.

"[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'"  *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp. Co.*, 549 U.S.

---

[4]    There is also a question about whether this lawsuit was the result of a calculated attempt to generate litigation.  Ms. Parker's out-of-state counsel has been counsel to the plaintiffs in a least a dozen FACTA lawsuits and maintains the website "ReceiptLawsuits.com," which solicits potential FACTA plaintiffs.  (A print-out of counsel's website is attached as Ex. D to Shah Decl.)  This Court may take judicial notice that the website is maintained by Ms. Parker's counsel because the law firm address, phone number, fax number, and e-mail domain listed at the bottom of the website matches the information in counsel's signature block in the Complaint. *See* Fed. R. Evid. 201; *Mussat v. Power Liens, LLC*, No. 13-cv-7853, 2014 WL 3610991, at *3 (N.D. Ill. July 21, 2014).

422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999). In other words, "there is no mandatory 'sequencing of jurisdictional issues.'" *Id.* (quoting *Ruhrgas*, 526 U.S. at 584). Thus, a court may consider a motion to transfer prior to a motion to remand. *See Huntsman*, 2008 WL 1836384 at *3; *see also Jabo's Pharmacy, Inc. v. Cephalon, Inc.*, No. 2:09-289, 2010 WL 3851966, at *1 (E.D. Tenn. Sept. 27, 2010) ("'Deciding a motion to transfer venue before a motion to remand is particularly appropriate . . . where a related suit is already pending in the transferee district . . . .'") (quoting *Doubletree Partners, L.P. v. Land Am. Am. Title Co.*, No. 3-08-1547, 2008 WL 5119599, at *2 (N.D. Tex. Dec. 3, 2008)) (first alteration in original). Moreover, a court may consider a motion to transfer prior to determining whether it has subject matter jurisdiction. *See In re LimitNone,* 551 F.3d at 576; *Prof'l LED Lighting, Ltd. v. Aadyn Tech., LLC*, No. 14-2440, 2014 WL 6613012, at *4 n. 5 (N.D. Ill. Nov. 21, 2014) ("Circuit has held that a district court does not act outside of its authority when it considers a transfer request . . . prior to subject-matter jurisdiction.") (internal quotation marks omitted); *FTI Consulting, Inc. v. Merit Mgm't Group, LP*, No. 11-7670, 2014 WL 3858365, at *2 n.2 (N.D. Ill. Aug. 5, 2014). This Court should therefore order, in the first instance, a transfer to the District of New Jersey.

### ii.  Both the Private and Public Factors to Warrant a Transfer Are Met.

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district court "[f]or the convenience of parties and witnesses, in the interest of justice." Transfer under 28 U.S.C. § 1404(a) is appropriate when "(1) venue is proper in both the transferor and transferee courts; (2) a transfer will better serve the convenience of the parties and the witnesses; and (3) a transfer will better serve the interest of justice." *Craik v. Boeing Co.*, 37 F. Supp. 3d 954, 959 (N.D. Ill. 2013); *see also Coffey v. Van Doren Iron Works*, 796 F.2d 217, 219-20 (7th

Cir. 1986). Courts are to engage in a "case-by-case consideration" of these factors in order to assign them the appropriate weight. *Research Automaton, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010).

The first factor articulated above (venue) is not at issue.[5] As demonstrated below, the remaining two factors—most specifically the third factor, the "interest of justice"—weigh in favor of transfer.

**1. The Private Interest Factors (Prong Two) Weigh in Favor of Transfer.**

Considerations of convenience include "the plaintiff's choice of forum, the convenience of the witnesses and parties, the situs of material events, and the location of documents and sources of proof." *United Airlines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998).

---

[5] Plaintiff alleges that its "cause of action arose in Cook County." (Compl., ¶ 15). J. Crew therefore does not dispute that venue is proper in the Northern District of Illinois. *See* 28 U.S.C. § 1391(b)(2) (stating that venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred").

Venue is also proper in the District of New Jersey. First, J. Crew is subject to general personal jurisdiction in New Jersey because it operates 22 total stores in New Jersey (14 retail and eight factory). *See* Shah Decl., Ex. A at 20. Second, because personal jurisdiction exists over J. Crew in New Jersey, J. Crew is deemed to be a resident of New Jersey. *See* 28 U.S.C. § 1391(c)(2). Third, because J. Crew is a resident of New Jersey, venue is appropriate in the District of New Jersey. *See* 28 U.S.C. § 1391(b)(1).

The latter requirement in 28 U.S.C. § 1391(b)(1)—that "all defendants are residents" of the transferee district—is not frustrated by the presence of J. Crew L.L.C., an entity allegedly "incorporated, headquartered in and has its principal place of business in [Illinois]." (Compl., ¶ 14). J. Crew L.L.C is a sham defendant. *See Valenzuela v. Sol Group Mkt. Co.*, No 2:14-cv-09478-R-VBK, 2015 WL 653086, at *3 (C.D. Cal. Jan. 30, 2015) (refusing to allow a sham defendant that did not reside in the transferee forum to otherwise prevent transfer); *see also Zaklit v Glob. Linguist Sols., LLC*, Case No. CV 13-08654 MMM (MANx), 2014 WL 12521725, at *12 (C.D. Cal. Mar. 24, 2014) ("Allowing a plaintiff to defeat a motion to transfer by suing a sham defendant would undermine the purpose of § 1404(a) by preventing lawsuits from being transferred to more convenient forums at the whim of the plaintiff.").

While a plaintiff's choice of forum is generally entitled to deference, where, as here, the plaintiff brings a putative class action, "his choice is not persuasive or entitled to deference." *Humphrey v. United Healthcare Servs., Inc.*, No. 14 C 1157, 2014 WL 3511498, at *3 (N.D. Ill. July 16, 2014) (citing *Georouses v. NaTec Res., Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997) ("[B]ecause plaintiff alleges a class action, plaintiff's home forum is irrelevant.").  As a result, the fact that Ms. Parker resides in Cook County, Illinois (Compl., ¶ 8) should not be accorded substantial weight or otherwise prohibit transfer to the District of New Jersey.  *Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 621 F. Supp. 780, 781-82 (N.D. Ill. 1985) ("the location of the main class representative plaintiffs" is not a "factor[] to be considered under Section 1404(a))."

Next, J. Crew's principal place of business is in New York, New York.  (*See* Shah Decl., Ex. A at 3) ("Our principal executive offices are located at 770 Broadway, New York, NY 10003."); *see also id*. at 19 ("We are headquartered in New York City.").  That office is approximately 800 miles from Cook County, Illinois, versus less than 20 miles from Newark, New Jersey (the city where the District of New Jersey presides over the *Kamal* Action).  (*See* Shah Decl., Ex. E (Google Maps printouts)); *see also Cloe v. City of Indianapolis*, 712 F.3d 1171, 1177 n.3 (7th Cir. 2013) (allowing the use of Google Maps to calculate distance), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016).

J. Crew's close proximity to the District of New Jersey is important because:

- When assessing the situs of material events, the focus is on J. Crew's conduct, not Ms. Parker's.  *See Rosen v. Spirit Airlines*, 152 F. Supp. 3d 1055, 1060 (N.D. Ill. 2015); *see also Gueorguiev v. Max Rave, LLC,* 526 F. Supp. 2d 853, 858 (N.D. Ill. 2007) ("[T]he focus under FACTA will be with respect to defendant's conduct, not plaintiffs.  The dispute at the heart of this case will not concern plaintiff's conduct other than receiving the receipt at issue.").

- In order for Ms. Parker to substantiate her allegations regarding J. Crew's conduct—that it "willfully" violated FACTA because it was on notice of FACTA but nonetheless failed to comply (*see* Compl., ¶¶ 37, 42)—the main sources of proof are located in and/or work at J. Crew's executive offices in New York City.

- To the extent the parties seek live, in-person trial testimony, New York City is beyond the 100-mile subpoena power of the Northern District of Illinois, but is within the radius of the District of New Jersey's subpoena power.  *See* Fed R. Civ. P. 45(c)(1)); *see also Aramark Mgmt. Servs. Ltd. P'Ship v. Martha's Vineyard Hosp., Inc.*, 03 CV 1642, 2003 WL 21476091, at *4 (N.D. Ill. June 23, 2003) ("In assessing a motion to transfer, 'the courts ability to compel a witness to appear at trial is a central concern.'") (quoting *F&G Scrolling Mouse, L.L.C. v. Microsoft, Inc.*, 56 F. Supp. 2d 1005, 1008 (N.D. Ill. 1999)).

Accordingly, the District of New Jersey is a more convenient forum than the Northern District of Illinois.

### 2. The Public Interest Factors (Prong Three) Weigh in Favor of Transfer.

"The final consideration under § 1404(a) is whether a change of venue would serve the interests of justice." *United Airlines*, 8 F. Supp. 2d at 800.  "The interests of justice component focuses on the efficient and fair administration of the courts rather than on the interests of the litigants themselves." *United States ex rel. Bukh v. Guldmann, Inc.*, No. 11 C 3701, 2014 WL 1647148, at *5 (N.D. Ill. April 24, 2014).  It is well-settled that "[t]he interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Research Automaton*, 626 F.3d at 978; *see also divine/Whittman-Hart, Inc. v King*, 02 C 2486, 2002 WL 1611585, at *8 (N.D. Ill. July 22, 2002) (Mason, M.J.) ("Regardless of the outcome of the private interest factors, the public interest factors favor transferring this case to Georgia so that they greatly outweigh any argument plaintiff may have for keeping the case in Illinois."), *report and recommendation adopted,* 02 C 2486, 2002 WL 33963329 (N.D. Ill. Sept. 18, 2002).

"In determining which venue is more likely to result in the swift administration of justice, Courts in this Circuit analyze such factors as: (1) trying related litigation together; (2) having the trial before a judge who is familiar with the applicable law; and (3) the desire of communities to adjudicate matters that affect them directly." *Rosen*, 152 F.3d at 1055.  The first and second factors go hand-in-hand and confirm that transfer is appropriate here.[6]

With respect to the first factor, this action and the *Kamal* Action are more than "related"—they are "virtually identical." (*See* Dkt. No. 23-1 at 6).  Ms. Parker and Kamal both (i) assert an identical alleged technical violation of FACTA, (ii) allege a "risk" of identity theft and/or fraud as opposed to any actual harm suffered; (iii) seek to certify a nationwide class; and (iv) request statutory damages and attorneys' fees based on J. Crew's alleged willful misconduct. Indeed, the putative class in *Kamal* is defined to include Ms. Parker as a class member.  Hence the two actions, having an identity of parties and claims, are more than just "virtually identical," they are the same case.

The chart below is illustrative:

| | *Parker* Complaint | *Kamal* Second Amended Complaint (Attached as Ex. F to the Shah Decl.) |
| --- | --- | --- |
| Alleged FACTA Violation | Printing the first 6 digits and last 4 digits.  (¶ 3). | Printing the first 6 digits and last 4 digits. (¶ 2). |
| Nature of the Alleged Violation | Willful (¶ 3) | Willful (¶ 108) |
| Actual Harm Suffered? | No | No |
| Allegations Absent from the | • No allegation that the plaintiff's receipts were lost, misplaced, | • No allegation that the plaintiff's receipts were lost, misplaced, |

---

[6]     The third factor is inapplicable because both this actions seek to certify nationwide classes.  *See Creighton v Metlife, Inc.*, 15 C 4121, 2015 WL 5081600, at *2 (N.D. Ill. Aug. 27, 2015) (Der-Yeghiayan, J.) ("Any local interests involved in this case are also limited due to the fact that [the plaintiff] intends to pursue a nationwide class action.").

| Complaint | stolen, or were even in the possession of an unauthorized third party;<br><br>• No allegation that the plaintiff's credit card information displayed in the receipt was disclosed to a third party;<br><br><br>• No allegation that anyone made any unauthorized purchases on the credit card Ms. Parker used to make her purchase at J. Crew;<br><br>• No allegation that Ms. Parker had to obtain a new credit card; and<br><br>• No allegation that Ms. Parker's identity was stolen. | stolen, or were even in the possession of an unauthorized third party;<br><br>• No allegation that the plaintiff's The credit card information displayed in the receipt was disclosed to a third party;<br><br><br>• No allegation that anyone made any unauthorized purchases on the credit card Kamal used to make his purchases at J. Crew;<br><br>• No allegation that Kamal had to obtain a new credit card; and<br><br>• No allegation that Kamal's identity was stolen. |
|---|---|---|
| Allegations regarding Alleged Risk of Harm | J. Crew has "also harmed Plaintiff and the Class by exposing them to at least an increased **risk** of identity theft and credit and or debit card fraud."<br>(¶ 48) (emphasis added) | "By failing to comply Defendants have . . . expose[d] cardholders to increased **risk** of identity theft."<br>(¶ 63) (emphasis added) |
| Putative Class | Nationwide class for any and all violations of FACTA | Nationwide class for any and all violations of FACTA |
| Relief Requested | • Statutory damages of between $100 to $1,000 per violation.<br><br>• Statutory attorneys' fees and costs. | • Statutory damages of between $100 to $1,000 per violation.<br><br>• Statutory attorneys' fees and costs. |

The second factor is important due to the question of whether plaintiffs like Ms. Parker and Kamal have suffered a "concrete" injury-in-fact necessary to confer standing to assert a FACTA claim. The "issue of standing has been a hot topic . . . following the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)." *Mogg v. Jacobs*, 15-CV-1142-JPG-

DGW, 2016 WL 4395889, at *3 (S.D. Ill. Aug. 18, 2016).  The Seventh Circuit and this District have addressed motions to dismiss for lack of standing post-*Spokeo*, but neither has done so in the specific context of a FACTA violation.  *See Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 823 (7th Cir. 2016) ("The question as to whether the injuries sustained in FACTA cases such as this one are concrete enough to satisfy the standard in Spokeo is still unresolved."). In fact, only six district courts nationwide have addressed this exact issue, resulting in inconsistent decisions.[7]

The *Kamal* Court tackled this issue and is therefore familiar with the (i) interplay between FACTA and *Spokeo*, and (ii) decisions by other district courts that had addressed the issue.  *See Kamal v. J. Crew Group, Inc.*, No. 15-0190, 2016 WL 6133827, at *3 (D.N.J. Oct. 20, 2016).  The *Kamal* Court's familiarity is relevant because J. Crew intends to move to dismiss the Second Amended Complaint recently filed in the *Kamal* Action for lack of standing. Consequently, it would it be inefficient to have two identical actions pending in two different federal district courts, and to require this Court to "invest the time learning" about the post-*Spokeo* FACTA precedent that the District of New Jersey has already analyzed.  *Rosen*, 152 F. Supp. at 1065; *see also Ward v. Soo Line R.R. Co.*, 15 C 5931, 2015 WL 6164974, at *2 (N.D. Ill. Oct. 20, 2015) (Der-Yeghiayan, J.) (granting motion to transfer because "a transfer would

---

[7]     The Northern District of California, the District of New Jersey, the Western District of Missouri, and the District of Nevada all held that the plaintiffs did *not* have standing to sue.  *See Stelmachers v. Verifone Systems, Inc.*, No. 5:14-cv-04912, 2016 WL 6835084 (N.D. Cal. Nov. 21, 2016); *Kamal*, 2016 WL 6133827; *Thompson v. Rally House of Kansas City, Inc.*, No. 15-00886 (W.D. Mo. Oct. 6, 2016) (Shah Decl., Ex. G); *Noble v. Nevada Checker CAB Corp.*, No. 2:15-cv-02322, 2016 WL 4432685 (D. Nev. Aug. 19, 2016).

The Southern District of Florida and Northern District of Georgia reached the opposition conclusion based on then-binding 11th Circuit precedent.  *See Flaum v. Doctor's Assocs., Inc. d/b/a/ Subway*, __ F. Supp.3d __, 2016 WL 7015823 (S.D. Fla. Aug. 29, 2016); *Wood v. J Choo USA, Inc.*, __ F. Supp. 3d __, 2016 WL 4249953 (S.D. Fla. Aug. 11, 2016); *Guarisma v. Microsoft Corp.*, __ F. Supp. 3d __, 2016 WL 4017196 (S.D. Fla. July 26, 2016); *Altman v. White House Black Mkt., Inc.*, No. 15-2451, 2016 WL 3946780, at *4 (N.D. Ga. July 13, 2016).

send the case to a court that has already been considering many of the same facts and legal issues.  A transfer would also ensure that there are not inconsistent rulings regarding the same issues"); *Flava Works, Inc. v. A4A Reseau, Inc.*, 15 C 610, 2015 WL 1926280, at *2 (N.D. Ill. Apr. 28, 2015) (Der-Yeghiayan, J.) (granting motion to transfer because "the Southern District of Florida has familiarity with the issues presented in this case and can more efficiently preside over this case. A transfer will also facilitate the consolidation of related cases and help to avoid the possibility of inconsistent rulings upon the issues presented in this case"); *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 917 (N.D. Ill. 2009) (granting motion to transfer because, *inter alia*, the transferee district had "just decided" a key legal issue and was therefore "intimately familiar" with the law and "could more efficiently determine" related issues than this Court).

Indeed, this Court has granted a motion to transfer a FACTA class action when faced with similar considerations.  For example, in *Rosen*, identical class actions were filed against Spirit Airlines for an alleged FACTA technical violation.  152 F. Supp. 3d at 1057-58.  An action was initiated in this Court, and a second action in the Southern District of Florida (the "*Legg* Class Action").  *Id.* at 1058.  The *Legg* Class Action proceeded faster than *Rosen*, and Spirit Airlines moved this Court to transfer *Rosen* to the Southern District of Florida.  *Id.*  This Court found that "trying related litigation together weighs heavily in favor of transfer."  *Id.* at 1065.

> While transfer to the Southern District of Florida may not be warranted by looking to the convenience of the parties and witnesses alone, transfer is warranted to enable this case to be coordinate or consolidated with the similar *Legg* class action. There is no dispute that the *Rosen* and *Legg* class actions are similar . . . .  Both cases arise from the same pattern of facts: customers of Spirit Airlines made credit or debit card purchases at airports and the customers received receipts containing more credit card information than allowed by FACTA.  From these facts, Mr. Rosen and Mr. Legg each bring a single claim under FACTA and

14

> seek to certify nationwide classes that overlap in scope. *Transfer thus is warranted based on the common factual and legal issues that will arise in these two cases.*

*Id.* at 1063 (emphasis added).

The same result follows here. Here, this Court should exercise its "broad discretion," *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989), and transfer the case. *See Aland v. Kempthorne*, No. 07-CV-4358, 2007 WL 4365340, at *5 (N.D. Ill. Dec. 11, 2007) ("1404(a) was designed to prevent the situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts").

**B.   IN THE ALTERNATIVE, THIS ACTION SHOULD BE DISMISSED UNDER THE FIRST-FILED DOCTRINE BECAUSE IT IS "VIRTUALLY IDENTICAL" TO THE *KAMAL* ACTION.**

**i.   It is Appropriate to Address Second Dismissal Under the First-Filed Doctrine.**

As stated above, "a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem*, 549 U.S. at 431 (quoting *Ruhrgas*, 526 U.S. at 585). Thus, in the event this Court does not order a transfer, it may next address J. Crew's request for dismissal under the first-filed doctrine *prior to* determining whether subject matter jurisdiction exits. *See, e.g., Marietta Drapery & Window Covering Co.*, 486 F. Supp. 2d at 1368, n.2 ("Because a dismissal under the first filed rule is not a determination on the merits, the Court need not establish that it has subject matter jurisdiction over this action before proceeding to consider whether the first filed rule should be applied in this case.") (internal citation omitted). This Court should, in the alternative, dismiss the Complaint pursuant to the first-filed doctrine.

### ii.  This Action is Duplicative of the *Kamal* Action.

"It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *Ridge Gold*, 572 F. Supp. at 1212-13.  The first-filed doctrine provides that a "federal suit may be dismissed 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'"  *Serlin*, 3 F.3d at 223 (alteration in original) (quoting *Ridge Gold*, 572 F. Supp. at 1213).

The doctrine is "premised on the notion that there should not be simultaneous litigation of essentially identical claims in two federal district courts; one of those actions should yield to the other in interest of judicial economy."  *Alchemist Jet Air, LLC v. Century Jets Aviation, LLC*, No. 08 C 5386, 2009 WL 1657570, at *5, n.4 (N.D. Ill. June 12, 2009).  There is a "rebuttable presumption the first case that establishes jurisdiction should be allowed to proceed, and the second case be dismissed."  *Moore v. Morgan Stanley & Co., Inc.*, No. 07 C 5606, 2007 WL 4354987, at *1 (N.D. Ill. Dec. 6, 2007).  The plaintiff bears the burden of "'demonstrating any special circumstances'" to prevent application of the first-filed doctrine.  *Chicago Heights Steel v. Rapid Eng'g, Inc.*, No. 94 C 3579, 1995 WL 27398, at *1 (N.D. Ill. Jan. 23, 1995) (quoting *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 132 (S.D.N.Y. 1994)).

"District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'"  *Serlin*, 3 F.3d at 223 (quoting *Ridge Gold*, 572 F. Supp. at 1213).  A decision to dismiss a second-filed action as duplicative will be reversed "only for abuse of discretion."  *McReynolds v. Merrill Lynch &*

16

*Co., Inc.*, 694 F.3d 873, 889 (7th Cir. 2012) (stating that a decision to dismiss as duplicative will

be reversed "only for abuse of discretion").

### 1.  The Parties Do Not "Significantly Differ."

The fact that the named plaintiff here is not the same named plaintiff in the *Kamal* Action

is irrelevant for purposes of the first-filed doctrine.  "In cases like this, the relevant question is

whether the *class members* would be the same in the two actions, *not whether the named

plaintiffs are the same*."  *Humphrey*, 2014 WL 3511498, at *3 (emphasis added) (citing *Askin v.

Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, at *4 (N.D. Ill. Feb. 15, 2012) ("True, the

named plaintiffs are not the same, but recent cases from this and other districts make clear that

the class members are the proper focus of this inquiry.").

Here, the putative classes do not "significantly differ."  *Serlin*, 3 F.3d at 223.

| *Kamal* Action – Second Amended Complaint<br>(Attached as  Ex. F to the Shah Decl.) | This Action |
|---|---|
| "This action is brought on behalf of Plaintiff individually and as a class action on behalf of all persons or entities to whom any Defendant provided an electronically printed receipt at the point of sale or transaction, in a sale or transaction occurring **after January 10, 2010**, which receipt displayed more than the last five digits of the customer's credit card number."<br>(¶ 20) (emphasis added) | "All consumers to whom Defendants, **after January 9, 2013**, provided an electronically printed receipt at the point of a sale or transaction at any of Defendants' physical store locations, on which receipt Defendants printed more than the last 5 digits of the consumer's credit card or debit card . . . ."<br>(¶ 17) (emphasis added). |

Both actions contemplate nationwide classes for any and all violations of FACTA.  Both

actions are predicated on whether a technical FACTA violation occurred.  The only difference is

that the *Kamal* Action seeks to include alleged violations dating back three years earlier than

*Parker*.  A broader temporal scope does not, however, cause the *Kamal* Action to "significantly

differ" from this action.  Indeed, the *opposite is true*—the putative class here is subsumed by the

putative class in the *Kamal* Action.  *See McReynolds*, 694 F.3d at 889 (stating that the "larger

class size . . . actually *support* the district court's holding that any challenge to [defendant's] underlying employment practices here is subsumed in the earlier case") (emphasis in original). Consequently, the proposed classes are duplicative.

Moreover, the fact that there are additional defendants named in the *Kamal* Action is also irrelevant for purposes of the first-filed doctrine.  "[A]pplication of the rule does not require identical parties in the cases, but merely requires 'substantial overlap.'" *Wyler-Wittenberg v MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012)).  In addition to J. Crew Group, Inc., the *Kamal* Action also names as defendants entities that are alleged affiliates, subsidiaries, and/or parents of J. Crew Group, Inc.  (*See* Raj Decl., Ex. F at ¶¶ 9-18). Accordingly, because both actions contemplate "J. Crew" as the defendant(s), there is "substantial overlap."

### 2.   The Claims and Available Relief Do Not "Significantly Differ."

As illustrated in the chart on pages eleven and twelve above, the claims and relief requested in each action do not differ at all, let alone "significantly differ."  *Serlin*, 3 F.3d at 223.

### 3.   There are No "Special Circumstances" to Prevent Application of the First-Filed Doctrine.

No "special circumstances" exist here to rebut the presumption that the second-filed action be dismissed.  *Chicago Heights*, 1995 WL 27398, at *1.  Examples of "special circumstances" include:

> [1] the defendant's inability to obtain jurisdiction over a counterclaim defendant in the first-filed suit, [2] the trivial nature of the original suit compared to the latter one, [3] a showing that the first action was in bad faith, [4] a showing that the plaintiff in the first-filed action raced to the courthouse to avoid litigation in another forum, or [5] a showing that the second action has developed further than the first.

*Alchemist Jet Air*, 2009 WL 1657570, at *2. Factors one, two, and five are inapplicable here. As to the second factor, this action—not the *Kamal* Action—implicates greater concerns over a bad-faith filing. *See infra* p. 5 and n.5. Moreover, there is no evidence to support the fourth factor, that Kamal "raced to the court" to beat Ms. Parker. *Alchemist Jet Air*, 2009 WL 1657570, at *2. The alleged technical violations in *Kamal* occurred in December 2014 and January 2015 (*see* Ex. F to Shah Decl., ¶¶ 98, 100, 102), whereas the allegation technical violation here occurred *at least two months earlier*, in October 2014 (Compl., ¶ 34). Thus, if anything, Mr. Kamal did not "race[] to the courthouse," *Alchemist Jet Air*, 2009 WL 1657570, at *2; Ms. Parker *delayed* going to the courthouse.

Accordingly, this Court should exercise its discretion and dismiss this action. *See Kim v Sara Lee Bakery Group, Inc.*, 412 F. Supp. 2d 929, 941 (N.D. Ill. 2006) ("[T]he Court finds that the Second Action is duplicative of the First Action, and further does not find that any 'special factors' counsel against dismissing the Second Action. Thus, the Court finds that the Second Action should be dismissed for the independent and adequate reason that it is duplicative of the First Action.") (internal citations omitted); *Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co.*, 34 F. Supp. 2d 1092, 1095 (N.D. Ill. Feb. 9, 1999) ("[B]ecause this is duplicative of an already pending suit in the Eastern District of Missouri and [the plaintiffs] have shown no special circumstances which justify this court's divergence from the 'first-to-file' rule, [the defendant's] motion to dismiss is granted."), *appeal dismissed*, 203 F.3d 442 (7th Cir. 2000); *see also Serlin*, 3 F.3d at 224 ("As there are no significant differences between the claims, parties, and available relief in the two suits, the trial judge did not err in finding them duplicative."); *Chicago Heights*, 1995 WL 27398, at *2 ("We dismiss this case

without prejudice because there is an identical lawsuit pending in the United States District Court

for the Western District of Michigan, which was filed first.").

## VI.    CONCLUSION

For the foregoing reasons, J. Crew requests the following relief:

1. An order transferring this action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a); or

2. In the alternative, dismissal under the first-filed doctrine.

Respectfully submitted,

DATED:   December 9, 2016

/s/ Raj N. Shah
Raj N. Shah
Allyson E. Poulos
**DLA PIPER LLP (US)**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601
Tel.:    (312) 368.4000
Fax:    (312) 236.7516
raj.shah@dlapiper.com
allyson.poulos@dlapiper.com


Keara M. Gordon (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
45th Floor
New York, New York 10020-1104
Tel.:    (212) 335.4500
Fax.:    (212) 335.4501
keara.gordon@dlapiper.com


-and-

Andrew O. Bunn (admitted *pro hac vice*)
Steven R. Marino (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway
Suite 120
Short Hills, New Jersey 07078-2704
Tel.:   (973) 520.2550
Fax.:   (973) 520.2551
andrew.bunn@dlapiper.com
steven.marino@dlapiper.com

*Attorneys for Defendant*
*J. Crew Group, Inc.*

21

## CERTIFICATE OF SERVICE

A copy of the foregoing document (with attachments) was filed electronically on December 9, 2016.  Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.


DATE:  December 9, 2016                    Respectfully submitted,

                                           /s/ Raj N. Shah
                                           Raj N. Shah