**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| ANITA PARKER, on behalf of herself and all others similarly situated | : Case No.: 1:16-cv-10775 |
|  | : |
| Plaintiff, | : Honorable Samuel Der-Yeghiayan |
|  | : |
| v. | : |
|  | : |
| J. CREW GROUP, INC., J. CREW L.L.C. and DOES 1 through 100, inclusive | : |
|  | : |
| Defendants. | : |

---

**BRIEF OF DEFENDANT J. CREW GROUP, INC.
IN OPPOSITION TO THE MOTION TO REMAND**

---

Raj N. Shah
Allyson E. Poulos
**DLA PIPER LLP (US)**
203 North LaSalle Street
Suite 1900
Chicago, IL 60601-1293
Tel.:    (312) 368.4000
Fax:    (312) 236.7516
raj.shah@dlapiper.com
allyson.poulos@dlapiper.com

Keara M. Gordon (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 45t.h Floor
New York, NY 10020-1104
Tel.:    (212) 335.4500
Fax:    (212) 335.4501
keara.gordon@dlapiper.com

-and-

Andrew O. Bunn (admitted *pro hac vice*)
Steven R. Marino (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ 07078-2704
Tel.:    (973) 520-2550
Fax:    (973) 520-2551
andrew.bunn@dlapiper.com
steven.marino@dlapiper.com

*Attorneys for Defendant J. Crew Group, Inc.*

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................................. 1

II.     PROCEDURAL BACKGROUND................................................................. 3

III.    ARGUMENT ....................................................................................................... 4

     A.   REMOVAL WAS PROPER BECAUSE THIS COURT HAS
        "ORIGINAL JURISDICTION" OVER FACTA CLAIMS .................................. 4

        i.    The Complaint Alleges Federal-Question Jurisdiction............................. 4

        ii.   That FACTA Provides for Concurrent Jurisdiction Does Not
            Render Removal Improper........................................................................ 5

     B.   THERE IS NO THRESHOLD REQUIREMENT THAT A COURT
        MUST RESOLVE SUBJECT-MATTER JURISDICTION PRIOR TO
        ORDERING A TRANSFER OR DISMISSAL UNDER THE FIRST-
        FILED DOCTRINE ............................................................................................ 6

     C.   "JUDICIAL ECONOMY AND RESTRAINT" CONFIRM THAT THE
        MOTION TO TRANSFER OR DISMISS SHOULD BE DECIDED
        PRIOR TO THE ISSUE OF SUBJECT-MATTER JURISDICTION.................. 8

        i.    The "Judicial Economy and Restraint" Standard and Related
            Principles Guides this Court's Analysis ................................................... 8

        ii.   Application of that Standard Here Confirms that this Case Should
            be Transferred or Dismissed Under the First-Filed Doctrine ................. 10

     D.   RESOLVING (AND GRANTING) THE MOTION TO REMAND
        WOULD BE THE MOST DISRUPTIVE RESULT ......................................... 14

IV.    CONCLUSION.................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aland v. Kempthorne*,
No. 07-CV-4358, 2007 WL 4365340 (N.D. Ill. Dec. 11, 2007)..............................................11

*Caterpillar Inc. v. Williams*,
482 U.S. 386 (1987)...........................................................................................................................4

*Citadel Secs., LLC v. Chicago Bd. Options Exch., Inc.*,
808 F.3d 694 (7th Cir. 2015) ..........................................................................................................4

*Culhane v. Aurora Loan Servs. of Nebraska*,
708 F.3d 282 (1st Cir. 2013)....................................................................................................3, 12

*Davis Neurology v. Dictordirectory.com, LLC*,
2016 U.S Dist. LEXIS 84381 (E.D. Ark. June 29, 2016)........................................................12

*Hollister v. Molander*,
744 F. Supp. 846 (N.D. Ill. 1990) ...............................................................................................6

*In re Diet Drugs*,
282 F.3d 220 (3d Cir. 2002)...........................................................................................................2

*In re Klein*,
No. 90-6765, 1991 WL 204925 (N.D. Ill. Sept. 27, 1991), *opinion amended by* 1991
WL 237841 (N.D. Ill. Nov. 5, 1991) ........................................................................................13

*In re LimitNone, LLC*,
551 F.3d 572 (7th Cir. 2008) .......................................................................................................7

*Jabo's Pharmacy, Inc. v. Cephalon, Inc.*,
No. 2:09-289, 2010 WL 3851966, at *1 (E.D. Tenn. Sept. 27, 2010)...................................11

*Kamal v. J. Crew Group, Inc., et al.*,
No. 15-0190 .......................................................................................................................... passim

*Lewis v. Weyerhaeuser Co.*,
141 F. App'x 420, 424 (6th Cir. 2005) ....................................................................................13

*Lockard v. Equifax, Inc.*,
163 F.3d 1259 (11th Cir. 1998) ...............................................................................................5, 6

*Marietta Drapery & Window Covering Co., Inc. v. N. River Ins. Co.*,
486 F. Supp. 2d 1366 (N.D. Ga. 2007) ......................................................................................7

*MEG Mfg. Corp. v Am. Desk Mfg. Co.*,
    No. 90-4533, 1990 WL 146903 (N.D. Ill. Oct. 4, 1990) ........................................................14

*Meyers v. Oneida Tribe of Indians of Wisconsin*,
    836 F.3d 818 (7th Cir. 2016) ......................................................................... passim

*Mocek v. Allsaints USA Limited*,
    ---F.Supp.3d---, 2016 WL 7116590, at *1 (N.D. Ill. December 7, 2016)................7, 9, 10, 12

*Powers v. South Central United Food & Commercial Workers Unions and Employers*
    *Health & Welfare Trust*,
    719 F.2d 760 (5th Cir. 1983) ......................................................................................12

*Prof'l LED Lighting, Ltd. v. Aadyn Tech., LLC*,
    No. 14-2440, 2014 WL 6613012 (N.D. Ill. Nov. 21, 2014) ...........................................7

*Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*,
    626 F.3d 973, 978 (7th Cir. 2010) ............................................................................11

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574, 586 (1999)...........................................................................................1

*Shurland v. Bacci Cafe & Pizzeria on Ogden, Inc.*,
    No. 08-2259, 2010 WL 3835874 (N.D. Ill. Sept. 24, 2010) .........................................4

*Sincohem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422 (2007)................................................................................................7, 8

*Sodano v. Chase Bank USA, NA*,
    No. 2:12-CV-00369, 2012 WL 1552796 (E.D. Cal. May 1, 2012) ...............................6

*Spokeo, Inc. v. Robins*,
    __ U.S. __, 136 S. Ct. 1540 (2016)......................................................................... passim

*ZB Holdings, Inc. v. White*,
    144 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................12

**STATUTES**

15 U.S.C. § 1681n..........................................................................................................2, 5

15 U.S.C. § 1681p.........................................................................................................5, 6

28 U.S.C. 1331 ....................................................................................................1, 4, 11

28 U.S.C. 1332 ....................................................................................................11

28 U.S.C. 1337 ....................................................................................................12

28 U.S.C. § 1404(a) ...................................................................................1, 3, 11

28 U.S.C. § 1441(a) .............................................................................1, 5, 11, 12

28 U.S.C. § 1446(b)(1) .....................................................................................6

28 U.S.C. § 1447(c) ..........................................................................................6

**OTHER AUTHORITIES**

Fair and Accurate Credit Transactions Act ("FACTA") ..................................... passim

Fair Credit Reporting Act ("FCRA")...............................................................4, 5, 6

## I.     INTRODUCTION

Defendant J. Crew Group, Inc. ("J. Crew") properly removed this case to federal court. 28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." Plaintiff Anita Parker alleges in the Complaint a single claim for violation of a federal statute, the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681 *et seq.*, and original jurisdiction exists because FACTA "aris[es] under the . . . laws . . . of the United States" pursuant to 28 U.S.C. § 1331.  J. Crew therefore satisfied its burden in establishing that original jurisdiction exists sufficient to remove this case to federal court.

Ms. Parker seeks a remand not because this Court lacks "original jurisdiction," but because *J. Crew* has failed to demonstrate that Ms. Parker has Article III standing to sue in this Court.  While J. Crew disputes that it bears such a burden, resolution of that issue is unnecessary because this Court should initially address J. Crew's request to transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a) or to dismiss under the first-filed doctrine.  The threshold issue for the Court should *not* be the merits of Ms. Parker's motion to remand, but whether the motion to remand should be decided *prior to both* of J. Crew's requests for relief.

There is no categorical rule that requires this Court to decide a motion to remand or assess its own subject-matter jurisdiction prior to deciding a motion to transfer or a motion to dismiss under the first-filed doctrine (as plaintiff requests in the motion to remand).  "The Supreme Court has instructed that a court 'may find that concerns of judicial economy and restraint are overriding' and therefore decide other threshold issues *before subject matter jurisdiction.*"  *Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 822 (7th Cir. 2016) (emphasis added) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 (1999)).  Indeed, "concerns of judicial economy and restraint" in this case demonstrate that either of J.

Crew's two requests for relief should be decided first, rendering moot Ms. Parker's motion to remand. *Id.* (internal quotation marks omitted).

The determinative consideration here is that this litigation is duplicative of—and subsumed within—an action pending in the District of New Jersey since January 2015, *Kamal v. J. Crew Group, Inc., et al.*, No. 15-0190 (the "*Kamal* Action").  There is no question that Ms. Parker's case is duplicative:  Ms. Parker concedes that the *Kamal* Action has "virtually identical facts to the present case" (ECF No. 23-1, "Motion to Remand" at 6).  Ms. Parker is *a member of the putative nationwide class* in the *Kamal* Action, which Mr. Kamal purports to represent.  By insisting that her motion to remand be decided first, and the case remanded to state court, Ms. Parker's approach would foster duplicative litigation proceeding simultaneously in federal and state court.  Absent the allure of potential statutory counsel fees under FACTA, 15 U.S.C. § 1681n(a)(3), it is otherwise hard to imagine why one would seek a result that would be the most inefficient outcome for *every court* involved:

- **This Court:**  Will have to expend resources deciding complicated issues of subject-matter jurisdiction when it is under no requirement to do so and J. Crew's requests for relief can be "easily and readily" addressed.  *See Meyers*, 836 F.3d at 822 ("It makes little sense . . . to waste the resources of the district court asking it to determine one threshold issue when another is so easily and readily resolved here.") (internal parentheses omitted).

- **The Illinois Circuit Court:**  Will be forced at the outset to decide a motion to stay and/or dismiss based on comity principles, or a motion to dismiss for lack of standing under the Constitution of Illinois.  If the matter goes forward, it will then have to decide discovery issues, dispositive motions, and/or class certification, all of which the District of New Jersey may also be deciding in the *Kamal* Action at the same time (with Mr. Kamal purporting representing the same putative class – albeit a temporally larger one).

- **The District of New Jersey:**  Will be subject to the risk of inconsistent judgments.  As a result, it may be forced to issue an injunction under the All Writs Act.  *See In re Diet Drugs*, 282 F.3d 220, 235 (3d Cir. 2002) ("[A] federal court entertaining complex litigation, especially when it involves a substantial class of persons from multiple states . . . may appropriately enjoin state court proceedings in order to protect its jurisdiction.").

-2-

In sharp contrast, resolution first of either J. Crew's request to transfer or to dismiss avoids these concerns in their entirety.  For example, as Ms. Parker already concedes her claim is "virtually identical" to that of the *Kamal* Action, this Court may swiftly dismiss it under the first-filed doctrine.  (Motion to Remand at 6).  No other courts will be burdened by a dismissal under the first-filed doctrine.  Moreover, transfer to the District of New Jersey will prevent inconsistent results in duplicative litigation by ensuring that only one court addresses all threshold issues and, if necessary, discovery issues, dispositive motions, class certification, trial, and any resulting appeal.

Consequently, this Court should decide and grant either one of J. Crew's requests for relief and deny as moot the Motion to Remand.  In the alternative, if this Court does first reach the Motion to Remand, it should be denied as J. Crew properly removed this action and disputes that it bears the post-removal burden to establish Ms. Parker's standing.  *See, e.g., Culhane v. Aurora Loan Servs. of Nebraska*, 708 F.3d 282, 289 (1st Cir. 2013) ("Once removal has been effected, the burden of going forward with the claim in federal court (including the burden of establishing standing) still rests with the plaintiff.").

## II.     PROCEDURAL BACKGROUND

Ms. Parker initiated this action by filing the Complaint in the Circuit Court of Cook County, Chancery Division (the "Chancery Division"), on October 6, 2016.  J. Crew removed this action to this Court on November 21, 2016.  (*See* ECF No. 1, "Notice of Removal").

On December 5, 2016, Ms. Parker filed the Motion to Remand.  Four days later, on December 9, 2016, J. Crew filed a Motion to (1) Transfer Pursuant to 28 U.S.C. § 1404(a); or (2) Dismiss Pursuant to the First-Filed Doctrine ("Motion to Transfer or Dismiss"). (ECF No. 28).

A status hearing was held on December 13, 2016, and the Court ordered that any opposition to the Motion to Remand and the Motion to Transfer or Dismiss be filed on or before January 18, 2017, and that any replies be filed on or before February 1, 2017.  (ECF No. 33).

## III.   ARGUMENT

### A. REMOVAL WAS PROPER BECAUSE THIS COURT HAS "ORIGINAL JURISDICTION" OVER FACTA CLAIMS.

#### i.   The Complaint Alleges Federal-Question Jurisdiction.

First, it is undisputed that FACTA confers federal-question jurisdiction.  28 U.S.C. § 1331 states that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  FACTA plainly "aris[es] under the . . . laws . . . of the United States" pursuant to 28 U.S.C. § 1331.[1]  *See Shurland v. Bacci Cafe & Pizzeria on Ogden, Inc.*, No. 08-2259, 2010 WL 3835874, at *1 (N.D. Ill. Sept. 24, 2010) ("Congress enacted FACTA, an amendment to the Fair Credit Reporting Act ('FCRA'), 15 U.S.C. § 1681 *et seq.*, on December 4, 2003.").

Second, it is also undisputed that the Complaint alleges the presence of federal-question jurisdiction.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *see also Citadel Secs., LLC  v. Chicago Bd. Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015) (same).  The Complaint alleges only a single claim for relief under FACTA.  (*See* Compl. at ¶ 1 ("Plaintiff on behalf of herself and all

---

[1]     Ms. Parker's out-of-state counsel has filed numerous putative FACTA class action complaints in federal court.  In two recent complaints, the plaintiff, through counsel, represented that the federal court had "federal question jurisdiction pursuant to 28 U.S.C. § 1331."  *See* Declaration of Raj Shah ("Shah Decl.") (attached as Ex. 1) at Ex. A thereto, ¶ 12 and Ex. B thereto, ¶ 8.

others similarly situated brings this action against J. Crew . . . based on [its] violations of the Fair and Accurate Credit Transactions Act, 15 U.S.C. §§ 1681 *et seq.*) (internal parentheses omitted); *see also id.* at ¶¶ 46, 47, 49 (alleging that J. Crew violated FACTA and seeking statutory damages pursuant to 15 U.S.C. § 1681n)).  Accordingly, removal was proper under 28 U.S.C. § 1441(a) because (i) FACTA is a federally-enacted statutory scheme and (ii) the Complaint contains an explicit claim for relief under FACTA.  (*See* Notice of Removal at ¶¶ 2-7).

### ii. That FACTA Provides for Concurrent Jurisdiction Does Not Render Removal Improper.

The jurisdictional statute under the FCRA—which FACTA shares—states:  "An action to enforce any liability created under this subchapter *may* be brought in any appropriate United States district court, without regard to the amount in controversy, *or* in any other court of competent jurisdiction."  15 U.S.C. § 1681p (emphasis added).  Ms. Parker relies on the last clause in 15 U.S.C. § 1681p as the basis for initiating this action in the Chancery Division.  (*See* Motion to Remand at 9).  As a result, Ms. Parker claims that removal to this Court has "robbed . . . of her choice of where to have her case adjudicated."  (*Id.* at 7).

Just as it was permissible for Ms. Parker to initiate this action in the Chancery Division, *it was equally appropriate* for J. Crew remove to it to this Court.  For example, Ms. Parker argues that "'the sole purpose of the language at issue here [15 U.S.C. § 1681p] is to allow state courts concurrent jurisdiction for actions brought under the FCRA.'"  (*Id.* at 9, n.6) (quoting *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1264 (11th Cir. 1998)).  Ms. Parker fails, however, to acknowledge the remaining language from that same sentence in *Lockard,* which is emphasized below:

> . . . the sole purpose of the language at issue here [15 U.S.C. § 1681p] is to allow state courts concurrent jurisdiction for actions brought under FCRA, **and that the provision of concurrent jurisdiction does not prohibit removal**.

-5-

*Lockard*, 163 F.3d at 1264-65 (emphasis added).  In fact, *Lockard* explicitly acknowledges that "[a]llowing an action to be 'brought' in a particular court allows the plaintiff to initiate a suit in that court, but provides no guarantee that the suit will end in the same court."  *Id.* at 1264; *see also Sodano v. Chase Bank USA, NA*, No. 2:12-CV-00369, 2012 WL 1552796, at *4 (E.D. Cal. May 1, 2012) ("The undersigned finds *Lockard* persuasive and concludes that Congress did not intend to limit removal of FCRA claims by enacting 15 U.S.C. § 1681p . . . ."), *report and recommendation adopted*, No. CIV-S-12-0369, 2012 WL 4461075 (E.D. Cal. Sept. 25, 2012); *Hollister v. Molander*, 744 F. Supp. 846, 848 (N.D. Ill. 1990) ("the fact of concurrent jurisdiction" does not "bear upon the propriety of defendant's right to remove a federal cause of action to federal court").

Although Ms. Parker initiated this action in the Chancery Division, J. Crew has the corresponding right to have a federal claim removed and adjudicated in a federal court.  While it is true that Ms. Parker's standing to sue is now tied to the requirements of Article III rather than the Constitution of Illinois, one would think that Ms. Parker would affirmatively represent that she, of course, has standing to assert a federal cause of action in federal court.  *Ms. Parker, however, takes no position*.  (*See* Motion to Remand at 7, n. 5) ("Plaintiff is not stating one way or the other whether Article III can be established.").  By refusing to address that question, it is Ms. Parker—not J. Crew—who seeks to "have it both ways."  (Motion to Remand at 2).

## B. THERE IS NO THRESHOLD REQUIREMENT THAT A COURT MUST RESOLVE SUBJECT-MATTER JURISDICTION PRIOR TO ORDERING A TRANSFER OR DISMISSAL UNDER THE FIRST-FILED DOCTRINE.

Ms. Parker does not challenge that this Court has "original jurisdiction" over a FACTA claim or that removal was timely under 28 U.S.C. § 1446(b)(1).  The Motion to Remand is instead limited to subject-matter jurisdiction—*i.e.,* who bears the burden of establishing Ms. Parker has standing to sue and whether that burden has been met.  Ms. Parkers argues that "if

subject-matter jurisdiction is not established, it is *mandatory* [under 28 U.S.C. § 1447(c)] for a district court to remand the case to state court where it originated." (Motion to Remand at 10) (emphasis in original). However, it is well established that "a federal court is not required to 'consider subject matter jurisdiction over all other threshold matters.'" *Mocek v. Allsaints USA Limited,* ---F.Supp.3d---, 2016 WL 7116590, at *1 (N.D. Ill. December 7, 2016) (quoting *Meyers*, 836 F.3d at 821).

The only situation in which subject-matter jurisdiction *must* be established is if a court intends to decide the merits of a case. *See Sincohem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits.") (citing *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006)). J. Crew does not seek a ruling as to whether it in fact willfully violated FACTA as Ms. Parker alleges in the Complaint. (*See* Compl. at ¶¶ 46, 47, 49). Therefore, resolution of subject-matter jurisdiction is *not* a prerequisite to deciding the Motion to Transfer or Dismiss. Indeed, "[t]he Seventh Circuit has held that a district court does not act outside of its authority when it considers a transfer request . . . prior to subject-matter jurisdiction." *Prof'l LED Lighting, Ltd. v. Aadyn Tech., LLC*, No. 14-2440, 2014 WL 6613012, at *4 n. 5 (N.D. Ill. Nov. 21, 2014) (internal quotation marks omitted); *see also In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008) ("[T]he district court was not required to determine its own subject-matter jurisdiction before ordering the case transferred."). Similarly, "[b]ecause a dismissal under the first filed rule is not a determination of the merits, the Court need not establish that it has subject matter jurisdiction over this action before proceeding to consider whether the first filed rule should be applied in this case." *Marietta Drapery & Window Covering Co., Inc. v. N. River Ins. Co.*, 486 F. Supp. 2d 1366, 1368, n.2 (N.D. Ga. 2007).

### C. "JUDICIAL ECONOMY AND RESTRAINT" CONFIRM THAT THE MOTION TO TRANSFER OR DISMISS SHOULD BE DECIDED PRIOR TO THE ISSUE OF SUBJECT-MATTER JURISDICTION.

#### i. The "Judicial Economy and Restraint" Standard and Related Principles Guides this Court's Analysis.

Because the law does not mandate the sequence in which the Court must address the pending motions, this "court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sincohem*, 549 U.S. at 431 (quoting *Ruhrgas*, 526 U.S. at 585). In assessing whether to decide first J. Crew's Motion to Transfer or Dismiss or the Motion to Remand, the standard to be applied is "'judicial economy and restraint.'" *Meyers*, 836 F.3d at 822 (quoting *Ruhrgas*, 526 U.S. at 586).

In *Meyers v. Oneida Tribe of Indians of Wisconsin*, the Seventh Circuit affirmed the district court's dismissal of a FACTA class action because "the defendant, an Indian Tribe, was immune from suit under [FACTA]." 836 F.3d at 820. The Seventh Circuit could have—but chose not to—decide the matter on another threshold issue, whether the plaintiff had standing in light of the Supreme Court's decision in *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540 (2016). *Meyers*, 836 F.3d at 821-22. The Seventh Circuit reasoned that, based "on concerns of judicial economy and restraint," the sovereign immunity issue was capable of being more "easily and readily" resolved:

> We could remand this case to the district court to determine whether Meyers has standing in light of *Spokeo* (or request additional briefing in this court). That would answer the threshold question of whether the plaintiff is properly before this court for purposes of subject matter jurisdiction. However, another threshold issue is easily answered—that is whether the plaintiff can obtain relief from the defendant through this suit. We conclude that the defendant has sovereign immunity and therefore it cannot. *The Supreme Court has instructed that a court "may find that concerns of judicial economy and restraint are overriding" and therefore decide other threshold issues before subject matter jurisdiction. See Ruhrgas*, 526 U.S. at 586, 119 S.Ct. 1563. It

> makes little sense for this court to waste the resources of the district court (and the time for remand, and the parties in briefing) asking it to determine one threshold issue when another is so *easily and readily* resolved here.

*Id.* at 821-22 (emphasis added).

This Court in *Mocek* reiterated that "a federal court is *not* required to 'consider subject matter jurisdiction over all other threshold matters.'"   *Mocek*, 2016 WL 7116590, at *1 (emphasis added) (quoting *Meyers*, 836 F.3d at 821).   In determining which threshold issue to resolve first, *Mocek* focused on judicial economy, specifically, the more "easily and readily" resolvable guidepost from *Meyers*.   Application of those principles in *Mocek* was straightforward because *both the plaintiff and defendant agreed* there was no subject-matter jurisdiction:

> So, too, in this case, the jurisdictional issue is "*easily and readily*" resolved based on the parties' post-removal agreement that federal jurisdiction is lacking. . . .   Because the parties are now aligned in the view that I lack subject-matter jurisdiction, I need not accept defendants' invitation to undertake a *Spokeo* analysis to conclude that remand is required.

*Id.* at *2 (emphasis added).   Because Ms. Parker relies on *Mocek* for support (ECF No. 32), there should be no dispute that concerns of judicial economy—*i.e.*, which motion is more "easily and readily" resolved—now govern this Court's analysis here.

For the avoidance of doubt, by urging application of the legal standard employed in *Meyers* and *Mocek*, J. Crew does not suggest that (i) *Mocek* is analogous to the facts and circumstances of this case or (ii) the same result from *Mocek* (remand) is required here.   Instead *Mocek* is distinguishable from this case for at least the following reasons:

- Ms. Parker has not taken a position as to "whether Article III can be established." (Motion to Remand at 7, n. 5).   In *Mocek*, however, the plaintiff *did* take an affirmative position—"Ms. Mocek has agreed in both open and court and her Response to Defendant's Motion to Dismiss that this Court lacks federal jurisdiction."  (Shah Decl., Ex. C. thereto at 3); *see also Mocek*, 2016 WL 7116590, at *1 (noting that Plaintiff

"agree[d]" that the Northern District of Illinois "lack[ed] jurisdiction over plaintiff's only claim)."

- Unlike the defendant in *Mocek*, J. Crew's pending motion is to transfer or dismiss as first file, not a motion seeking dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. And, here, is it not the case that "[n]either side believes this case belongs in federal court." *Mocek*, 2016 WL 7116590, at *1. J. Crew emphatically believes that *this case* does belong *in a* federal court, but it belongs in the federal court *in New Jersey* with the case in which Ms. Parker's claims are subsumed and where the Court will decide, the standing issue. While J. Crew has sought dismissal in *Kamal*, there is no guarantee that the District of New Jersey will dismiss the Second Amended Complaint. J. Crew seeks a transfer and consolidation so that all FACTA claims against it by the same putative class can be heard in one court.

- Duplicative litigation was not implicated in *Mocek*. An analysis of standing under *Spokeo* was the only alternative to remand in *Mocek*, whereas this Court also has before it a motion to transfer and a motion to dismiss under the first-filed doctrine.

Thus, the only binding takeaway from *Meyers* and *Mocek* is that concerns of judicial economy and restraint guide the analysis of which threshold issue to decide, with the more "easily and readily" resolved framework used to help assess those concerns.

### ii. Application of that Standard Here Confirms that this Case Should be Transferred or Dismissed Under the First-Filed Doctrine.

Resolution of the motion to dismiss based on the first-filed doctrine is the motion that is most "easily and readily" resolved. Ms. Parker concedes that this action is "virtually identical" to the *Kamal* Action. (Motion to Remand at 6). As illustrated in the comparison chart in the Motion to Transfer or Dismiss,[2] the clear duplicative nature of the two lawsuits warrants dropping the "virtually" qualifier to Ms. Parker's concession and concluding that both actions are, in fact, identical. (Motion to Transfer or Dismiss at 11-12). No additional work or judicial resources need be expended in resolving the motion to dismiss under the first-filed doctrine.

---

[2]     J. Crew incorporates-by-reference the merits of its arguments in the Motion to Transfer or Dismiss. This brief instead focuses on the order of disposition in response to Ms. Parker's motion to remand.

Resolution of the motion to transfer is the motion that is next most "easily and readily" resolved.  Based on the undisputed fact that an earlier-filed and identical action is pending in the District of New Jersey, the "interests of justice" analysis under U.S.C. § 1404(a) is also clearly satisfied.  (*See* Motion to Transfer or Dismiss at 10-15); *see also Aland v. Kempthorne*, No. 07-CV-4358, 2007 WL 4365340, at *5 (N.D. Ill. Dec. 11, 2007) ("1404(a) was designed to prevent the 'situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts'").[3]  Any residual considerations—*i.e.*, the private interest factors of a transfer—need not entail an extensive analysis as it is plain that "'[t]he interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result.'"  (Motion to Transfer or Dismiss at 10) (quoting *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010)).

The Motion to Remand is the least "easily and readily" resolved.  It implicates multiple issues, the first of which is whether Ms. Parker (as the non-removing party) or J. Crew (as the removing party) bears the burden of demonstrating post-removal standing to sue  J. Crew does not bear that burden.

Pursuant to 28 U.S.C. § 1441(a), the removing party is required to establish only that "the district courts of the United States have *original jurisdiction*" over the claim(s) asserted in the complaint.  (Emphasis added).  "The 'original jurisdiction' to which section 1441 refers can rest with the federal courts because of [1] citizenship between the parties, *see* 28 U.S.C. § 1332, [2] because the claim 'arises under' federal law, *see* 28 U.S.C. § 1331, or [3] by virtue of some other

---

[3]     As outlined in the Motion to Transfer or Dismiss, courts have decided a motion to transfer prior to motions to remand, and doing so is "'particularly appropriate . . . where a related suit is already pending in the transferee district.'"  (Motion to Transfer or Dismiss at 7) (quoting *Jabo's Pharmacy, Inc. v. Cephalon, Inc.*, No. 2:09-289, 2010 WL 3851966, at *1 (E.D. Tenn. Sept. 27, 2010)) (alteration in original).

explicit grant of jurisdiction, *see, e.g.*, 28 U.S.C. § 1337." *Powers v. South Central United Food & Commercial Workers Unions and Employers Health & Welfare Trust*, 719 F.2d 760, 763 (5th Cir. 1983). Thus, the term "original jurisdiction" means "jurisdiction in the *first instance* over a viable lawsuit." *ZB Holdings, Inc. v. White*, 144 F.R.D. 42, 47 (S.D.N.Y. 1992) (emphasis added). There is no dispute that J. Crew has met its burden in establishing that jurisdiction exists "in the first instance" by virtue of Ms. Parker's assertion of a violation of FACTA. *See infra pp.* 4-5.

Ms. Parker argues that, in addition to meeting the plain language requirement of "original jurisdiction" in 28 U.S.C. § 1441(a), J. Crew must also establish Ms. Parker's standing to sue *once the matter is removed to federal court*. Her references to that proposition on pages 1, 2, 4, 7 (footnote 5), 9, and 10 of the Motion to Remand are all unaccompanied by citation to case law. No decision otherwise cited by Ms. Parker addresses explicitly this issue—in both *Mocek* and *Davis Neurology v. Doctordirectory.com, LLC*, the defendants conceded there was no subject-matter jurisdiction and the respective courts did not have to allocate the burden. *See Mocek*, 2016 WL 7116590, at *1; *Davis Neurology v. Dictordirectory.com, LLC*, 2016 U.S Dist. LEXIS 84381 at *2 (E.D. Ark. June 29, 2016). Conversely, in addressing this very issue, the First Circuit held squarely that "[o]nce removal has been effected, the burden of going forward with the claim in federal court (including the burden of establishing standing) still rests with the plaintiff." *Culhane*, 708 F.3d at 289. The effort needed to resolve this initial and unsettled issue in this Circuit—irrespective of how it is resolved—confirms the Motion to Remand is *not* more "easily and readily" resolved than the Motion to Transfer or Dismiss.

Next, the Motion to Remand requires the Court to decide whether J. Crew is subject to judicial estoppel. (*See* Motion to Remand at 4-7). Ms. Parker's argument here is that J. Crew is

at fault in how it has responded to the duplicative litigation she knowingly initiated in state court in an effort to avoid the United States Supreme Court's ruling in *Spokeo*.[4]  On the one hand, J. Crew is understandably seeking dismissal or consolidation of "virtually identical" duplicative litigation, while, on the other hand, Ms. Parker is seeking to burden a second court with "virtually identical" duplicative litigation.  Whereas judicial estoppel contemplates precluding "'a party from abusing the judicial process through cynical gamesmanship,'" it is Ms. Parker— not J. Crew—that is acting in such a manner.  (Motion to Remand at 5) (quoting *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005)).

Nonetheless, judicial estoppel is a "fact-dependent legal doctrine."  *In re Klein*, No. 90-6765, 1991 WL 204925, at *2 (N.D. Ill. Sept. 27, 1991), *opinion amended by* 1991 WL 237841 (N.D. Ill. Nov. 5, 1991).  Ms. Parker concedes that there is "no formula" for its application, but it instead depends on a multi-factored analysis.  (Motion to Remand at 5) (internal quotation marks omitted).  All three of those factors are absent here and judicial estoppel is thus inappropriate: (1) J. Crew has not moved affirmatively for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; (2) there is no evidence that J. Crew has "misled" any court in attempting to defend itself by obtaining dismissal and/or consolidation of duplicative litigation; and (3) there is no unfair advantage by requiring Ms. Parker to demonstrate that she has standing to assert a violation of a federal statute in a federal district court.  Finally, the effort needed to undertake this analysis further confirms it is *not* more "easily and readily" resolved than J. Crew's Motion.

---

[4]      In the two recent federal court complaints filed by Ms. Parker's out-of-state counsel, counsel represented that "Plaintiff does not know of any other litigation already commenced by or against any member of the Class concerning Defendants' printing of the expiration date of the card on customer receipts."  *See* Raj Decl., Ex. A at ¶ 27 and Ex. B at ¶ 28.  That representation is omitted from the Complaint here.

The final issue the Motion to Remand implicates is standing to sue under *Spokeo*. If the Motion to Remand is decided first, and the burden of proof is allocated to Ms. Parker, additional briefing will be required because Ms. Parker has not yet taken a position on Article III standing. (Motion to Remand at 7, n.5); *see Meyers*, 836 F.3d at 821-22 (stating that additional briefing on *Spokeo* would be a "waste" of resources).

In sum, the following illustrates how "easily and readily" resolvable the Motion to Transfer or Dismiss is versus the Motion to Remand:

| Motion to Dismiss (First-Filed Doctrine) | Motion to Transfer | Motion to Remand |
|---|---|---|
| 1. Comparison of the allegations in the complaint in the *Kamal* Action to those in the Complaint here. | 1. Determination that the "interests of justice" warrant transfer to the district where an identical action is pending. | 1. Determination whether the removing or non-removing party bears the burden of establishing the plaintiff has Article III standing to sue;<br>2. Determination of whether judicial estoppel applies; and<br>3. Determination of whether subject-matter jurisdiction does or does not exist. |

### D. RESOLVING (AND GRANTING) THE MOTION TO REMAND WOULD BE THE MOST DISRUPTIVE RESULT.

"Duplicative litigation wastes overtaxed judicial resources" and "might result in inconsistent rulings." *MEG Mfg. Corp. v Am. Desk Mfg. Co.*, No. 90-4533, 1990 WL 146903, at *3 (N.D. Ill. Oct. 4, 1990). Deciding—and granting—the Motion to Remand is *the only request* for relief that triggers *both* concerns; it will (i) inevitably and unnecessarily burden a *second* court, the Chancery Division, *and* (ii) increase the risk of inconsistent results. Given that there is no requirement that the Motion to Remand be decided first and the "easily and readily"

resolvable standard militates against deciding first the Motion to Remand, there is no reason this Court should entertain a motion that will result in undesirable and inefficient consequences.

## IV.    CONCLUSION

Ms. Parker initiated litigation that is duplicative of the *Kamal* Action, which J. Crew has been defending for two years.  Quite understandably, J. Crew wishes to consolidate these two "virtually identical" cases, which conserves the resources of the Court and the parties and protects against the risk of inconsistent judgments.  To that end, this Court respectfully should address first the relief J. Crew requested in the Motion to Transfer or Dismiss and grant either request for relief.  As a result, this Court should deny as moot the Motion to Remand.


DATED: January 18, 2017                        /s/ Raj N. Shah
                                               Raj N. Shah
                                               Allyson E. Poulos
                                               **DLA PIPER LLP (US)**
                                               203 North LaSalle Street
                                               Suite 1900
                                               Chicago, Illinois 60601
                                               Tel.:    (312) 368.4000
                                               Fax:    (312) 236.7516
                                               raj.shah@dlapiper.com
                                               allyson.poulos@dlapiper.com

                                               Keara M. Gordon (admitted *pro hac vice*)
                                               DLA PIPER LLP (US)
                                               1251 Avenue of the Americas
                                               45th Floor
                                               New York, New York 10020-1104
                                               Tel.:    (212) 335.4500
                                               Fax.:    (212) 335.4501
                                               keara.gordon@dlapiper.com

                                               -and-

                                               Andrew O. Bunn (admitted *pro hac vice*)
                                               Steven R. Marino (admitted *pro hac vice*)
                                               DLA PIPER LLP (US)
                                               51 John F. Kennedy Parkway

Suite 120
Short Hills, New Jersey 07078-2704
Tel.:    (973) 520.2550
Fax.:    (973) 520.2551
andrew.bunn@dlapiper.com
steven.marino@dlapiper.com

*Attorneys for Defendant*
*J. Crew Group, Inc.*