**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT COURT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ANITA PARKER, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**J. CREW GROUP, INC., J. CREW L.L.C. and DOES 1 through 100, inclusive:**<br><br>**Defendants.** | **Case No. 1:16-cv-10775**<br><br>**Honorable Samuel Der-Yeghiayan** |

**BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT J. CREW GROUP, INC.'S MOTION TO: (1) TRANSFER PURSUANT TO 28 U.S.C. § 1404(a); OR DISMISS PURSUANT TO THE FIRST-FILED DOCTRINE**

## INTRODUCTION

Plaintiff Anita Parker ("Ms. Parker") filed her case in the Circuit Court of Cook County, Illinois. We are in this federal court only because of Defendant J. Crew Group, Inc.'s ("J. Crew") cavalier and improvident removal of Ms. Parker's case. J. Crew chose to involve this Court, not Ms. Parker. These crucial and distinguishing facts coupled with the overwhelming weight of authority lead to only one conclusion: All roads lead back to the Circuit Court of Cook County, Illinois. The only question is which road we're taking. Ms. Parker's suggested path – her pending motion to remand – is straightforward, legally sound, and judicially efficient.

In contrast, J. Crew suggests, by its motion to transfer or to dismiss, that the Court pick one of two decidedly more circuitous routes: (1) like a boomerang, send us off to New Jersey

where the court has already found that it doesn't have jurisdiction, which will require the court to remand Ms. Parker's case to Illinois state court where we started or, (2) in the alternative, dismiss Ms. Parker's case now, which dismissal must be without prejudice. Immediately upon dismissal, Ms. Parker will refile in the Circuit Court of Cook County, Illinois, again, where we started.[1] J. Crew's motion is convoluted, legally unsound, and flies in the face of judicial economy. As explained below, the Court should not countenance J. Crew's actions. J. Crew's motion should be denied in its entirety.

**FACTS**

In 2003, Congress passed an amendment to the Fair Credit Reporting Act ("FCRA") called the Fair and Accurate Credit Transactions Act ("FACTA"), which, *inter alia*, prohibits merchants, like J. Crew, from printing "more than the last 5 digits" on receipts given to customers. 15 U.S.C. § 1681c(g)(1). FACTA allows for plaintiffs to bring claims in federal or state court. "An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction." 15 U.S.C. § 1681p. *See Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1264 (11th Cir. 1998) ("[T]he sole purpose of the language at issue here is to allow state courts concurrent jurisdiction for actions brought under the FCRA.").

In the District of New Jersey, Ahmed Kamal sued J. Crew for violating FACTA. *Kamal v. J. Crew Group, Inc. et al.*, No. 15-0190. On October 20, 2016, the court granted J. Crew's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Kamal v. J. Crew Grp., Inc.*, No. 2:15-0190 (WJM), 2016 WL 6133827, at *4 (D.N.J. Oct. 20, 2016). The court allowed

[1] The only exception to this outcome is if the Court *sua sponte* finds Article III standing and denies Ms. Parker's remand motion and J. Crew's instant motion.

Mr. Kamal leave to file a second amended complaint to cure the supposed jurisdictional deficiency. (*Id.*) Mr. Kamal filed his second amended complaint and, on December 15, 2016, J. Crew again moved for a Rule 12(b)(1) dismissal claiming that Mr. Kamal has no Article III standing to bring his FACTA claim in federal court.

Unlike Mr. Kamal who claimed federal jurisdiction, on October 6, 2016, Ms. Parker filed her complaint in state court alleging that J. Crew violated FACTA by printing on her receipt the first six and last four digits of her card number. J. Crew printed 10 out of 16 card numbers, which undeniably is "more than the last 5 digits."

On November 21, 2016, J. Crew removed Ms. Parker's case to this federal court stating, "This Court has original jurisdiction pursuant to 28 U.S.C. § 1331." (Dkt. No. 1, at 2.) J. Crew made this representation knowing that one month prior, it had successfully obtained a dismissal in a "virtually identical" case *for lack of jurisdiction.* J. Crew engaged in this blatant abuse of the removal process for one reason only – J. Crew desperately wants Ms. Parker's case transferred to the District of New Jersey where J. Crew's Rule 12(b)(1) motion in *Kamal* is pending.

**ARGUMENT**

**I. J. CREW'S MOTION IS AN IMPERMISSIBLE ATTEMPT TO CIRCUMVENT THE ANTI-INJUNCTION ACT**

The Anti-Injunction Act states, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. District courts must apply the three exceptions "narrowly." *Zurich Am. Ins. Co. v. Superior Court for State of California*, 326 F.3d 816, 824 (7th Cir. 2003). "One reason why doubts must be resolved against a federal injunction is the word 'necessary.' Section 2283 leaves only limited opportunities for federal intervention." *Adkins v. Nestle Purina PetCare Co.*, 779 F.3d 481, 485

(7th Cir. 2015).

In *Kamal*, J. Crew recognized that it could not argue successfully to enjoin Ms. Parker's state court case. Thus, J. Crew ignored statutory and case law and improvidently removed Ms. Parker's case to this Court seeking to have the case transferred to the District of New Jersey. J. Crew's conduct is nothing more than an end run around the Anti-Injunction Act. J. Crew claims that it removed the case "to promote judicial economy and avoid unnecessary expense and the risk of inconsistent judgements from defending against 'virtually identical' claims in two different forums at the same time." (J. Crew's Br. at 1.) J. Crew's argument fails because involving not one but two federal courts (if the case is transferred) is the exact opposite of judicial economy.

Further, "[p]arallel state and federal litigation is common. The first to reach final decision can affect the other, either through rules of claim and issue preclusion (res judicata and collateral estoppel) or through effects such as reducing the scope of a class from 50 to 49 states. Yet the potential effect of one suit on the other does not justify an injunction." *Adkins*, 779 F.3d at 484. Nor does the potential effect of Ms. Parker's case on the *Kamal* case justify having her case upended, removed to one federal court, transferred to a second federal court, and then remanded to the Circuit Court of Cook County, Illinois, which is the very court in which she started.

Here, J. Crew isn't even faced with the risk of inconsistent judgments because J. Crew has already secured one Rule 12(b)(1) dismissal in *Kamal* and is expected to soon obtain a second.[2] Thus, J. Crew will face no judgment in *Kamal*, much less an inconsistent one, which makes J. Crew's actions even more egregious.

---

[2] Interestingly, J. Crew believes its customers suffer no real harm when J. Crew violates a federal statute and exposes them to a "risk of" identity theft, but the Court should ignore multiple tenets of American jurisprudence to ensure J. Crew doesn't face a "risk of" inconsistent judgments.

**II. MS. PARKER'S CASE SHOULD NOT BE TRANSFERRED.**

J. Crew moves the Court to transfer Ms. Parker's case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). As explained below, transfer is not appropriate nor does it accomplish anything.

**A. Standard**

J. Crew, as the movant, "bears the burden of establishing that the transferee district is 'clearly more convenient.'" *Personett v. Pier Transp., Inc.*, No. 05 C 4852, 2005 WL 6960303, at *1 (N.D. Ill. Nov. 3, 2005) (quoting *Coffey v. Van Down Iron Works*, 796 F.2d 219-20 (7th Cir. 1986)). "Recognizing that what is convenient for one litigant may not be convenient for the other, the Supreme Court has taught that section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to a case-by-case consideration of convenience and fairness." *AL & PO Corp. v. Am. Healthcare Capital, Inc.*, No. 14 C 1905, 2015 WL 738694, at *2 (N.D. Ill. Feb. 19, 2015) (citing *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.,* 626 F.3d 973, 977 (7th Cir.2010) (quoting *Stewart Organization, Inc. v. Richo Corp.,* 487 U.S. 22, 29 (1988)) (internal quotations and alterations omitted)).

**B. The Considerations For Deciding A 1404(a) Motion To Transfer.**

In deciding a motion to transfer pursuant to Section 1404(a), this Court recently stated that a court must consider (1) whether venue is proper in both the transferor and transferee courts (2) the convenience of the parties and witnesses and (3) the interests of justice. *Bodum USA, Inc. v. Williams-Sonoma, Inc.*, No. 16 C 981, 2016 WL 3125003, at *1 (N.D. Ill. June 3, 2016) (citing 28 U.S.C. § 1404(a)).[3]

[3] Ms. Parker agrees with J. Crew that venue is technically proper in this Court and the District of New Jersey. However, J. Crew has not met its burden of establishing the remaining elements.

In evaluating the relative convenience of the transferee and the transferor courts, the court weighs (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of witnesses. *AL & PO Corp.*, 2015 WL 738694, at *2 (citing *Research Automation, Inc.*, 626 F.3d at 978.

Regarding the interests of justice factor, a court may consider:

> (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards."

*Creighton v. Metlife, Inc.*, No. 15 C 4121, 2015 WL 5081600, at *2 (N.D. Ill. Aug. 27, 2015) (quoting *Coffey,* 796 F.2d at 220–21, 221 n.4)).

**1. The Convenience Factor Weighs Against Transfer.**

**a. Ms. Parker's chosen forum is entitled to deference.**[4]

J. Crew argues that the Court should give Ms. Parker's choice of forum no deference because Ms. Parker filed her state court case as a class action. (J. Crew's Br. at 9.) A number of district court opinions within the Seventh Circuit support this argument. However, allowing Ms. Parker some level of deference is the more logical approach, especially given that Ms. Parker filed her case in Illinois state court.

"A plaintiff's chosen forum is entitled to substantial deference, particularly where, as in this case, the chosen forum is the plaintiff's home forum. *AL & PO Corp.*, 2015 WL 738694, at

[4] Ms. Parker filed her case in Illinois state court and is in this Court only because J. Crew improvidently removed her case. Therefore, Ms. Parker did not "choose" this district court. But, as between the Northern District of Illinois and the District of New Jersey, Ms. Parker believes this Court is the appropriate forum.

*2 (citing *Law Bulletin Pub., Co. v. LRP Publications, Inc.,* 992 F.Supp. 1014, 1017 (N.D.Ill.1998); *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,* 134 S.Ct. 568, 581 (2013) ("Because plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations), we have termed their selection the 'plaintiff's venue privilege.'")). Given the "plaintiff's venue privilege," the Hon. Judge Pallmeyer declined to disregard completely the plaintiff's choice of forum simply because the plaintiff filed a class action. In *AL & PO Corp*., the court stated:

> First, the Seventh Circuit has not endorsed this reasoning. Second, though Plaintiff has proposed nationwide classes, the class certification motion has not been briefed, and the court does not assume such a broad class will in fact ultimately be certified. In any event, unnamed class members presumably benefit from a class representative who is able to aggressively litigate their claims without significant inconvenience due to travel. Though the court acknowledges that potential class members could be inconvenienced by litigation in the Northern District of Illinois, that inconvenience to potential parties does not, at this stage, outweigh the "plaintiff's venue privilege."

*AL & PO Corp.*, 2015 WL 738694, at *3. In *Creighton v. Metlife, Inc.*, No. 15 C 4121, 2015 WL 5081600, at *1 (N.D. Ill. Aug. 27, 2015), this Court ruled that a plaintiff bringing a nationwide class action "lessens the deference" that should be accorded to his choice of forum, but the Court did not disregard it completely as J. Crew argues. Given that Ms. Parker exercised her statutory right to bring her FACTA claim in Illinois state court, at minimum, Ms. Parker's choice of forum should be given some amount of deference.

**b. No material events occurred in New Jersey.**

"Courts must also evaluate whether a lawsuit has any material relationship to the district in which it is brought." *AL & PO Corp.*, 2015 WL 738694, at *3 (citing *Research Automation*, 626 F.3d at 978.) As with the choice of forum element, each party can find support from courts in this district. *Compare Rosen v. Spirit Airlines, Inc.*, 152 F. Supp. 3d 1055, 1060 (N.D. Ill. 2015) ("The material events in this case concern Defendant's policy, procedure and intent to

issue credit and debit card receipts to customers containing more information than allowed by FACTA.") and *Sojka v. DirectBuy, Inc.*, No. 12-cv-9809, 2014 WL 1089072, at *2 (N.D. Ill. March 18, 2014) ("the situs of the material events is not just . . . where [defendant's] decisions were made, but also where the calls and texts were received.")). Here, Ms. Parker visited a J. Crew location in Chicago. The receipt at issue was printed and delivered to Ms. Parker in Chicago. Nothing happened in New Jersey. At best for J. Crew, this consideration is neutral.

**c. New Jersey does not provide greater ease of access to sources of proof.**

J. Crew argues that "the main sources of proof are located in and/or work at J. Crew's executive offices in New York City" making New Jersey more convenient for J. Crew. (J. Crew's Br. at 9-10.) This argument fails because "merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Research Automation, Inc.*, 626 F.3d at 978.

Moreover, "the location of relevant proofs, has little weight. Much of the relevant evidence consists of documents, and the 'location of pertinent documents [does] not militate for or against transfer' because of the 'ready availability of photocopying and the relative ease with which documents may be selectively shipped around the country.'" *Shakir Dev. & Const., LLC v. Flaherty & Collins Const., Inc.*, No. 11 C 1116, 2011 WL 2470887, at *2 (N.D. Ill. June 21, 2011) (quoting *Morris v. Am. Bioscience, Inc.,* 2004 WL 2496496, at *3 (N.D. Ill. Nov.3, 2004)).

**d. New Jersey is less convenient for Ms. Parker.**

Ms. Parker is an individual living in Cook County, Illinois. J. Crew is an "internationally recognized," (J. Crew's Br. at 3), corporation. There is no question that J. Crew is better able to travel than Ms. Parker. Even considering the parties as equal, "[w]hen plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue;

the tie is awarded to the plaintiff." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003).

**e. The witnesses' convenience does not support transfer.**

J. Crew argues, "To the extent the parties seek live, in-person trial testimony, New York City is beyond the 100-mile subpoena power of the Northern District of Illinois, but is within the radius of the District of New Jersey's subpoena power." (J. Crew's Br. at 10.) Other than this opaque statement, J. Crew does not identify any witnesses that reside in New York City. Thus, J. Crew has failed completely to carry its burden on this element. "To support its contention, [the defendant] was obligated to clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Assuming J. Crew is alluding to its employees, its argument still fails. "[T]he convenience of witnesses who are within a party's control, such as a party's employees, is far less important than the convenience of non-party witnesses." *AL & PO Corp.*, 2015 WL 738694, at *4.

**2. The Interests Of Justice Factor Weighs Against Transfer.**

**a. Transfer does not promote the efficient administration of the court system.**

J. Crew's removal of Ms. Parker's state court case and its filing of the present motion to transfer or to dismiss is the polar opposite of the "efficient administration of the court system." J. Crew's argument that the Court should transfer Ms. Parker's case to the District of New Jersey because it is "virtually identical" to the *Kamal* action has no merit. Indeed, faced with facts like the present case – parallel cases pending in federal and state court – the Seventh Circuit rejected a similar argument observing, "Parallel state and federal litigation is common. The first to reach final decision can affect the other, either through rules of claim and issue preclusion (res judicata

and collateral estoppel) or through effects such as reducing the scope of a class from 50 to 49 states." *Adkins*, 779 F.3d at 484. It boggles the mind to assert, as J. Crew does, that judicial economy is served by removing a properly-filed state court case to one federal court solely to seek a transfer to a second federal court where J. Crew as already successfully argued that there is no federal jurisdiction. If there is no federal jurisdiction, J. Crew should not have removed Ms. Parker's case in the first place.

**b. Whether Ms. Parker's case can be consolidated with another case.**

In considering transfer, this Court has stated that a court must consider "whether the action could be consolidated with other actions in the transferee district." *Creighton*, 2015 WL 5081600, at *2. The *Kamal* case is currently pending in the District of New Jersey, but J. Crew has already obtained a Rule 12(b)(1) dismissal. *Kamal v. J. Crew Grp., Inc.*, No. 2:15-0190 (WJM), 2016 WL 6133827, at *4 (D.N.J. Oct. 20, 2016). Now that the plaintiff has filed a second amended complaint, J. Crew has again moved for a Rule 12(b)(1) dismissal, which dismissal must be without prejudice. "The district court here dismissed the plaintiffs' claims for lack of subject-matter jurisdiction, which is a dismissal without prejudice." *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 969 (7th Cir. 2016).

Unlike Mr. Kamal, Ms. Parker filed her case in state court. Therefore, the court in *Kamal* will have to remand Ms. Parker's case to Illinois state court. J. Crew's proposed course of action does nothing except delay the ultimate adjudication of Ms. Parker's case.

J. Crew makes much of the argument that the court in *Kamal* has already "tackled" the issue of Article III standing in the context of a FACTA claim. (J. Crew's Br. at 13.) J. Crew argues:

> The *Kamal* Court's familiarity is relevant because J. Crew intends to move to dismiss the Second Amended Complaint recently filed in the *Kamal* Action for

> lack of standing. Consequently, it would it be inefficient to have two identical actions pending in two different federal district courts, and to require this Court to "invest the time learning" about the post- *Spokeo* FACTA precedent that the District of New Jersey has already analyzed.

(*Id.*). J. Crew's argument is reminiscent of the son who, after killing his parents, pleads for mercy because he's an orphan. J. Crew created this scenario in which "two identical actions are pending in two different federal district courts" not Ms. Parker. J. Crew shouldn't be rewarded with a transfer on the basis that a transfer would relieve this Court of the burden of investing time to learn "about the post-*Spokeo* FACTA precedent that the District of New Jersey has already analyzed." J. Crew created the burden. J. Crew caused this Court's involvement not Ms. Parker. And J. Crew invoked this Court's jurisdiction *knowing* that it had in *Kamal*, and would in this case, argue that no federal jurisdiction exists.

Indeed, J. Crew repeatedly represented to this Court, after effecting a removal based on federal jurisdiction, that federal jurisdiction didn't exist. (Dkt. No. 16, J. Crew's Motion For Leave To File Oversized Brief, at 1 (listing as one of three forms of relief "dismissal based on lack of subject matter jurisdiction"); Dkt. No. 26, Joint Initial Status Report, at 2 ("As a further alternative, this action should be dismissed because Plaintiff lacks standing to sue in response to the Supreme Court's guidance in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)").

After the parties filed the Initial Joint Status Report, but before J. Crew filed the present motion, the court entered its opinion in another FACTA case, *Mocek v. Allsaints USA Ltd.*, No. 16 C 8484, 2016 WL 7116590, at *1 (N.D. Ill. Dec. 7, 2016). As discussed below, the court in *Mocek* granted the plaintiff's remand motion and sanctioned the defendant for removing the case based on the existence of federal jurisdiction and then seeking dismissal based on a lack of federal jurisdiction, which is exactly what J. Crew has done here. J. Crew's tactics aren't simply

flawed. They're potentially sanctionable.[5]

**c. The District of New Jersey is not more familiar with pertinent state law.**

Because Ms. Parker alleged no state law claims, this element is neutral. That said, FACTA is a straightforward statute that prohibits merchants, like J. Crew, from printing on customer receipts more than the last 5 digits of the customer's card number. This Court or the Circuit Court of Cook County, Illinois is perfectly capable of adjudicating Ms. Parker's claim. This factor does not weigh in favor of transfer.

**d. Jurors do not have a financial interest in the case.**

This element is not at issue and, therefore, does not militate in favor of transfer.

**e. Jurors in New Jersey are not best situated to apply community standards.**

J. Crew makes no argument that Ms. Parker's FACTA claim implicates community standards that New Jersey jurors are best situated to apply. This factor does not weigh in favor of transfer.

J. Crew's request for a transfer rather than have the Court decide Ms. Parker's remand motion wouldn't even be countenanced in the District of New Jersey. "Because the Court is without federal subject matter jurisdiction to consider the case, the Court will dismiss without prejudice Defendant's application to transfer venue to another district, because it is moot." *Gallagher v. Johnson & Johnson Consumer Comps., Inc.*, 169 F. Supp. 3d 598, 612 (D.N.J. 2016) (citing *Coldwell Banker Real Estate, LLC v. Jupe Real Estate, LLC*, 2012 WL 479723, at *3 (D.N.J. Feb. 14, 2012) (granting plaintiff's motion to remand and dismissing as moot defendant's cross-motion to transfer venue); *Smith v. Dunbar Armored, Inc.*, No. 09–6372, 2010

---

[5] Ironically, J. Crew "reserves its right to seek attorneys' fees and costs." (J. Crew's Br. at 5.)

WL 2521450, at *2–3 (D.N.J. June 10, 2010) (granting remand and denying Defendant's motion to transfer because there was no support to "transfer this action to a different district in which jurisdiction would be lacking"); *Roxbury v. Gulf Stream Coach, Inc.*, No. 07–6046, 2008 WL 4307113, at *3 (D.N.J. Sept. 15, 2008) (granting cross-motion to remand and denying without prejudice defendant's motion to transfer "in light of the disposition of the cross motion.")).

**III. MS. PARKER'S CASE SHOULD NOT BE DISMISSED.**

In the alternative, J. Crew moves to dismiss Ms. Parker's case based on the "first-filed doctrine." (J. Crew's Br. at 15.) As an initial matter, J. Crew cites no case holding that a federal district court has the power, based on the "first-filed doctrine," to dismiss a properly-filed state court case that is in federal court only because the defendant improvidently removed the case. J. Crew's cited cases are inapposite for this reason alone.

Even if the Court considers Ms. Parker's case as properly before the Court for the purpose of deciding the present motion, the motion still fails. Addressing a request like J. Crew's, the Seventh Circuit stated, "When comity among tribunals justifies giving priority to a particular suit, the other action (or actions) *should be stayed*, rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests. *Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 444–45 (7th Cir. 2000) (emphasis added) (citing *Deakins v. Monaghan*, 484 U.S. 193, 202–04, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988); *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–20, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co*., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); *Blair v. Equifax Check Services, Inc*., 181 F.3d 832, 838–39 (7th Cir.1999)).

Indeed, the Seventh Circuit found, "There is no 'first filed doctrine' requiring dismissal of all suits after the first; such a rule would be incompatible with *Deakins* and other decisions

that require parallel or duplicative litigation to be stayed rather than dismissed." *Cent. States*, 203 F.3d at 444. In *Blair*, cited by the court in *Cent. States*, the Seventh Circuit stated:

> Parallel cases often seek the same relief. There's nothing peculiar about class actions. Sometimes the same plaintiff will file in two courts; sometimes different plaintiffs will seek equivalent relief in the same court. Our situation has a little of each, since [the plaintiffs] are not the same person, but they are in the same class. No mechanical rule governs the handling of overlapping cases. Judges sometimes stay proceedings in the more recently filed case to allow the first to proceed; sometimes a stay permits the more comprehensive of the actions to go forward. But the judge hearing the second-filed case may conclude that it is a superior vehicle and may press forward. When the cases proceed in parallel, the first to reach judgment controls the other, through claim preclusion (res judicata).

*Blair*, 181 F.3d at 838 (citation omitted). Citing *Cent. States*, this Court affirmed that a parallel action should, if anything, be stayed rather than dismissed. "When a district court determines that another parallel proceeding should be given 'priority' the action before the district court 'should be stayed, rather than dismissed.'" *Heller Fin. Leasing, Inc. v. Gordon*, No. 03 C 6326, 2004 WL 2806458, at *3 (N.D. Ill. Dec. 3, 2004) (quoting *Cent. States*, 203 F.3d 442 at 445)). "Outright dismissal is most likely to be appropriate when, as in *Serlin v. Arthur Andersen & Co*., 3 F.3d 221 (7th Cir.1993), *the same party has filed all of the suits*. *Cent. States*, 203 F.3d at 445 (emphasis added). Ms. Parker has not filed parallel actions and J. Crew's reliance on *Serlin* is misplaced.

Even if the Court were to dismiss Ms. Parker's case, the dismissal would have to be without prejudice. A dismissal with prejudice would adversely affect Ms. Parker's interest and violate *Cent. States* and *Heller*. A dismissal with prejudice is only proper if a plaintiff asserts a frivolous claim that would not survive in any court. *El v. AmeriCredit Financial Servs., Inc.*, 710 F.3d 748, 751 (7th Cir. 2013) (because frivolous claim "will go nowhere in any court," dismissal with prejudice is appropriate). J. Crew doesn't allege that Ms. Parker's claim is frivolous. Quite the opposite, J. Crew points out that the "virtually identical" plaintiff in *Kamal* has already

defeated a Rule 12(b)(6) motion to dismiss. (J. Crew's Br. at 1.)

The only legally-sound approach is to remand Ms. Parker's case to state court. The Hon. Judge Bucklo recently dealt with the same disingenuous conduct and the same specious arguments as J. Crew's. In *Mocek*, the defendant removed a FACTA case originating in Illinois state court then moved to dismiss based on a lack of Article III standing. *Mocek v. Allsaints USA Ltd.*, No. 16 C 8484, 2016 WL 7116590, at *1 (N.D. Ill. Dec. 7, 2016). The court rejected the defendant's arguments for a dismissal stating:

> Here, plaintiff chose to litigate her FACTA claim in state court, and regardless of whether federal jurisdiction was colorable at the time of removal, the parties now agree that there is none. Section 1447(c) provides the remedy for this state of affairs: I must remand the case to state court. *See* 28 U.S.C. § 1447(c) ("If *at any time before final judgment* it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded.")

*Mocek v. Allsaints USA Ltd.*, 2016 WL 7116590, at *2 (emphasis in original).[6] Not only did the court remand the case to state court, the court awarded the plaintiff her attorneys' fees resulting from the removal. (*Id.*, at 3-4.[7]) Ms. Parker's case is factually and legally indistinguishable from *Allsaints*.

**CONCLUSION**

For the reasons stated above, the Court should deny J. Crew's motion in its entirety.[8]

---

[6] Just days after the issuance of the *Mocek* opinion, the Seventh Circuit found that a consumer alleging that a merchant violated FACTA by failing to truncate the expiration date on the receipt given to the consumer lacked Article III standing and, therefore, the federal court did not have subject matter jurisdiction. *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 729 (7th Cir. Dec. 13, 2016).

[7] Ms. Parker reserves her right to seek attorneys' fees.

[8] Per LR 7.1, Ms. Parker has not included tables of contents and cases because her brief does not exceed 15 pages. If the Court would prefer tables, Ms. Parker will expeditiously resubmit her brief.

DATED: January 18, 2017

PLAINTIFF ANITA PARKER,

s/ *Brian K. Herrington*
Brian K. Herrington (admitted *pro hac vice*)
HERRINGTON LAW, PA
1520 N. State Street
Jackson, MS 39202
T: 601.208.0013
F: 601.235.9947
brian@herringtonlawpa.com

Robert A. Clifford
rac@cliffordlaw.com
Shannon M. McNulty
smm@cliffordlaw.com
CLIFFORD LAW OFFICES PC
120 North LaSalle Street, 31st Floor
Chicago, IL 60602
Telephone: 312.899.9090

Chant Yedalian (admitted *pro hac vice*)
chant@chant.mobi
CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Ave.
Glendale, CA 91202
Telephone: 877.574.7100
Facsimile: 877.574.9411
chant@chant.mobi

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

A copy of the foregoing document (with attachments) was filed electronically on January 18, 2017. Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

DATE: January 18, 2017

*s/ Brian K. Herrington*
Brian K. Herrington