**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANITA PARKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>J. CREW GROUP, INC., J. CREW, LLC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:17-cv-01214-WJM-MF<br><br>*ELECTRONICALLY FILED*<br><br>RETURN DATE: July 17, 2017 |

**PLAINTIFF ANITA PARKER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND CASE TO STATE COURT**

## I. INTRODUCTION

The only reason this case is presently in federal court is because Defendant removed it from state court where it originated.

It is plain that "[t]he existence of subject-matter jurisdiction over an action is a prerequisite to its removal to federal court." *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 212 (3rd Cir. 1997).

It is also firmly established that removal statutes are strictly construed, there is a "strong presumption" that a cause is outside of a federal court's subject-matter jurisdiction, and the party that removed the case to federal court bears the burden of overcoming the "strong presumption" and proving that the Court has federal subject-matter jurisdiction.

However, rather than trying to prove jurisdiction, Defendant has done just the opposite. Defendant has consistently and repeatedly taken the position that a federal court lacks subject-matter jurisdiction over the type of FACTA claim asserted by Plaintiff.

This Court has agreed with Defendant. The Court has now issued two orders holding that it lacks federal subject-matter jurisdiction over these type of FACTA claims.[1]

[1] *Kamal v. J. Crew Group, Inc.*, No. 2:15-cv-00190-WJM-MF (D. N.J.) at Dkt. No. 63 (entered Oct. 20, 2016) and Dkt. No. 84 (entered June 6, 2017).

The language of 28 U.S.C. § 1447(c) is clear. It requires the remand of this case back to state court where it originated.

As the Third Circuit has explained "[t]he language of this section is mandatory — once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court." *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 212 (3rd Cir. 1997).

Further, a district court must remand, even if remand would be futile. *Bromwell*, 115 F.3d at 213-214; *Bruns v. National Credit Union Admin.*, 122 F.3d 1251, 1257-1258 (9th Cir. 1997) (Explaining that "[s]ection 1447(c) is mandatory, not discretionary" and that "where subject matter jurisdiction is lacking, district court must remand to state court even if futile.").

## II. THE LAW REQUIRES REMAND TO STATE COURT

As the Third Circuit has explained, 28 U.S.C. § 1447(c) mandates remand of case to state court once the federal court determines that it lacks jurisdiction:

> "Upon a determination that a federal court lacks subject-matter jurisdiction over a particular action, the plain language of 28 U.S.C. § 1447(c) mandates that the matter be remanded to the state court from which it was removed. Section 1447(c) states: 'If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.' ***The language of this section is mandatory — once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court.*** *International Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 87, 111 S.Ct. 1700, 1709-10, 114

> L.Ed.2d 134 (1991); *Maine Assoc. of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Svcs.*, 876 F.2d 1051, 1054 (1st Cir.1989). Therefore, the district court erred when it dismissed the matter rather than remand it to the state court." *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213-214. (3rd Cir. 1997).

Plaintiff brought this case in Illinois state court. Unlike federal court which is required to comply with Article III standing requirements imposed by the federal Constitution, federal Article III standing requirements are not required in state court. "[T]he constraints of Article III do not apply to state courts and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

> **"While some consider it odd that a state court might have the authority to hear a federal constitutional claim in a setting where a federal court would not**, see William A. Fletcher, The 'Case or Controversy' Requirement in State Court Adjudication of Federal Questions, 78 Cal.L.Rev. 263 (1990), **it is clear that Article III's 'case or Controversy' limitations apply *only to the federal courts***, *ASARCO v. Kadish*, 490 U.S. 605, 109 S.Ct. 2037, 104 L.Ed.2d 696 (1989)…. **§ 1447(c) says that a case removed to federal court 'shall be remanded' to the state court if it is discovered that the federal court lacks subject matter jurisdiction. Wisconsin's doctrines of standing and ripeness are the business of the Wisconsin courts, and it is not for us to venture how the case would there be resolved.** *Smith v. Wisc. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994) (emphasis added).

In any event, even if remand were futile (which it is not), the Third Circuit mandates remand even in instances where remand to state court would be futile. *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213-214 (3rd Cir. 1997); e.g.,

*Bruns v. National Credit Union Admin.*, 122 F.3d 1251, 1257-1258 (9th Cir. 1997) (Explaining that "[s]ection 1447(c) is mandatory, not discretionary" and that "where subject matter jurisdiction is lacking, district court must remand to state court even if futile.").

## III. DEFENDANT HAS NOT MET ITS BURDEN OF PROVING THAT THIS COURT HAS JURISDICTION; QUITE THE OPPOSITE, RATHER THAN TRYING TO PROVE JURISDICTION, DEFENDANT HAS DISAVOWED JURISDICTION AND HAS TAKEN THE POSITION THAT THERE IS NO FEDERAL SUBJECT-MATTER JURISDICTION

"Nothing is to be more jealously guarded by a court than its jurisdiction." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988) overruled on other grounds by *Partington v. Gedan*, 923 F.2d 686, 688 (9th Cir. 1991).

Moreover, there exists a "strong presumption" that a cause is outside of a federal court's jurisdiction and the burden of overcoming the presumption and establishing jurisdiction is with the party who removes a case to federal court. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction" and "[i]t is to be presumed that a cause lies outside this limited jurisdiction [] and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-1320 (11th Cir. 2001) ("Because this case was originally filed in state court and removed to federal court by [defendant, defendant] bears the burden of proving that federal jurisdiction exists."); *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) ("A removing defendant bears the burden of proving proper federal jurisdiction.").

Federal courts must "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Stated another way, "[t]he district court [i]s required to resolve all doubts about federal jurisdiction in favor of remand." *In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993). "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008)

Thus, as the party that removed this case to federal court, Defendant bears the burden of overcoming the "strong presumption" against federal jurisdiction and proving that this Court has federal subject-matter jurisdiction.

Rather than trying to prove jurisdiction, Defendant has done the opposite: it has disavowed jurisdiction and taken the position that there is no federal subject-matter jurisdiction.

This Court has agreed with Defendant and has now issued two orders holding that it lacks federal subject-matter jurisdiction over these type of FACTA claims.[2]

A similar situation in another case recently resulted in the district court *sua sponte* ordering remand of that case to state court:

> "Doctor Directory finds itself in a contrarian position: by forcing this case into federal court through removal, it asserts jurisdiction exists; however, by arguing Davis Neurology lacks standing after *Spokeo v. Robins*, 136 S.Ct. 1540 (2016), it asserts that jurisdiction is lacking. Although *Spokeo* expanded the discussion, courts have observed that the Supreme Court did not answer the ultimate question. See, e.g., *Errington v. Time Warner Cable, Inc.*, Case No. 2:15-CV-02196, 2016 U.S. Dist. LEXIS 66317, at *7-8 (C.D. Cal. 2016). If there is any doubt, however, remand is appropriate. See *In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993) ('The district court was required to resolve all doubts about federal jurisdiction in favor of remand.'). Indeed, now that Doctor Directory essentially concedes there is a lack of standing — and thus a lack of jurisdiction — the correct remedy is not judgment, but rather remand back to state court. *Wallace v. ConAgra Foods, Inc.*,747 F.3d 1025, 1033 (8th Cir. 2014).
>
> Therefore, this case is remanded to the Pope County Circuit Court." *Davis Neurology v. Doctordirectory.com, LLC.*, 2016 U.S. Dist. LEXIS 84391 at *2 (E.D. Ark. June 29, 2016).

[2] *Kamal v. J. Crew Group, Inc.*, No. 2:15-cv-00190-WJM-MF (D. N.J.) at Dkt. No. 63 (entered Oct. 20, 2016) and Dkt. No. 84 (entered June 6, 2017).

Even if Defendant had not disavowed subject-matter jurisdiction but instead remained silent on the issue, the outcome —requiring remand— would be the same. Unless Defendant establishes jurisdiction, the case must be remanded to state court.

For example, in another FACTA case where another defendant removed to federal court, the court granted plaintiff's remand motion and sanctioned the defendant $58,112.50 for improper removal. *Mocek v. Allsaints USA Ltd.*, No. 16 C 8484, --- F.Supp.3d ---, 2016 WL 7116590 (N.D. Ill. Dec. 7, 2016). The *Mocek* court explained that "federal courts 'should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum" and that "when 'no party shoulders the burden of proving jurisdiction,' remand is required under § 1447(c)." *Mocek*, 2016 WL 7116590 *2.[3]

As in the above cases, Defendant has not overcome the "strong presumption" against federal subject-matter jurisdiction. To the contrary, as explained above, Defendant has disavowed jurisdiction. Thus, as explained above this case must be remanded to state court where it originated. *Bromwell*, 115 F.3d 208, 213-214.

[3] Plaintiff does not take, and need not take, a view on whether this Court may have Article III subject-matter jurisdiction. Plaintiff is not the one that removed to this Court. "[T]he burden of establishing [jurisdiction] rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Rather than trying to prove jurisdiction, Defendant has done the opposite and disavowed jurisdiction, and this Court has agreed that there is no federal subject-matter jurisdiction.

"Absent standing, the District Court lacked subject matter jurisdiction. See *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir.2005) ('Standing is a doctrine that stems directly from Article III's case or controversy requirement, and thus it implicates our subject matter jurisdiction.' (internal quotation marks omitted)). Typically, where standing is lacking, a court must dismiss the plaintiff's claim without prejudice. This is not so, however, in the removal context. As 28 U.S.C. § 1447(c) explains, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.' See *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89, 111 S.Ct. 1700, 1710, 114 L.Ed.2d 134 (1991) **('[T]he literal words of § 1447(c) ... give no discretion to dismiss rather than remand an action.' (internal quotation marks and original alterations omitted)). The District Court should have remanded the second case to the Superior Court of Richmond County."** *McGee v. Solicitor Gen. of Richmond Co.*, 727 F.3d 1322, 1326 (11th Cir. 2013) (emphasis added).

## IV. CONCLUSION

The language of 28 U.S.C. § 1447(c) is clear and imposes a mandate. It requires the remand of this case back to state court where it originated.

Dated: June 13, 2017

Respectfully Submitted,

By: /s/ – William C. Morlok

William C. Morlok
morlok@mwmlegal.com
MCDONALD WILSON & MORLOK, LLC
1325 Spruce Street, Suite 400
Philadelphia, PA 19107
Telephone: 215.515.3949
Fax: 215.599.9645

Chant Yedalian (*Pro hac vice*)
chant@chant.mobi
CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Ave.

Glendale, CA 91202
Telephone: 877.574.7100

Brian Herrington (*Pro hac vice*)
brian@herringtonlawpa.com
HERRINGTON LAW, PA
1520 N. State St.
Jackson, MS 39202
Telephone: 601.208.0013

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, William C. Morlok, counsel for plaintiff, Anita Parker, hereby certify that service of Plaintiff Anita Parker's Memorandum Of Law In Support Of Motion To Remand Case To State Court was made by electronic means via the CM/ECF to all parties registered with the CM/ECF.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: June 13, 2017 By: /s/ – William C. Morlok

William C. Morlok
morlok@mwmlegal.com
MCDONALD WILSON & MORLOK, LLC
1325 Spruce Street, Suite 400
Philadelphia, PA 19107
Telephone: 215.515.3949
Fax: 215.599.9645