# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANITA PARKER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br> v.<br><br>J. CREW GROUP, INC., J. CREW, LLC., and DOES 1 through 100, inclusive,<br><br>      Defendants. | Case No. 2:17-cv-01214-WJM-MF<br><br>*ELECTRONICALLY FILED*<br><br>RETURN DATE: July 17, 2017 |

**PLAINTIFF ANITA PARKER'S
SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO REMAND CASE TO STATE COURT, SUBMITTED IN
LIGHT OF THE TELEPHONE CONFERENCE HELD ON 6/13/2017
BEFORE MAGISTRATE JUDGE MARK FALK**

## I. INTRODUCTION

During the telephone conference held today, June 13, 2017, before Magistrate Judge Mark Falk, Judge Falk indicated that this Court may not have the ability to enter a cross-jurisdictional remand order to Illinois state court and therefore Judge Falk (1) suggested that Plaintiff file a Rule 41 voluntary dismissal without prejudice and re-file this case in Illinois state court; or (2) he expressed he would enter a proposed consent order transferring this case to Illinois federal court (the transferor court) if Plaintiff and Defendant were so inclined and consented.

Judge Falk pointed out that this is an unusual situation because the case was not removed from Illinois state court to this Court, but instead it was removed from Illinois state court to Illinois federal court and then transferred to this Court.

Fortunately, the Third Circuit has issued at least two opinions explaining that this Court has the authority, and indeed it must enter a remand order under 28 U.S.C. § 1447(c) (which mandates remand), in instances involving cross-jurisdictional remands.

The Third Circuit cases are *Bloom v. Barry*, 755 F.2d 356 (3rd Cir.1985) and *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3rd Cir.1985).  In *In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 386-387 (3rd Cir. 2002), the Third Circuit explained its holdings in both cases as follows:

"Defendants' premise that the District Court lacked authority to remand a case improvidently removed to a jurisdiction other than the one from which it came is belied by two decisions of this court. In *Bloom v. Barry*, 755 F.2d 356 (3d Cir.1985), a breach of warranty case commenced in a Florida state court was removed to the District Court for the Southern District of Florida and then transferred to the District Court for the District of New Jersey. The latter court found that it lacked subject-matter jurisdiction and remanded the case to a New Jersey state court, a venue in which the case had never been. We granted a writ of mandamus, concluding that while the New Jersey district court was right to remand the case, it was wrong to remand it to the New Jersey state court. ***We therefore vacated the district court's order and directed it to remand the case to the Florida state court pursuant to § 1447(c).*** Id. at 358. ***In explaining our decision directing remand to the Florida state court from which it had been removed rather than to the United States District Court in Florida from which it had come, we stated, "[f]ollowing the change of venue [the District Court for] the District of New Jersey had the same authority with respect to disposition of the case as had the District Court for the Southern District of Florida." Id. We held that, just as the district court in Florida could have remanded the case to Florida state court if it found any jurisdictional defects, after transfer so too could the district court in New Jersey.*** Id. *Bloom's* holding that the court to which a case has been transferred stands in the shoes of the court from which the case was transferred, at least with respect to remand pursuant to § 1447, is relevant here. See also *AlliedSignal Recovery Trust v. Allied Signal Inc.*, Nos. 01-1111, 01-1355, 01-1399 (3d Cir. July 31, 2002).

Similarly, in *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3d Cir.1985), a tort action commenced in California state court was removed to the United States District Court for the Central District of California and then transferred pursuant 28 U.S.C. § 1404 to the United States District Court for the Western District of Pennsylvania where the relevant documents and many witnesses were located. The district court in Pennsylvania held that the plaintiff's claims were time-barred and it dismissed the action. On appeal, we vacated the dismissal because we found that there was no diversity of citizenship and therefore the federal courts lacked subject-matter jurisdiction. Id. at 31-33. ***Although we considered "remanding [the case] directly to the California state court, or routing [the case] through the federal district court in Los Angeles," id. at 33 n. 13, we decided to remand the case to the district court in***

*Pennsylvania with instructions that it remand the case to the California state court, not to the California district court that had transferred the case to the Pennsylvania district court. Thus, once again we authorized a cross-jurisdictional remand. In sum, the relevant precedent from this court supports the District Court's cross-jurisdictional remand order."*
*In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 386-387 (3rd Cir. 2002)

Dated:  June 13, 2017	Respectfully Submitted,

By:  /s/ – William C. Morlok
	William C. Morlok
	morlok@mwmlegal.com
	MCDONALD WILSON & MORLOK, LLC
	1325 Spruce Street, Suite 400
	Philadelphia, PA 19107
	Telephone: 215.515.3949
	Fax: 215.599.9645

	Chant Yedalian (*Pro hac vice*)
	chant@chant.mobi
	CHANT & COMPANY
	A Professional Law Corporation
	1010 N. Central Ave.
	Glendale, CA 91202
	Telephone: 877.574.7100

	Brian Herrington (*Pro hac vice*)
	brian@herringtonlawpa.com
	HERRINGTON LAW, PA
	1520 N. State St.
	Jackson, MS 39202
	Telephone: 601.208.0013

	*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, William C. Morlok, counsel for plaintiff, Anita Parker, hereby certify that service of Plaintiff Anita Parker's Supplemental Memorandum Of Law In Support Of Motion To Remand Case To State Court, Submitted In Light Of The Telephone Conference Held On 6/13/2017 Before Magistrate Judge Mark Falk was made by electronic means via the CM/ECF to all parties registered with the CM/ECF.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated:  June 13, 2017			By:   /s/ – William C. Morlok
						William C. Morlok
						morlok@mwmlegal.com
						MCDONALD WILSON & MORLOK, LLC
						1325 Spruce Street, Suite 400
						Philadelphia, PA 19107
						Telephone: 215.515.3949
						Fax: 215.599.9645