<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANITA PARKER, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**J. CREW GROUP, INC., J. CREW, LLC., and DOES 1 through 100, inclusive,**<br><br>**Defendants.** | **Civil Action No. 17-1214 (WJM)**<br><br><br><br>**<u>REPORT AND RECOMMENDATION</u>** |

<u>FALK, U.S.M.J.</u>

Before the Court is Plaintiff's motion to remand this case to state court [CM/ECF No. 51] and Defendant J. Crew Group, Inc.'s cross-motion to stay. [CM/ECF No. 55.] The motions are opposed.  The Honorable William J. Martini, U.S.D.J. has referred the motions to the Undersigned.  The Court decides it on the papers.  Fed.R.Civ.P. 78.  For the reasons discussed below, it is respectfully recommended that Plaintiff's motion to remand be **granted** and Defendant's cross-motion be **denied** as moot.

## <u>BACKGROUND</u>

This is a putative class action for alleged violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. §

1681, *et seq*.  FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number . . . upon any receipt provided to the cardholder at the point of the sale or transaction."  15 U.S.C. § 1681c(g).  The statute creates a private cause of action for "any actual damages . . . or damages of not less than $100 and not more than $1,000" for each violation.  15 U.S.C. § 1681n(a).

Plaintiff Anita Parker alleges that on one or more occasions Defendants J. Crew Group, Inc. and J. Crew L.L.C., a clothing apparel conglomerate, printed the first six and last four digits of Plaintiff's credit card number on transaction receipts in violation of FACTA.  (Compl. ¶ 34.)  Plaintiff brings this action on behalf of "[a]ll consumers to whom Defendants, after January 9, 2013, provided an electronically printed receipt at the point of a sale or transaction . . . on which receipt Defendants printed more than the last 5 digits of the consumer's credit card or debit card."  (Compl. ¶¶ 16-17.)

On October 6, 2016, Plaintiff filed suit in Illinois state court alleging that Defendants willfully violated FACTA by disclosing more than the last five digits of Plaintiff's credit card number and seeking statutory damages of $100 to $1000 per violation as well as punitive damages and attorneys fees under the FACTA.  (Compl. ¶ 49.)  On November 21, 2016, Defendant J. Crew Group, Inc. ("J. Crew" or "Defendant") removed the case to United States District Court for the Northern District of Illinois.  J. Crew Inc. filed a motion to transfer the case to the District of New Jersey on December

9, 2016.  On February 21, 2017, the District Court of Illinois granted J. Crew Inc.'s

motion and transferred the case to this Court pursuant to 28 U.S.C. § 1404(a).[1]  On May

1, 2017, the Court consolidated this case with the companion case of *Kamal v. J. Crew*

*Group, Inc. et al.*[2] ("*Kamal*"), upon the granting of Defendants' unopposed consolidation

motion filed in *Kamal*.  (CM/ECF No. 49.)  In so doing, the Court found that both cases

involve common questions of law and fact and common parties, including seemingly

identical alleged violations of FACTA and a request for statutory damages and attorney's

fees based on Defendants' willful misconduct.  On May 5, 2017, following a telephone

conference with the parties in *Kamal* and this case, the Undersigned temporarily stayed

this case pending a motion to dismiss for lack of standing then pending in *Kamal*.

(*Kamal*, CM/ECF No. 83.)

### *Companion action Kamal v. J. Crew Group, Inc. et al.*

Plaintiff Ahmed Kamal filed a putative class action for alleged violations of

FACTA on January 10, 2015, and an Amended Complaint on March 25, 2015, alleging

that Defendants, a conglomerate of clothing stores comprising J. Crew,[3] willfully violated

FACTA by disclosing more than the last five digits of Plaintiff's credit card number on

---

[1]In the same order, the Northern District of Illinois also denied without prejudice Plaintiff's motion to remand and Defendant's motion to dismiss. (CM/ECF No. 40.)

[2]15-190 (WJM).

[3]The name defendants included J. Crew Group, Inc., J. Crew Inc., J. Crew Intermediate LLC, J. Crew International, Inc., J. Crew Operating Corp., and J. Crew Services, Inc.

3

three of his receipts and seeking statutory damages of $100 to $1000 per violation together with attorneys' fees and punitive damages.  Following a round of dispositive motion practice[4] and the filing of a Second Amended Complaint ("SAC"), Defendants filed a motion to dismiss for lack of subject matter jurisdiction on December 15, 2016.[5] On June 6, 2017, this Court granted the motion to dismiss the Second Amended Complaint finding that Plaintiff failed to allege injuries which were sufficiently "concrete"[6] to confer constitutional standing.  (CM/ECF No. 84.)  More specifically, District Judge William J. Martini found that Plaintiff's two asserted injuries– disclosure of information considered by the law to be intrinsically private and the increased risk of identify theft or credit card fraud in the future–did not adequately allege a "concrete"

---

[4]On April 8, 2015, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) which the Court denied on August 6, 2015, upon a finding that Plaintiff adequately stated a claim for willful violation of FACTA's credit card number truncation provision.  (CM/ECF No. 33.)  On December 29, 2015, the Court granted a motion to stay filed by Defendants pending the Supreme Court's decision regarding constitutional standing in Spokeo Inc. v. Robins, 136 S. Ct. 1540 (2016) wherein the Court held that a plaintiff does not automatically "satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."  Spokeo, 136 S. Ct. at 1549.  Applying Spokeo, this Court determined that it lacked subject matter jurisdiction and dismissed Kamal's First Amended Complaint without prejudice on October 20, 2016.  (Kamal ECF No. 64.)  Kamal filed his Second Amended Complaint on November 17, 2016.  (Kamal ECF No. 65.)

[5]On January 20, 2017, as the motion was pending, the Third Circuit decided In re Horizon Healthcare Services Data Breach Litig., 846 F.3d 625 (3d Cir. 2017) which applied Spokeo in the context of al alleged data breach that led to the disclosure of the plaintiff's personal information.

[6]The Supreme Court in Spokeo opined that an "injury in fact" must be "concrete," meaning that "it must actually exist."  Spokeo, 136 S. Ct. 1548.  Recognizing that concrete injuries could be intangible or non-economic, the Spokeo Court posited that like other cognizable injuries, they must be "actual or imminent, not conjectural or hypothetical."  Id. at 1548.

harm so as to satisfy the injury-in-fact element of constitutional standing.  (CM/ECF No. 84.)  Recognizing that the Constitution limits subject matter jurisdiction of federal courts to "cases" and "controversies", the Court concluded that Defendants' technical violation of FACTA lies beyond these limits.  That same day, the Court de-consolidated *Parker* and *Kamal*.  (*Kamal*, ECF No. 86; *Parker* ECF. No. 50.)   Plaintiff and Defendants filed a Notice of Appeal and Cross Appeal on June 20, 2017 and July 5, 2017, respectively.

### ***Current motions***

Plaintiff moves to remand this case to the state court of Illinois[7] arguing that this Court has already determined that it lacks subject matter jurisdiction over the types of FACTA claims asserted by Plaintiff and that the case must be remanded pursuant to  28 U.S.C. § 1447(c).  Recognizing that removal statues are to be strictly construed, Plaintiff contends that J. Crew has failed to overcome the strong presumption that a cause is outside the federal court's jurisdiction.  Plaintiff maintains that not only has Defendant failed to satisfy its burden that this Court has jurisdiction, it has consistently and repeatedly taken the position in *Kamal* that a federal court lacks subject matter jurisdiction over the FACTA claims at issue here.  Plaintiff also seeks costs and fees incurred as a result of the removal maintaining that J. Crew continues to tie up Plaintiff's case in federal court despite having taken the position in *Kamal*  that this Court has no jurisdiction over the types of FACTA claims asserted here.  Finally, opposing

---

[7]The case was commenced in and removed from the Circuit Court of Cook County, Illinois, Chancery Division.  (CM/ECF No. 1.)

Defendant's argument that Plaintiff's motion should be administratively terminated because it was filed while the case was stayed, Plaintiff maintains that she agreed to voluntarily stay the case pending a ruling by this Court on a motion to dismiss in *Kamal* and that the stay was effectively lifted upon the entry of this Court's order on June 6, 2017, dismissing the action.

J. Crew opposes remand and cross-moves to extend the stay pending a decision by the Third Circuit[8] considering the issue of whether a plaintiff has Article III standing to pursue a claim for violation of FACTA when he alleges only a bare procedural violation and no actual harm.  Defendant contends that an extension of the stay would promote judicial efficiency because should the Third Circuit rule that a plaintiff has standing to sue, Kamal and Parker will have virtually identical actions pending in 2 separate courts. Lastly, Defendant maintains that Plaintiff will not be prejudiced by the continued stay pending resolution of the standing issue by the Third Circuit because she has not alleged any actual harm.

## DISCUSSION

### A.    Removal Standard

The federal removal statute provides that "[e]xcept as otherwise provided by

---

[8] Kamal is currently on appeal.  At the time of the briefing, he Third Circuit also appeared to be considering the same question in the case of  Hendrick v. Aramark Corp., 16-4069 2017 WL 1397241 (E.D. Pa. Apr. 18, 2017).  In accordance with the agreement of the parties, the matter was dismissed pursuant to Fed. R. App. P. 42(b) on October 31, 2017.  See 2017 WL 5664867.

Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and all doubts are resolved in favor of remand. See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

Upon a determination that a federal court lacks subject-matter jurisdiction over a particular case, 28 U.S.C. § 1447(c)[9] mandates that the matter be remanded to the state court from which it was removed. See Bromwell v. Michigan Mutual Ins. Co., 115 F.3d 208, 213 (3d Cir. 1997); see also Inter'l Primate Protection League v. Adminstrators of Tulane Educ. Fund, 500 U.S. 72, 87 (1991) (the language of section 1447(c) is mandatory–once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court). "[T]he court to which a case has been transferred stands in the shoes of the court from which the case was transferred, at least with respect to remand pursuant to § 1447. . . ." In re Federal-Mogul Global, Inc., 300 F.3d 368, 387 (3d Cir. 2002).

---

[9]Section 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

**B.**     <u>**Decision**</u>

In light of Judge Martini's decision in *Kamal*, the Court finds that it does not have subject matter jurisdiction over Plaintiff's claims here.  Plaintiff filed a single-count FACTA Complaint containing claims which are virtually identical to those asserted by the Plaintiff in *Kamal*.  Plaintiff alleges that Defendants Defendants J. Crew Group, Inc. and J. Crew L.L.C. willfully violated FACTA and seeks only statutory damages for each violation.  Simply stated, like the plaintiff in *Kamal*, Parker alleges only a statutory violation–that Defendants printed more than the last 5 digits of her credit card on the receipt generated at the point of sale–but no actual harm.  Given that the parties and claims in *Kamal* and this case are essentially identical, Judge Martini's ruling in *Kamal* (that a plaintiff asserting a claim for violation of a statutory prohibition of FACTA with no real harm has no Article III standing) is equally applicable here.

Plaintiff's claim of harm is that Defendants' willful actions in violating FACTA placed her at an increased risk of identity theft or credit card fraud in the future.  (Compl. ¶ 48.)  Plaintiff's risk-of-harm argument fails to establish constitutional standing.   As noted by Judge Martini, credit and debit card numbers are 16 digits long, the first 6 relating to the bank or card-issuer and the last 10 referring to the card-holder's specific account. (*Kamal* Opinion at 6.)   Given these facts, "the Court cannot reasonably infer that printing the first six and last four digits of Plaintiff's credit card materially increased the risk of future harm, because doing so 'gives an identity thief no more personal

information about a person's account than Congress has permitted to be printed on receipts.'" Id. (citations omitted.)

Plaintiff cites no specific instances that anyone has accessed or attempted to access Plaintiff's credit card information.  As stated by Judge Martini: "Congress cannot empower individuals to manufacture a 'case' or 'controversy' where none exists." (*Kamal* Opinion at 7.)  "Congressional power to elevate intangible harms into concrete injuries is not without limits."  Horizon, 846 F.3d at 638 (citations omitted).  As recognized by Judge Martini, those limits are established by Article III, as interpreted by the Supreme Court.  For these reasons and those expressed by Judge Martini in *Kamal*, the Court finds that Defendants' technical violation of FACTA lies beyond these limits and consequently, this Court lacks subject matter jurisdiction.

J. Crew has the burden of demonstrating federal question jurisdiction.  See Frederico, 507 F.3d at 193.  J. Crew's opposition is devoid of any substantive argument that supports a finding of jurisdiction.  In fact, in support of its motion to dismiss in *Kamal*, Defendant argued quite the opposite– that jurisdiction does not exist.  J. Crew's submission focuses almost exclusively on arguments in support of a continued stay. Because the Court has determined that it does not have jurisdiction, a stay is not appropriate here.  This Court does not have subject matter jurisdiction and therefore remand is required pursuant to § 1447(c).

9

## CONCLUSION

In sum, the Court has determined that it lacks subject matter jurisdiction over Plaintiff's claims and therefore remand is proper.  For the reasons set forth above, it is respectfully recommended that Plaintiff's motion to remand be **granted**[10] and Defendants' cross-motion be **denied**.

s/Mark Falk
**MARK FALK**
**Dated: December 8, 2017**                              **United States Magistrate Judge**

---

[10]Plaintiff raises for the first time in her reply brief a request for fees and costs.  28 U.S.C. § 1447(c) provides, in relevant part, that an "order remanding the case may require the payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal."  The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Here, Plaintiff argues that an award of fees and costs are warranted stating essentially that J. Crew removed the case despite its contention that this Court lacks jurisdiction and that removal delayed the resolution of Plaintiff's claims and increased her costs.  Fees and costs are a discretionary matter.  While the Court finds that it lacks jurisdiction, given the complex procedural history of this case and *Kamal*, and J. Crew's intention to have the two cases heard in one forum, the Court is unable to conclude that the removal was frivolous or made solely for the purpose of delay. Therefore, the Court declines to recommend an award of costs and fees.