# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

----------------------------------------- X
                                               :

ANITA PARKER, on behalf of herself and the putative class,  :

              Plaintiff,  :     Civil Action No. 17-1214-WJM-MF

     v.  :     *Electronically Filed*

J. CREW GROUP, INC., J. CREW, LLC, AND DOES 1-100,  :

              Defendants.  :

----------------------------------------- X

---

**OBJECTIONS BY DEFENDANT J. CREW GROUP, INC. TO THE DECEMBER 8, 2017 REPORT AND RECOMMENDATION WITH RESPECT TO PLAINTIFF'S MOTION TO REMAND AND J. CREW'S CROSS-MOTION TO EXTEND THE STAY**

---

                                                        **DLA PIPER LLP (US)**
                                                        51 John F. Kennedy Parkway, Suite 120
                                                        Short Hills, New Jersey 07078-2704
                                                        Telephone No.: (973) 520-2550
                                                        Fax No.: (973) 520-2551
                                                        *Attorneys for Defendant J. Crew Group, Inc.*

Of Counsel:
     Keara M. Gordon (admitted *pro hac vice*)
     Andrew O. Bunn

On the Brief:
     James V. Noblett
     Steven R. Marino

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................................................ 1
II. RELEVANT PROCEDURAL HISTORY ................................................................................. 1
    A. The *Kamal* Case Was Filed in Early 2015. ............................................................. 1
    B. The *Parker* Case Was Filed. .................................................................................... 2
    C. *Parker* Was Transferred Here to Prevent Duplicative Litigation. ......................... 2
    D. This Court Stayed *Parker* Pending the Outcome of *Kamal*................................... 3
    E. The *Kamal* Appeal is Nearing Completion............................................................ 4
III. STANDARD OF REVIEW ....................................................................................................... 4
IV. ARGUMENT ............................................................................................................................. 5
    A. This Court Should Reject the R&R. ....................................................................... 5
        1. As a Procedural Matter, J. Crew's Cross-Motion to Extend the Stay Can and Should be Decided Prior to Parker's Motion to Remand. ........... 5
        2. J. Crew's Cross-Motion to Extend the Stay Should be Granted................ 6
V. CONCLUSION.......................................................................................................................... 8

## TABLE OF AUTHORITIES

Page

**CASES**

*Gennock v. Kirkland's, Inc.*,
 No. 17-cv-454, 2017 U.S. Dist. LEXIS 196979 (W.D.Pa. Nov. 29, 2017) ............................... 7

*In re: Howmedica Osteonics Corp.*,
 867 F.3d 390 (3d Cir. 2017) ............................................................................................. 5

*Peck v. Johnson & Johnson Consumer Inc.*,
 Case No. 2:17-cv-1125 (W.D.La. Oct. 25, 2017) .......................................................... 5, 6

*Joyce v. Continental Airlines, Inc.*,
 Civil Action No. 09-02460, 2011 WL 2607110 (D.N.J. June 30, 2011) ............................ 5

*Peerless Ins. Co. v. Ambi-Rad, Ltd.*,
 Civil Action No. 07-5402(JLL), 2009 WL 790898 (D.N.J. Mar. 23, 2009) ....................... 4

*Ruhrgas AG v. Marathon Oil Co.*,
 526 U.S. 574 (1999) ......................................................................................................... 5

*Seneca Nation of Indians v. U.S. Dep't of Health and Human Servs.*,
 144 F. Supp. 3d 115 (D.C.C. 2015) ................................................................................. 5

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp. Co.*,
 549 U.S. 422 (2007) ..................................................................................................... 1, 5

*Spokeo, Inc. v. Robins*,
 __ U.S. __, 136 S. Ct. 1540 (2016) ............................................................................... 2, 6

*Wickens v. Blue Cross of California, Inc.*,
 No. 15-cv-834-GPC (JMA), 2015 WL 3796272 (S.D.Cal. June 18, 2015) ....................... 6

**STATUTES**

28 U.S.C. § 1404(a) ............................................................................................................... 2, 3

28 U.S.C. § 1447(c) ................................................................................................................... 2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................. 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 4

Local Civil Rule 72.1(c)(2) ....................................................................................................... 5

I. **PRELIMINARY STATEMENT**

It is well-established that "jurisdiction is vital only if the court proposes to issue a judgment on the merits." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp. Co.*, 549 U.S. 422, 431 (2007). Thus, when confronted with competing motions to remand or stay the litigation, district courts are not required to decide one motion before the other. *See id.* at 423. (federal courts have leeway to decide on either ground "for denying audience to a case on the merits").

In this case, principles of judicial economy weighed in favor of first deciding Defendant J. Crew Group, Inc.'s ("J. Crew") Cross-Motion to Extend the Stay prior to Plaintiff Anita Parker's ("Parker") Motion to Remand. Magistrate Judge Falk erred, however, in first deciding the Motion to Remand, and J. Crew submits these Objections in order for this Court to consider, *de novo*, J. Crew's application to extend an Order staying this case that the Court had entered prior to Parker's Motion to Remand.

J. Crew's Cross-Motion to Extend the Stay should be granted and Parker's Motion to Remand should be denied as moot because the critical issue in this case, standing to sue, has been fully briefed by J. Crew in a "virtually identical" case now pending in the United States Courts of Appeals for the Third Circuit. (*Parker*, Dkt. No. 40 at 1). Oral argument is set to take place in less than two months, on February 9, 2018, and no prejudice will result to Parker if the stay is extended a short while longer pending disposition by the Third Circuit.

II. **RELEVANT PROCEDURAL HISTORY**

A. **The *Kamal* Case Was Filed in Early 2015.**

On January 10, 2015, Ahmed Kamal ("Kamal") filed in this Court a putative class action for alleged violations of the Fair and Accurate Credit Transactions Act ("FACTA") against J. Crew and its affiliates. *See Kamal v. J. Crew Group, Inc.*, Case No. 2:15-cv-00190-WJM-MF.

1

On December 29, 2015, this Court stayed the *Kamal* action pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540 (2016). (*Kamal*, Dkt. No. 45). That stay was lifted five months later, on May 25, 2016, and J. Crew thereafter moved to dismiss Kamal's First Amended Complaint ("FAC") for lack of standing.

### B. The *Parker* Case Was Filed.

After the Motion to Dismiss the FAC was fully briefed, but prior to this Court rendering a decision, Parker filed a putative Class Action Complaint and Jury Demand in the Circuit Court of Cook County, Illinois, Chancery Division, on October 6, 2016. Two weeks later, on October 20, 2016, this Court granted the Motion to Dismiss the FAC. (*Id.*, Dkt. Nos. 63, 64). As the dismissal was without prejudice, Kamal filed his Second Amended Complaint ("SAC") on November 17, 2016 in an attempt to overcome this Court's finding that Kamal had not alleged sufficiently that he had suffered a "concrete" injury-in-fact. (*Id.*, Dkt. No. 65). Given that the *Kamal* action would be proceeding, as well as an uncertainty as to whether J. Crew would be able to obtain dismissal of the SAC, J. Crew desired a solution that would prevent litigation of the *Parker* action in one forum and the *Kamal* action in another forum, since the two cases sought to advance the same claims on behalf of the same putative class.

### C. *Parker* Was Transferred Here to Prevent Duplicative Litigation.

The solution was to transfer the *Parker* action to the District of New Jersey so that it could be consolidated with the *Kamal* action. However, because it is not possible to transfer an action from a state court in one jurisdiction to a federal court in another jurisdiction, J. Crew first removed the *Parker* action to the Northern District of Illinois on November 21, 2016 (based on its assertion of a federal claim under FACTA) (*Parker*, Dkt No. 1), so that it could move to transfer it to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Before it could do so, Parker filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c) on December 5, 2016. (*Id.*,

Dkt. No. 23). J. Crew filed its Motion to Transfer pursuant to 28 U.S.C. § 1404(a) four days later, on December 9, 2016, arguing that a transfer would "promote judicial economy and avoid unnecessary expense and the risk of inconsistent judgments from defending against 'virtually identical' claims in two different forums at the same time." (*Id.*, Dkt. No. 28 at 1). Moreover, J. Crew informed the Northern District of Illinois that it intended to file a motion to dismiss the SAC in the *Kamal* action, which it did six days later, on December 15, 2016. (Kamal, Dkt. No. 68).

Judge Samuel Der-Yeghiayan of the Northern District of Illinois granted J. Crew's Motion to Transfer and denied Parker's Motion to Remand on February 21, 2017. (*Parker*, Dkt. No. 40). Judge Der-Yeghiayan agreed with J. Crew's reasoning in support of the transfer request:

> J. Crew has shown that Parker's claims in this action are virtually identical to claims that were brought in a class action filed in the New Jersey District and that such litigation is active and ongoing. . . . The interests of justice would also be best served by a transfer because the instant action is duplicitous litigation. . . . The District of New Jersey is clearly the appropriate venue for the instant action[.]

(*Id.* at 1, 2).

### D. This Court Stayed *Parker* Pending the Outcome of *Kamal*.

On May 1, 2017, the *Parker* action was consolidated with *Kamal*. (*Parker*, Dkt. No. 49; *Kamal*, Dkt No. 81). Four days later, on May 5, 2017, Judge Falk ordered that "the Parker complaint is temporarily stayed, and further proceedings will be scheduled following a decision on the motion to dismiss [the SAC in *Kamal*]" (the "Stay Order"). (*Kamal*, Dkt. No. 83 at 2). This Court granted J. Crew's Motion to Dismiss the SAC on June 6, 2017, finding for a second time that Kamal had not alleged sufficiently that he had suffered a concrete injury-in-fact as

3

required under Article III of the Constitution, and he therefore lacked standing to sue. (*Id.*, Dkt. Nos. 84, 85).

Magistrate Judge Falk thereafter ordered that *Parker* and *Kamal* be deconsolidated (the "Deconsolidation Order"). (*Id.*, Dkt. No. 86; *Parker*, Dkt. No. 50). The Deconsolidation Order did not lift or otherwise modify the Stay Order. (*Id.*). One week after the Deconsolidation Order was entered, on June 13, 2017, Parker filed the Motion to Remand. (*Parker,* Dkt. No. 51). J. Crew opposed that motion and filed its Cross-Motion to Extend the Stay. (*Id.*, Dkt. No. 55).

### E.     The *Kamal* Appeal is Nearing Completion.

Kamal filed a Notice of Appeal on June 20, 2017, and J. Crew filed a Notice of Cross-Appeal on July 5, 2017.[1] (*Kamal*, Dkt. Nos. 90, 92). The briefing to the Third Circuit was completed on December 15, 2017, and the Third Circuit has tentatively set oral argument for February 9, 2018. (*See* Case No. 17-2345, Document: 003112803124).

On December 8, 2017, Judge Falk issued a Report and Recommendation urging that Parker's Motion to Remand be granted and that J. Crew's cross-motion to extend the Stay Order be denied (the "R&R"). (*Parker*, Dkt. No. 60).

## III.    STANDARD OF REVIEW

A report and recommendation "does not have force of law unless and until the district court enters an order accepting or rejecting it." *Peerless Ins. Co. v. Ambi-Rad, Ltd.*, No. 07-5402(JLL), 2009 WL 790898, at *1 (D.N.J. Mar. 23, 2009). Accordingly, a district court is to review, *de novo*, "those portions to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Civil

---

[1]     This Court had previously denied J. Crew's motion to dismiss the FAC for failure to state a claim for a willful violation of FACTA. (*Kamal* Dkt. Nos. 33 and 34). Whereas Kamal's Notice of Appeal was based on the subsequent Rule 12(b)(1) dismissal, J. Crew's Cross-Notice of Appeal was based on the Rule 12(b)(6) decision.

4

Rule 72.1(c)(2); *see also Joyce v. Continental Airlines, Inc.*, No. 09-02460, 2011 WL 2607110, at *1 (D.N.J. June 30, 2011). The district court "need not conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determinations on the basis of that record," and may "also receive further evidence . . . or recommit the matter to the Magistrate Judge with instructions." Local Civil Rule 72.1(c)(2).

## IV.   ARGUMENT

### A.   This Court Should Reject the R&R.

The R&R mechanically decided first the Motion to Remand without any consideration as to whether the Cross-Motion to Extend the Stay should instead take precedence. As will be demonstrated below, the Cross-Motion to Extend the Stay should be decided and granted in the first instance, rendering moot the Motion to Remand. Accordingly, the R&R should be rejected, and this Court should enter an appropriate Order.

#### 1.   As a Procedural Matter, J. Crew's Cross-Motion to Extend the Stay Can and Should be Decided Prior to Parker's Motion to Remand.

Federal courts have leeway to decide among threshold grounds "for denying audience to a case on the merits." *Sinochem*, 549 U.S. at 431. In other words, "jurisdiction is vital only if the court proposes to issue a judgment on the merits," *id.*, meaning that if a court is not intending to issue a decision on the merits, it has "discretion to address convenience-based venue issues first under *Sinochem*." *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 404 n.8 (3d Cir. 2017); *see also Sinochem*, 549 U.S. at 431 ("there is no mandatory 'sequencing of jurisdictional issues'") (*quoting Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).

A motion to stay is not a decision on the merits and "presents a non-jurisdictional threshold ground for denying audience to a case on the merits." *See Seneca Nation of Indians v. U.S. Dep't of Health and Human Servs.*, 144 F. Supp. 3d 115, 119 (D.C.C. 2015); *see also Peck*

*v. Johnson & Johnson Consumer Inc., et al.*, Case No. 2:17-cv-1125, slip op. at 3 (W.D.La. Oct. 25, 2017) (attached as Exhibit A to the Declaration of Andrew O. Bunn) ("Our entry of a temporary stay is not a decision on the merits of this case but instead a practical maneuver to promote efficiency for the court and all parties involved in this matter. Accordingly, we need not reach plaintiff's jurisdictional issues before addressing the request for a stay."); *see also Wickens v. Blue Cross of California, Inc.*, No. 15cv834, 2015 WL 3796272, at *2 (S.D.Cal. June 18, 2015) ("Since multi-litigation cases involve considerations of judicial economy and consistency, motions to stay may be considered before remand motions") (internal quotation marks omitted). Accordingly, a district court is not required first to decide a motion to remand, but instead has discretion instead to resolve another non-threshold motion, such as a motion to stay.

Absent from the R&R is an analysis as to why, as a threshold matter, the Motion to Remand was decided prior to the Cross-Motion to Extend the Stay.

## 2. J. Crew's Cross-Motion to Extend the Stay Should be Granted.[2]

The central issue in both the *Kamal* and *Parker* actions is whether the plaintiffs have standing to sue. This Court has already determined that Kamal does not have standing to sue, and the appellate issue of post-*Spokeo* standing to assert a FACTA violation has been fully briefed to the Third Circuit by Kamal and J. Crew. With oral argument tentatively scheduled on

---

[2] In this interest of brevity, J. Crew adopts and incorporates by reference the underlying arguments made to Judge Falk in favor of extending the Stay Order. (*See Parker* Dkt. No. 55-1 at 5-10). J. Crew notes that (i) the Second Circuit Court of Appeals has since decided the appeals in *Crupar-Weinmann* and *Katz*; (ii) the *Llewellyn* appeal in the Ninth Circuit was voluntarily dismissed; and (iii) the *Weinstein* appeal in the Tenth Circuit was also voluntarily dismissed.

February 9, 2018, it is reasonable to expect that the Third Circuit will issue a ruling shortly thereafter, providing clarity on the law in this Circuit.[3]

The R&R would burden rather than advance the interests of efficiency and judicial economy. For example, if the R&R were adopted, the immediate result would be as follows: *Parker* would be remanded back to Illinois state court, and *Kamal* would remain pending in the Third Circuit. In the event the Third Circuit vacates and remands, *Kamal* will then proceed with discovery in this Court, and *Parker* (a virtually identical action purporting to represent the same putative class) will proceed in Illinois state court. J. Crew will then be back where it started—*i.e.*, forced to defend against two "virtually identical" putative class actions in two separate courts. That is the result that Judge Der-Yeghiayan sought to avoid in granting J. Crew's motion to transfer, which still can be avoided if *Parker* is stayed during the limited remaining pendency of the *Kamal* appeal.

Parker has not—nor will she—suffer any prejudice if the Stay Order is extended. Parker alleges that she received the receipt at issue on October 17, 2014, and during the three years that have since elapsed, she has not claimed to be the victim of identity theft or credit card fraud. (*Parker* Compl., ¶ 34). Given that the *Kamal* appeal is fully briefed, argument will take place in early February, and a decision can reasonably be expected shortly thereafter, there is no legitimate reason why Parker cannot move forward with her claim at that time.

If *Kamal* is reversed, *Parker* can stay here, and the two, "virtually identical" cases can proceed together. If *Kamal* is affirmed, *Parker* can be remanded at that time. In either case, J. Crew will be forced to defend itself from these duplicative claims in only one court at a time.

---

[3] A Magistrate Judge in the Western District of Pennsylvania recently predicted that a FACTA plaintiff would be deemed to have standing to sue, creating an intra-circuit split of authority on this issue. *See Gennock v. Kirkland's, Inc.*, No. 17-cv-454, 2017 U.S. Dist. LEXIS 196979, at *16 (W.D.Pa. Nov. 29, 2017).

## V. CONCLUSION

For the foregoing reasons, J. Crew respectfully requests that this Court reject the R&R and enter an Order granting J. Crew's Cross-Motion to Extend the Stay and denying as moot Parker's Motion to Remand.

Respectfully submitted,

**DLA PIPER LLP (US)**

s/ Andrew O. Bunn
| | |
|---|---|
| Andrew O. Bunn | Keara M. Gordon (admitted *pro hac vice*) |
| James V. Noblett | DLA Piper LLP (US) |
| Steven R. Marino | 1251 Avenue of Americas |
| DLA Piper LLP (US) | New York, New York 10020-1104 |
| 51 John F. Kennedy Parkway, Suite 120 | Telephone: (212) 335-4632 |
| Short Hills, New Jersey 07078-2704 | Facsimile: (212) 884-8632 |
| Telephone: (973) 520-2562 | |
| Facsimile: (973) 520-2582 | |

*Attorneys for Defendant J. Crew Group, Inc.*

Dated:  December 22, 2017

8