UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANITA PARKER, on behalf of herself and the putative class,<br><br>Plaintiff,<br><br>v.<br><br>J. CREW GROUP, INC., J. CREW, LLC, AND DOES 1-100,<br><br>Defendants. | Civil Action No. 17-1214-WJM-MF<br><br>**DECLARATION OF ANDREW O. BUNN IN SUPPORT OF OBJECTIONS TO REPORT AND RECOMMENDATION WITH RESPECT TO MOTION TO REMAND AND CROSS-MOTION TO EXTEND THE STAY**<br><br>*Electronically Filed* |

ANDREW O. BUNN, hereby declares as follows:

1. I am a Partner with the law firm of DLA Piper LLP (US), and counsel for defendant J. Crew Group, Inc., in the above-captioned action.

2. Attached hereto as Exhibit A is a true and correct copy of the October 25, 2017 Opinion issued in *Peck v. Johnson & Johnson Consumer Inc., et al.*, Case No. 2:17-cv-1125 (W.D.La. Oct. 25, 2017).

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 22, 2017.

s/ *Andrew O. Bunn*
Andrew O. Bunn

# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SANDRA PECK** | : | **DOCKET NO. 2:17-cv-1125** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **JOHNSON & JOHNSON CONSUMER INC., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Stay All Proceedings Pending Likely Transfer to MDL No. 2738 [doc. 5], filed by Johnson & Johnson and Johnson & Johnson Consumer, Inc. (collectively, "the Johnson & Johnson defendants"). Doc. 5. Plaintiff Sandra Peck ("Peck") opposes the motion [doc. 18], and the Johnson & Johnson defendants have filed a reply [doc. 22].

**I.
BACKGROUND**

This action relates to Peck's allegations that she developed ovarian cancer as a result of her regular perineal application of Johnson & Johnson Baby Powder and Shower to Shower products, which contain talcum powder. Doc. 1, att. 1, p. 5. On August 2, 2017, Peck filed suit in the Fourteenth Judicial District, Calcasieu Parish, Louisiana, under state tort law against Johnson & Johnson; Johnson & Johnson Consumer Companies, Incorporated; Imerys Talc America, Incorporated; and K&B Louisiana Corporation, doing business as Rite Aid Corporation ("RiteAid"). *Id.* at 5–18. The Johnson & Johnson defendants removed the action to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, alleging that the Louisiana citizenship of

-1-

RiteAid, which has not yet been served, should be disregarded as that party was improperly joined to defeat this court's jurisdiction. Doc. 1.

The Johnson & Johnson defendants point out that a Multidistrict Litigation ("MDL") proceeding has been created by the Judicial Panel on Multidistrict Litigation to handle actions sharing "common factual questions arising out of allegations that perineal use of Johnson & Johnson's talcum powder products can cause ovarian or uterine cancer in women." Doc. 5, att. 3, p. 3. The MDL proceedings are before the Honorable Freda L. Wolfson in the United States District Court for the District of New Jersey. *See id.* at 4–5. Accordingly, the Johnson & Johnson defendants argue that, given the likelihood of the case being transferred there upon approval of the MDL panel, all proceedings in this matter should be stayed.

## II.
### LAW & APPLICATION

The power to stay proceedings is incident to a court's power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 57 S.Ct. 163, 166 (1936). Deciding whether to stay a case pending a ruling on transfer to an MDL proceeding is within the transferor court's discretion, and it is advisable for that court "to defer the resolution of certain pretrial matters until the Panel renders a decision with regard to whether a case should be transferred." *Scott v. Bayer Corp.*, 2004 WL 63978, *1 (E.D. La. Jan. 12, 2004). "Deference to the MDL court for resolution of these matters provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system." *Id.* (citing 28 U.S.C. § 1407).

Peck urges that this court should first resolve her pending Motion to Remand [doc. 8], as jurisdiction is a threshold issue. She also argues that a stay would create extreme prejudice for her and ill serve the interest of judicial economy, by requiring the MDL court to devote its time to

jurisdictional matters involving a defendant not currently before the court, and forcing the Louisiana plaintiff to litigate these issues in New Jersey. Doc. 18.

Our entry of a temporary stay is not a decision on the merits of this case but instead a practical maneuver to promote efficiency for the court and all parties involved in this matter. Accordingly, we need not reach plaintiff's jurisdictional issues before addressing the request for a stay. Additionally, as the Johnson & Johnson defendants point out, the exact jurisdictional issues raised here are fully briefed and pending before the MDL in matters involving plaintiff's counsel and the same defendants concerned here. Doc. 22, atts. 1 & 2. Plaintiff's claim of prejudice is therefore disingenuous, while the benefits of allowing the MDL to decide matters, including improper joinder claims, in cases sharing so many factual allegations are self-evident. Accordingly, the balance of factors favors granting the requested stay.

### III.
#### CONCLUSION

For the foregoing reasons, the Motion to Stay All Proceedings [doc. 5] is **GRANTED**. It is therefore **ORDERED** that this matter and all deadlines herein are **STAYED** pending the MDL Panel's decision on whether to transfer of this action to MDL No. 2738 in the United States District Court for the District of New Jersey.

THUS DONE this 25th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE