**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANITA PARKER, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**J. CREW GRP., INC., J. CREW LLC, and DOES 1 through 100, inclusive,**<br><br>Defendants. | Civ. No. 2:17-cv-1214<br><br>**ORDER** |

Plaintiff filed this putative class action in an Illinois state court asserting violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, when J. Crew Group, Inc., and J. Crew LLC ("Defendants") printed more than the last five digits of Plaintiff's credit card number on transaction receipts. Defendant J. Crew Group, Inc., removed this action to an Illinois federal district court. Plaintiff sought remand while Defendants filed a motion to dismiss or alternatively to transfer the case here under 28 U.S.C. § 1404(a). The Illinois federal district court denied Plaintiff's remand request and Defendants' motion to dismiss but granted the motion to transfer the case to this Court. ECF No. 40.

Once transferred and upon Defendants' unopposed motion, the Court consolidated this case with the companion case of *Kamal v. J. Crew Grp., Inc., et al.*, 15-cv-190 (WJM). During dispositive motion practice in *Kamal*, this Court granted dismissal of plaintiff's Second Amended Complaint with prejudice for lack of subject matter jurisdiction. *Kamal*,

1

ECF No. 88. The Court de-consolidated the two cases. ECF No. 86. The plaintiff in *Kamal* appealed this Court's decision to the Third Circuit which remains pending. Oral argument is scheduled for February 9, 2018. *See id.*, No. 17-2345 (3d Cir. appeal docketed June 22, 2017), ECF No. 91.

Plaintiff argues the strict construction given to the federal removal statute compels remand because the removing Defendants have failed to show how the Court has subject matter jurisdiction, a prerequisite for removing a case to federal court. Defendants oppose remand and cross-move to extend the Court's previously issued Stay Order on the *Parker* Complaint. *See Kamal*, ECF No. 83. The Court referred the remand motion and stay cross-motion to United States Magistrate Judge Mark Falk, who filed a detailed, 10-page Report and Recommendation. *Parker*, ECF No. 60. In recommending remand and denying a stay, Judge Falk found fault with Plaintiff's claim that Defendants violated FACTA's truncation provision when generating transaction receipts at the point-of-sale. Like in *Kamal* and as alleged here, Plaintiff failed to show a concrete injury sufficient to confer constitutional standing. The parties were notified of the 14-day period to submit objections to the Report and Recommendation. *See* L. Civ. R. 72.1(c)(2).

Defendants timely filed objections, making substantially the same arguments that Judge Falk rejected when evaluating the motion to remand and cross-motion to stay. The Court reviewed the Report and Recommendation *de novo* and agrees in all respects with Judge Falk's reasoning. Specifically, the Court notes, as Judge Falk did, that an absence of subject matter jurisdiction compels remand and "[t]he only remand contemplated by the removal statute is a remand to the State court from which it was removed.'" *Allied Signal*

2

*Recovery Trust v. Allied Signal, Inc.*, 298 F.3d 263, 270 (3d Cir. 2002) (quoting *Bloom v. Barry*, 755 F.2d 356, 358 (3d Cir. 1985)); 28 U.S.C. § 1447(c).

This case presents a unique circumstance since the Court would remand the matter to a state court outside its jurisdiction. Nevertheless, there is persuasive Third Circuit case law showing "that a transferee court is deemed to inherit all the authority of a transferor court." *Allied Signal Recovery Trust*, 298 F.3d at 271. Now exercising the equivalent powers of the transferor Northern District of Illinois Court where removal took place, the Court remands the case to where it originated—the Illinois state court. *See id.* (citing *Bloom*, 755 F.2d at 358; *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 34 (3d Cir. 1985)). Thus, for the reasons set forth above and in the Report and Recommendation, and for good cause appearing;

**IT IS** on this 11th day of January 2018, hereby,

**ORDERED** that Defendants' objections to the Report and Recommendation (ECF No. 62) are **OVERRULED**; and it is further

**ORDERED** that the Report and Recommendation (ECF No. 60) is adopted as the Opinion of this Court; and it is further

**ORDERED** that the matter is hereby remanded to the Circuit Court of Cook County, Illinois, Chancery Division.

                                                         */s/ William J. Martini*
                                                   **WILLIAM J. MARTINI, U.S.D.J.**

cc:    The Hon. Mark Falk, U.S.M.J.